# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., )<br>    Plaintiff and Counterclaim )<br>    Defendant, )<br> )<br>    v. )<br> )<br>FISH & RICHARDSON P.C., )<br>    Defendant, Counterclaimant and )<br>    Third-Party Plaintiff, )<br> )<br>    v. )<br> )<br>SCOTT C. HARRIS, )<br>    Third-Party Defendant and )<br>    Counterclaimant, )<br>        v. )<br>FISH & RICHARDSON P.C., )<br>    Defendant, Counterclaimant, Third )<br>    Party Plaintiff and Counterclaim )<br>    Defendant | Case No.  07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br>Mag. Judge Maria Valdez |

## ICR'S AND SCOTT HARRIS' RESPONSE IN OPPOSITION TO
## FISH'S MOTION FOR LIMITED EXPEDITED DISCOVERY

Perhaps because this case is set for status on November 20 at 9:00 a.m., Fish and Richardson PC ("Fish") filed a Motion for Limited Expedited Discovery at 3:27 p.m. on November 19, 2007. Depending on what transpires on November 20 and November 21 (the date on which the motion is noticed for presentation), ICR and Harris may further address the substance of the motion and the supporting memorandum. However, ICR and Harris wanted to inform the Court, as quickly as possible, that the purported basis for the motion is completely inconsistent with the Court Ordered Scheduling Conference and other communications which counsel for ICR and Harris had with counsel for Fish. Specifically:

1.   On Friday, November 16, 2007, counsel for all parties had a lengthy

telephonic Rule 26(f) conference to address discovery and scheduling issues. During that conference, the parties actually agreed on nearly all dates for the pretrial discovery schedule. At no time, during that conference or in subsequent communications on November 19, did counsel for Fish mention its purported need for expedited discovery.

2. During the lengthy conference on November 16, counsel for ICR and Harris and counsel for Fish discussed documents which the respective parties hoped to exchange. Counsel for ICR and Harris requested the documents surrounding Fish's April, 2007 ethics investigation of Scott Harris, which, according to Fish's statements to Harris, exonerated Harris of any wrongdoing. Fish counsel represented that it had yet to determine what documents are relevant to the investigation, and whether Fish would be withholding such documents on privilege grounds. Fish counsel, in turn, stated that it wanted to see all agreements regarding the disposition of any of the Harris patents, purportedly for the sole reason that Fish might be asserting ownership rights against any purchasers of the Harris patents. Nothing was said about a need to see the documents for the purported reason to determine whether a claim against the Niro firm is appropriate. In light of Fish's refusal to produce the investigation documents, Harris counsel indicated that the agreements would be produced in the normal course, if not sooner.

3. At no time prior to the filing of its motion, did Fish or its counsel ever suggest that Fish would seek to bring a claim against the Niro firm. Moreover, Fish has known the specific identity of other entities which purchased Scott Harris' patents since March of 2007. Fish's motion is inconsistent with the letter and spirit of Local Rule 37.2, and appears to have been filed in an attempt to taint Harris and his counsel immediately prior to the first status hearing in this case. The motion also makes a mockery of the obligation to

meaningfully participate in Rule 26(f) conferences.

WHEREFORE, ICR and Scott Harris respectfully request that the Court deny Fish's motion as premature and/or violative of Local Rule 37.2. ICR and Scott Harris further request that any expedited discovery be conducted on a mutual basis.

Respectfully submitted,

/s/ Paul K. Vickrey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax: (312) 236-3137

**Attorneys for Illinois Computer Research, LLC and Scott C. Harris**