IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., )<br>)<br>Plaintiff and Counterclaim )<br>Defendant, )<br>)<br>v. )<br>)<br>FISH & RICHARDSON P.C., )<br>Defendant, Counterclaimant and )<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT C. HARRIS, )<br>Third-Party Defendant. ) | Case No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br>Mag. Judge Maria Valdez |

## REVISED REPORT OF PARTIES' PLANNING MEETING

**1.     Meeting.**

Pursuant to Fed.R.Civ.P. 26(f) a meeting was held by teleconference on

November 16, 2007, at 2:00 p.m., and was attended by:

For:  Ilinois Computer Research, LLC ("ICR") (Plaintiff and Counterclaim Defendant) and Scott C. Harris (Third-party defendant and counterclaimant) (together, "ICR and Harris"):

Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen L. Blouin

For Fish & Richardson P.C. ("Fish & Richardson") (Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim-Defendant):

David J. Bradford
Terrence J. Truax
Eric A. Sacks

1

**2.    Pre-trial Schedule.**

The parties jointly propose to the Court the following discovery plan:

**a.    The parties seek Discovery on the following subjects**:

**ICR and Harris:**

As presently advised, ICR and Harris believe that they need discovery on the following subjects. ICR and Harris reserve the right to take discovery on additional subjects as additional information becomes available to them.

The factual and legal basis for every claim, counterclaim, defense, statement and allegation in any pleading submitted by Fish & Richardson in this suit.

Any and all actions taken by Fish & Richardson to assert ownership or other rights in and to the Harris patents.

The subject matter and circumstances of communications by or for Fish & Richardson with third parties, including the media, concerning Scott C. Harris, the Harris patents, ICR and/or the subject matter of this suit.

The reasons why and circumstances under which Fish & Richardson requested that Scott C. Harris resign from the firm.

The subject matter of all communications between Scott C. Harris and Fish & Richardson concerning Mr. Harris's patent prosecution activities and ownership, licensing and enforcement of the Harris patents and patent applications.

The timing and subject matter of actions taken by Fish & Richardson concerning Mr. Harris's patent prosecution activities and ownership, licensing

and enforcement of the Harris patents and patent application.

The subject matter of the Law Firm Agreement between Scott C. Harris and Fish & Richardson, including the parties' rights and obligations under that agreement.

The timing, scope and extent of Fish & Richardson's knowledge of Scott C. Harris's patent prosecution activities while Mr. Harris was employed by Fish & Richardson.

The factual and legal basis for Fish & Richardson's claim that Scott C. Harris was one of the ten most highly paid principals at Fish & Richardson including compensation paid to each and every Fish & Richardson principal.

On an annual basis, the total number of billable hours billed by each Fish & Richardson attorney in comparison with the number of billable hours billed by Scott C. Harris while he was employed by Fish & Richardson.

Information concerning any and all instances where Fish & Richardson accused any attorney employed by the firm with a breach of fiduciary duty.

Information concerning any and all instances in which Fish & Richardson asserted a breach of contract claim against a former or current Fish & Richardson attorney where Defendant asserted that the attorney breached sections 4, 6 or 7-9 of the Law Firm Agreement.

Information concerning the patent prosecution activities of any attorney employed by Fish & Richardson that were not conducted for a client of Fish & Richardson.

Information concerning any and all "side businesses" of any attorney

employed by Fish & Richardson.

Information concerning the amount of and sources of income and/or revenues of each and every attorney employed by Fish & Richardson.

Information concerning any and all searches by or for Fish & Richardson of Scott C. Harris's office and/or belongings at Fish & Richardson.

Any and all efforts by or for Fish & Richardson to search computers and/or servers for emails authored or received by Scott C. Harris.

Information concerning any and all internal investigations conducted by or for Fish & Richardson in the March 2007 through May 2007 timeframe, the results of which were communicated to Scott C. Harris by John Steele.

All matters raised by Fish & Richardson.

**Fish & Richardson:**

As presently advised, Fish & Richardson believes that it needs discovery on the following subjects. Fish & Richardson reserves the right to take discovery on additional subjects as additional information becomes available.

The factual basis for every allegation, claim, counterclaim, defense, statement, and denial in any pleading or paper submitted by in this suit.

The facts concerning the events alleged in the pleadings and the subjects described in this report known to Scott Harris ("Harris"); ICR; James B. Parker ("Parker"); Memory Control Enterprise, LLC ("MCE"); Richard B. Megley, Jr.; Raymond P. Niro; Niro, Scavone, Haller & Niro (the "Niro Firm"); Lynn Lasry; alleged infringers of patents associated with Harris; persons (individuals or entities) working for or with any of the above persons; or persons having

4

knowledge of the facts alleged in the pleadings.

Harris's joining, work at, and departure from Fish & Richardson

Information regarding Harris's business activities while a principal in Fish & Richardson, including his use of any home office or other outside resources to facilitate the same, and revenues and expenses associated with the same.

Harris's conduct under his agreements with Fish & Richardson.

The compensation of, work done by, interests taken by, and / or resources used by Harris while a principal of Fish & Richardson in connection with his efforts to obtain, license, enforce, or otherwise use any patents, patent applications, or other patent rights..

The ownership, licensure, enforcement, or use of any patents, patent applications, or patent rights associated with Harris and the facts and circumstances related thereto.

The subject matter of, and circumstances concerning, all communications between Harris and any person (individual or entity) concerning Mr. Harris's patent prosecution activities, ownership, licensing, or enforcement of patents or patent applications.

Any and all actions taken by ICR, Harris, MCE, Parker, the Niro Firm, any entity created by the Niro Firm or Harris to own, assert ownership of, enforce, license, or otherwise claim rights in or to any patents, patent applications, or any patent rights associated with Harris.

The ownership, incorporation of, management of, and financial interests in ICR, MCE and other entities created by, owned by, managed by, or otherwise

associated with the Niro Firm, Parker, Harris, or individuals or entities associated with any of them.

The interests of any individual or entities, including ICR, MCE, Harris, Parker, and the Niro Firm in this litigation and any other litigation associated with any claimed patent rights associated with Harris

Information regarding the identity and role of other persons who have participated in the development, prosecution, and / or commercialization (including through litigation and licenses) of patents, patent applications, or other patent rights secured or sought by Harris while he was a principal in Fish & Richardson.

The knowledge of Fish & Richardson clients of Harris, the Niro Firm, Parker, or other persons.

Any and all communications by ICR, Harris, or the Niro firm concerning clients of Fish & Richardson, including communications regarding Harris financially benefiting from claims against Fish & Richardson's clients.

The expected settlement value of any patent claim or right asserted by ICR, MCE, Harris, Parker or other person associated with them or created by or represented by the Niro Firm, Harris, or Parker, including information as to settlements of all patent litigation brought by ICR, MCE, Harris, Parker or other person associated with them or created by or represented by the Niro Firm, Harris, or Parker.

The subject matter and circumstances of communications by or for ICR, MCE, Parker, Harris, or the Niro Firm with third parties, including the media,

6

concerning the subject matter of this suit.

The analysis done by the Niro Firm before asserting in a pleading that Fish & Richardson engaged in tortuous interference, including particularly the allegation that Fish & Richardson had engaged in witness intimidation.

Information concerning any and all instances in which the Niro Firm has asserted tortious interference against an opposing litigant.

Information concerning facts regarding Ray Niro and the Niro Firm that would have been apparent to Mr. Harris prior to his entering into business arrangements and / or a purported attorney-client relationship with Mr. Niro that resulted in lawsuits against Fish & Richardson clients.

Information concerning the patent enforcement activities of Harris and of entities created with the assistance of the Niro Firm for the purpose of enforcing patents on which Harris an inventor.

Harris and / or the Niro firm's association with and involvement in ICR, MCE, and all entities associated with patents, patent applications, or other patent rights associated with Harris.

All damages claimed by Harris or ICR and the facts supporting those claims and demonstrating any efforts to mitigate damages.

The subject matter of any expert opinions or work for ICR or Harris, including any expert opinions to be offered at trial.

All matters raised by ICR and Mr. Harris.

  **b.**  **Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) to be made by**:

  December 14, 2007.

  **All discovery to be commenced in time to be completed by:**

  September 30, 2008

The parties have agreed to respond expeditiously to requests for a limited number of specific documents. These requests shall be made by letter and the limited number of specific documents shall be produced within 14 days of receipt of the letter, unless there is a good faith basis to object to the same.

  **c.**  **Number of Depositions:**

  **ICR and Harris:**

As presently advised, ICR and Harris believe that they will need approximately 25 depositions (including third party depositions).

  **Fish & Richardson:**

Fish & Richardson submits that each side should have the same number of depositions and that the limitations placed on the number of depositions by the Federal Rules of Civil Procedure are appropriate and that the number of depositions of each side should be limited accordingly. Should either side require more depositions than the number provided by the Federal Rules, then the parties may agree to additional depositions and, in any event, either side shall be free to petition the Court for additional depositions.

**d.    Reports from retained experts under Rule 26(a)(2):**

For all issues on which a party bears the burden of proof:

June 30, 2008

For rebuttal reports:

August 15, 2008.

**e.    Parties should be allowed until the following date to seek to join additional parties and to seek to amend pleadings to bring different claims**:

ICR and Harris propose December 28, 2007.

Fish & Richardson proposes May 31, 2008.

**f.    All potential dispositive motions should be filed by:**

October 31, 2008

**g.    Final pretrial order:**

ICR and Harris to prepare proposed draft by January 30, 2009.

Parties to file joint final pretrial order by February 27, 2009.

**h.    The case should be ready for trial by:**

March 16, 2009.

ICR and Harris believe that they can present their

case-in-chief in three trial days.

Fish & Richardson believes that it can present its claims in

five to seven trial days.

9

### 3. Settlement.

At least 14 days prior to the Rule 16(b) scheduling conference, Plaintiffs are directed to make a written settlement demand to Defendant. At least seven days prior to the scheduling conference Defendant is to respond in writing to the Plaintiffs' settlement demand.

**ICR and Harris:**

In accordance with the above requirement, ICR and Harris provided Fish & Richardson with a confidential written settlement demand on November 9, 2007.

**Fish & Richardson:**

In accordance with the above requirement, Fish & Richardson provided ICR and Harris with a confidential written response and made a settlement demand on November 13, 2007.

### 4. Consent.

The parties do not consent unanimously to proceed before a Magistrate Judge.

Date: November 21, 2007

*/s/David J. Sheikh* (signed by agreement)
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen C. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax: (312) 236-3137

*Attorneys for Illinois Computer Research, LLC and Scott C. Harris*


*/s/David J. Bradford*
David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
 (312) 222-9350

*Attorneys for Fish & Richardson, P.C.*

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **REPORT OF PARTIES' PLANNING MEETING** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen C. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax:  (312) 236-3137

**Attorneys for Illinois Computer Research, LLC and Scott C. Harris**

on November 21, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/David J. Bradford*