# EXHIBIT F

Case 1:07-cv-05081   Document 62-7   Filed 12/11/2007   Page 1 of 4

Dockets.Justia.com

**JENNER&BLOCK**

December 5, 2007

Jenner & Block LLP  
330 N. Wabash Avenue  
Chicago, IL 60611-7603  
Tel 312 222-9350  
www.jenner.com

Chicago  
Dallas  
New York  
Washington, DC

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Paul K. Vickrey, Esq.  
Niro Scavone Haller & Niro  
181 West Madison Street, Suite 4600  
Chicago, Illinois 60602

David J. Bradford  
Tel 312 923-2975  
Fax 312 840-7375  
dbradford@jenner.com

Dear Paul:

We are in receipt of your letter dated December 4, 2007, which responds to my letter to Ray Niro and you dated November 21, 2007, in which I requested the production of certain documents pursuant to the Motion to Expedite Discovery. We also have received the documents that you produced yesterday. Although we have not yet completed our review of those documents, we have some initial concerns that we would like to discuss with you. We reserve the right to raise other issues at a later date.

We have three initial concerns, each of which bears on the issues raised in the Motion to Expedite.

1. *One*, my letter asked for the production of:

   All documents **created while Harris was at Fish & Richardson** that relate or refer to the assertion or possible assertion of the Harris patents against Dell, Honda, LG, Google, or any other client of Fish & Richardson, including but not limited to communications with the Niro firm on those topics.

Even though those communications are at the heart of the Motion to Expedite, you refused to produce a single document in response to this request and are refusing to produce even a privilege log related to these documents. You wrote:

   This request is objected to on the grounds of work product doctrine and attorney-client privilege. To prepare a log for this category would require an enormous amount of work. Is Fish willing to produce a log of all documents relating to Scott Harris created prior to the filing of the lawsuit? Please advise. We also would need a Fish client list.

There are several deficiencies with this answer. First, there is no apparent basis upon which ICR/Harris reasonably can contend that communications by Mr. Harris, while he was a principal of Fish & Richardson, about the targeting of clients of Fish & Richardson are privileged relative to Fish & Richardson. We also note that not all of the responsive documents involved communications with the Niro firm.

Paul K. Vickrey, Esq.
December 5, 2007
Page 2

       Second, you have not established the foundation for asserting any attorney-client privilege or work product protection through the production of a privilege log, which is ICR's and Mr. Harris's burden. Although you contend that there would be a substantial amount of work involved in preparing a log, that does not excuse the obligation to provide a log so that we can promptly assess the claim of privilege. And your assertion of burden is surprising. Are you indicating that there is a large volume of documents related to the assertion of Mr. Harris's patents against Fish & Richardson clients *while Mr. Harris was a principal in Fish & Richardson*?

       Third, although you have failed to produce a log, you have asked whether we are willing to produce a log for "all documents relating to Scott Harris created prior to the filing of the lawsuit" and you also ask for the identity of all firm clients. We have already produced a privilege log to you today of all documents that we withheld from the initial production as privileged. And Mr. Harris knows which of the entities, that his patents were asserted against, were clients of the firm. If you have a question, on that score, about an entity that was subjected to an assertion of Harris patent claims, we would respond to it appropriately.

    2.     *Two*, my letter asked for the production of:

> Any agreements to which the Niro firm is a party that reflect the formation of an attorney-client relationship with Harris, ICR, or with any party asserting an interest in any of the Harris patents – including any retainer or other agreement setting forth the terms and conditions on which the Niro firm agreed to represent a party asserting rights in relation to any of the patents.

       In your letter of December 4, 2007 you refused to produce any of these documents "on the ground of attorney-client privilege." But you have done nothing to establish the foundation for privilege. None is apparent.

       Please provide a privilege log and advise us immediately of the authority or theory upon which you base a claim of privilege related to the formation of an attorney-client relationship (as opposed to the substance of any communications made for the purpose of seeking legal advice).

    3.     *Three*, in initially reviewing the documents you produced, we noted that there are several places where apparently critical and responsive information has been redacted. No explanation for the redactions has been given. We do not see how there could be one. Please produce unredacted documents immediately.

       If you persist in maintaining the redactions, we request that you immediately provide us with an explanation for each redaction, on a log.

Paul K. Vickrey, Esq.
December 5, 2007
Page 3

      It appears to us that the deficiencies in the production are an attempt to delay our receipt of vital information responsive to the questions raised in the Motion to Expedite. Your prompt response is appreciated. I note that you have raised some questions about our production. We will respond to those in writing. We are available for a conference call to discuss all open issues. Thank you for your cooperation.

                                      Very truly yours,

                                      David J. Bradford

DJB:fms
cc:    Raymond P. Niro, Esq.
        David J. Sheikh, Esq.