# EXHIBIT K

Dockets.Justia.com



Not Reported in F.Supp.2d                                                                                                                    Page 1

Not Reported in F.Supp.2d, 2002 WL 31520993 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

▷
Sabratek Liquidating LLC v. KPMG LLP
N.D.Ill.,2002.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
SABRATEK LIQUIDATING LLC, Plaintiff,
v.
KPMG LLP, Defendant.
No. 01 C 9582.

Nov. 13, 2002.

*MEMORANDUM OPINION*
KOCORAS, Chief J.
*1 This matter comes before the court on Plaintiff Sabratek Liquidating LLC's ("Sabratek LLC") motion to compel production of documents. For the reasons set forth below we grant the motion in part and deny it in part.

BACKGROUND

Sabratek LLC is a limited liability corporation formed under Delaware law. It is the successor in interest to Sabratek Corporation ("Sabratek"), an ill-fated corporation that folded in 1999. Sabratek's woes have spawned several suits and opinions prior to this one, which detail the story of Sabratek and its downfall. *See Geinko v. Padda,* 2001 WL 1163728 (N.D.Ill. Sept. 28, 2001); *Chu v. Sabratek,* 100 F.Supp.2d 815 (N.D.Ill.2000); *Chu v. Sabratek,* 100 F.Supp.2d 827 (N.D.Ill.2000). In the interest of brevity, we reiterate only the facts that pertain to today's motion.

Sabratek was a manufacturer of health care products. Defendant KPMG is an auditing and accounting firm; from 1997 to 1999 it performed various auditing, accounting, and consulting services for Sabratek. According to the complaint, in the course of performing these services, KPMG concocted schemes to allow Sabratek to improve the appearance of its corporate balance sheet. The claims allege that KPMG advised Sabratek of ways to recast expenditures and assets to hide its true financial status. These "inventory and revenue manipulation schemes," which caused reports of Sabratek's earnings to be deficient by approximately $39 million, were eventually revealed, prompting the aforementioned suits by Sabratek investors and the speedy bankrupting of Sabratek.

In December 2001 Sabratek LLC filed the present action against KPMG, alleging negligence, negligent misrepresentation, breach of contract, and fraud on the part of Sabratek's former ally. Pursuant to a KPMG motion, we dismissed the fraud claims. The negligence, negligent misrepresentation, and breach of contract claims remain pending, and Sabratek LLC and KPMG are in the document discovery phase. Sabratek now moves to compel production of documents by KPMG.

LEGAL STANDARD

The Federal Rules of Civil Procedure provide a court with "broad discretion in resolving discovery disputes."*Bobkoski v. Board of Educ. of Cary Consol. Sch. Dist. 26,* 141 F.R.D. 88, 90 (N.D.Ill.1992). In general, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1)."In ruling on motions to compel discovery, 'courts have consistently adopted a liberal interpretation of the discovery rules.' " *Meyer v. Southern Pac. Lines,* 2001 WL 293999 (N.D.Ill. March 26, 2001) (quoting *Wilstein v. San Tropai Condo. Master Ass'n,* 189 F.R.D. 371, 375 (N.D.Ill.1999)). Parties, however, are not entitled to discovery of privileged information. Fed.R.Civ.P. 26(b)(1). Additionally, we may limit discovery that is "unreasonably cumulative or duplicative," or if "the burden or expense of the proposed discovery outweighs its likely benefit."

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 2

Not Reported in F.Supp.2d, 2002 WL 31520993 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

*Cook, Inc. v. Boston Scientific Corp.,* 2002 WL 406977, *1 (N.D.Ill.2002) (citing Fed.R.Civ.P. 26(b)(2)). The burden rests upon the objecting party to show why a particular discovery request is improper. *E.E.O.C. v. Klockner H & K Machines, Inc.,* 168 F.R.D. 233, 235 (E.D.Wis.1996).

DISCUSSION

*2 Sabratek LLC's motion to compel is limited to four categories of documents: (1) KPMG's audit manuals and guidelines, (2) the personnel files of KPMG employees who performed services for Sabratek, (3) KPMG documents referring or relating to Sabratek, and (4) documents concerning similar lawsuits against KPMG.

I. KPMG's Audit Manuals & Guidelines

Sabratek LLC requests production of KPMG's audit manuals and guidelines. KPMG objects to this request on the grounds that it is vague and overly broad and seeks documents that are not relevant and that contain trade secrets. Sabratek LLC's Document Request 55 states:
Any and all audit guides of KPMG LLP, including, but not limited to, audit guides regarding SEC procedures, general audit guides, and accounting and auditing guides for in house services.

Sabratek LLC's Document Request 57 states:All documents related to internal policies, including technical policy/guidance with respect to all questioned accounting and auditing areas and independence, engagement/client management policy guidance, forms, programs, procedures manuals, file retention, staff assignment, and quality control.

KPMG cites these two document requests in support of its argument that the documents Sabratek LLC seeks are vague and overly broad. Sabratek LLC, however, does not move to compel all of these categories of documents. Sabratek LLC " clarified that the documents it is seeking" are those " that contain KPMG's audit practices, policies, procedures, and guidelines."Pl. Reply at 2. The current request is not vague or overly broad. *See In re Mercury Fin. Co. of Illinois,* 1999 WL 495903, *2 (N.D.Ill. July 12, 1999) (compelling production of "[a]ll accounting and auditing manuals, guides, reference materials and literature that were prepared or generated by KPMG" and maintained during the relevant time period). We will, however, limit the production of KPMG's audit practices, policies, procedures, and guidelines to those that were maintained during some portion of the time frame in which Sabratek was a client of KPMG.

KPMG also asserts that the audit practices, policies, procedures, and guidelines are not relevant because the standard of care in this litigation is an objective standard, based on Generally Accepted Auditing Standards ("GAAS") and Generally Accepted Accounting Principles ("GAAP"). In *In re Mercury,* the court compelled production of similar documents over this same irrelevancy objection, stating:
To [ (prove fraud) ], as well as to conduct probing depositions of accountants who performed the audit, thus acquiring information which will have a direct bearing on the outcome of this case, plaintiff is entitled to learn the accounting firm's procedures.

*In re Mercury,* 1999 WL 495903 at *5 (quoting *Gohler v. Wood,* 162 F.R.D. 691, 695 (D.Utah 1995) (citing *Rosen v. Dick,* 1975 WL 357 (S.D.N.Y. Feb. 20, 1975))). In that decision, the court dismissed the GAAS and GAAP objective standard argument and declined to follow the very cases (*Davis v. Cooper & Lybrand,* 1992 WL 159504 (N.D. Ill. June 25, 1992) and *In re ContiCommodity Servs., Inc. Sec. Litig.,* 1988 WL 56172 (N.D.Ill. May 25, 1988)) on which KPMG now relies. *In re Mercury,* 1999 WL 495903 at *5. Although *In re Mercury* dealt with a motion to compel in a fraud allegation context, we find it instructive as to instant action grounded in negligence, negligent misrepresentation, and breach of contract.

*3 To the extent that KPMG claims that the audit manuals and guidelines constitute trade secrets and proprietary materials, the protective order already executed by both parties will provide adequate protection once entered by this court. *See In re*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 3

Not Reported in F.Supp.2d, 2002 WL 31520993 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

*Mercury,* 1999 WL 495903, *6 (compelling production of internal audit manuals over a trade secret objection since a protective order prevented disclosure of trade secrets outside the context of the litigation). Moreover, the involvement of trade secret and proprietary information in this action was a specific motivating factor for the protective order in the first place:

WHEREAS, the parties in this action may deem certain non-public documents requested in discovery in this action to be confidential insofar as they embody or reveal confidential commercial information, confidential and sensitive personal information, proprietary information, or trade secrets ....

Stipulated Protective Order at 1.

II. Personnel Files of Relevant KPMG Employees

Sabratek LLC requests production of the personnel records, performance reviews, and resumes of every KPMG employee who provided services to Sabratek. KPMG objects to this request on the grounds that it seeks irrelevant and privileged documents and that it is overly broad.

The documents sought are clearly relevant as they pertain to the qualifications of the KPMG employees that performed the allegedly deficient work giving rise to the claims for negligence, negligent misrepresentation, and breach of contract. *Cf. In re Mercury,* 1999 WL 495903, *2 (in action for fraud, compelling disclosure of personnel files and performance evaluations for every accountant who performed services for the client during the relevant time frame).

KPMG also claims that these documents are not discoverable under the " 'self evaluation' privilege." Def. Resp. at 6-7. This argument fails for two reasons: (1) there is no self-evaluation privilege under Illinois law, and (2) even if the privilege did exist, KPMG has not established that these documents would be protected under it.

Federal Rule of Evidence 501 states that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."Fed.R.Evid. 501. In this diversity action, Sabratek's claims are governed by Illinois law. *See* Compl. ¶ 2; *see also* April 26, 2002, Order at 4 (applying Illinois law to Sabratek's breach of contract claim). Accordingly, pursuant to Rule 501, any privileges asserted with respect to this action are also governed by Illinois law. KPMG does not cite, and we cannot locate, any case applying a self-evaluation privilege (or self-critical privilege as it is sometimes called) under Illinois law.

Even assuming the privilege did exist, KPMG has not established that it is entitled to its protection. To be privileged under the self-evaluation privilege, " the materials must have been prepared for mandatory government reports."*Resnick v. American Dental Ass'n,* 95 F.R.D. 372, 374 (N.D.Ill.1982). KPMG has not established, or even argued, that the documents sought were prepared for mandatory government reports.

*4 KPMG also objects to producing the documents on the grounds that the request is overly broad. On the contrary, the request is straight forward and concise. The request asks for the personnel records, performance reviews, and résumés of whatever KPMG employees provided services to Sabratek. The request is not overly broad. *See In re Mercury,* 1999 WL 495903, *2 (compelling production of similar documents).

III. Documents Referring or Relating to Sabratek

Sabratek LLC requests "copies of all documents that refer to Sabratek that KPMG has in its possession."Pl. Memo. at 10. KPMG objects to this request as overly broad and pertaining to documents that are not relevant.

Sabratek LLC's request would require the production of every document at KPMG simply because it refers to Sabratek. Clearly, Sabratek LLC has cast its net so wide that it is certain to catch documents not relevant to any claim or defense in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4

Not Reported in F.Supp.2d, 2002 WL 31520993 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

the instant litigation. Moreover, Sabratek LLC has offered no case law in support of such a broad request.

Apparently as a backup position, Sabratek LLC offers an alternative, less inclusive request for documents. That request solicits "copies of all documents in KPMG's possession relating to Sabratek's accounting practices...." Pl. Memo. at 10. This lawsuit is based on Sabratek's allegedly deficient accounting practices resulting from KPMG's services. Thus, documents relating to Sabratek's accounting practices are clearly relevant.

### IV. Documents From Similar Lawsuits

Sabratek LLC requests production of "documents concerning other lawsuits in which KPMG was a party involving claims for professional malpractice" and "copies of all settlement agreements for such litigation." Pl. Memo. at 10. KPMG objects to this request on the grounds that it is vague and overly broad and that it seeks irrelevant material. Sabratek LLC counters that the documents sought may contain admissions that can be used against KPMG or information useful for impeachment purposes. While we agree that the information sought may contain information useful for gaining admissions and impeaching testimony, we do not believe this justifies such a potentially enormous amount of production on the part of KPMG. *See* Fed.R.Civ.P. 26(b)(2)(iii) (allowing court to limit discovery if " the burden or expense of the proposed discovery outweighs its likely benefit"). Moreover, most, if not all, of the information sought is publicly available. Accordingly, we will not compel KPMG to produce this information.

### CONCLUSION

Based on the foregoing analysis, we grant the motion to compel in part and deny it in part. KPMG is ordered to produce:
1. KPMG documents containing KPMG's audit practices, policies, procedures, and guidelines that were maintained during any portion of the time period in which Sabratek was a client of KPMG;

2. KPMG's personnel records, performance reviews, and resumes for every KPMG employee that provided services to Sabratek; and
*5 3. KPMG documents relating to Sabratek's accounting practices.

N.D.Ill.,2002.
Sabratek Liquidating LLC v. KPMG LLP
Not Reported in F.Supp.2d, 2002 WL 31520993 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.