# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** )<br>  *Plaintiff and Counterclaim Defendant* )<br> )<br>   v. )<br> )<br>**GOOGLE, INC.,** )<br>  *Defendant, and* )<br> )<br>**FISH & RICHARDSON P.C.,** )<br>  *Defendant, Counterclaimant and Third-Party Plaintiff,* )<br> )<br>   v. )<br> )<br>**SCOTT C. HARRIS,** )<br>  *Third-Party Defendant and Counterclaimant,* )<br> )<br>   v. )<br> )<br>**FISH & RICHARDSON P.C.,** )<br>  *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

### STATEMENT OF EFFORTS TO REACH AN ACCORD

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

December 11, 2007

I am one of the attorneys for Fish & Richardson P.C. in this action. I hereby certify that counsel for Fish & Richardson P.C. have attempted to confer in good faith with counsel for Illinois Computer Research, LLC and Scott C. Harris in an effort to secure Fish & Richardson's requested expedited discovery without Court action.  As outlined in detail in Fish & Richardson's Memorandum In Support Of Its Motion To Compel Discovery And Compliance With The Court's Order, the attempts to confer and reach an accord include the following:

1. On November 20, 2007 the Court granted Fish & Richardson's Motion For Limited Expedited Discovery seeking "the immediate production of an alleged patent sale agreement between Mr. Harris and ICR and of any agreement by which Mr. Harris is entitled to participate financially in and/or obligated to cooperate with the assertion of claims based on the patents that he purportedly sold while a principal at Fish & Richardson." (Mot. to Expedite at 1.)

2. On November 21, 2007, pursuant to the Court's order, Fish & Richardson served six limited expedited document requests on Harris and ICR.  Among other things, Fish & Richardson requested:

> All documents created while Harris was at Fish & Richardson that relate or refer to the assertion or possible assertion of the Harris patents against Dell, Honda, LG, Google, or any other client of Fish & Richardson, including but not limited to communications with the Niro firm on those topics.

(11/21/07 D. Bradford Ltr. ¶ 6, Ex. C to Mem.)  For convenience, these documents are referred to herein as the "Targeting of Clients Documents." Fish & Richardson also requested:

> Any agreements to which the Niro firm is a party that reflect the formation of an attorney-client relationship with Harris, ICR, or with any party asserting an interest in any of the Harris patents - including any retainer or other agreement setting forth the terms and conditions on which the Niro firm agreed to represent a party asserting rights in relation to any of the patents.

1

(11/21/07 D. Bradford Ltr. ¶ 5, Ex. C to Mem.) For convenience, these are referred to herein as the "Retention & Fee Agreements."

3.  On December 4, 2007, Harris and ICR produced documents responsive to certain of Fish & Richardson's expedited discovery requests. But, as to the Targeting of Clients Documents and the Retention & Fee Agreements, Harris and ICR refused to produce responsive documents. And, as to the documents they did produce in response to other requests, Harris and ICR redacted highly relevant portions.

4.  On December 6, 2007, Fish & Richardson sent a letter to Harris and ICR outlining deficiencies, including the need for ICR and Harris to produce (1) the Targeting of Clients Documents, (2) the Retention & Fee Agreements, and (3) the unredacted documents; Fish & Richardson also requested that a privilege log be produced.

5.  On December 6, 2007, Harris and ICR simply produced, under a cover letter, a sparse single-page privilege log identifying seven Retention & Fee Agreements, and ignored Fish & Richardson's other requests.

6.  On December 7, 2007, counsel for Fish & Richardson asked that the foregoing documents be produced and that the parties arrange a meet and confer.

7.  On December 10, 2007, counsel for ICR and Harris responded, stating: "It is not productive to keep arguing your case in letters to me." (12/10/07 P. Vickrey Ltr., Ex. I to Mem.) Counsel for Fish & Richardson called counsel for ICR and Harris to discuss that response. When counsel for ICR and Harris did not answer his phone, counsel for Fish & Richardson left a message and wrote a confirming e-mail indicating that counsel understood the parties to be at an impasse and inviting a response by the close of business that day if that was mistaken.

8.　　Counsel for ICR and Harris did not substantively respond to counsel for Fish & Richardson's December 10 e-mail.

9.　　ICR and Harris have refused to produce the requested documents despite being asked by letters dated November 21, 2007, December 6, 2007, and December 7, 2007. The parties are at an impasse concerning the production of the requested documents.

Dated: December 11, 2007

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____
dbradford@jenner.com
One of Its Attorneys

David J. Bradford, Esq.
Terrence J. Truax, Esq.
Eric A. Sacks, Esq.
Daniel J. Weiss, Esq.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
Telephone No: 312 222-9350
Facsimile No: 312 527-0484