# EXHIBIT O

Dockets.Justia.com

# FISH & RICHARDSON P.C.

To:   All Principals and Employees
Fr:   Special Counsel and Director of Ethics and Conflicts;
      Head of Human Resources
Re:   Firm Confidentiality Policies and Procedures

This memorandum outlines three duties of confidentiality that all employees must obey. If you have any questions about these duties of confidentiality, please ask a supervising attorney, Human Resources, or John Steele, Director of Ethics and Conflicts. When in doubt, err on the side of non-disclosure until you have confirmed that disclosure is proper.

## Duties of Confidentiality

1.   During the course of your work, you must protect client confidences. Under the law that governs law firms and law firm employees, "confidential information" is a very broad term. It includes *all information regarding our representation of clients and any information that would be embarrassing or detrimental to our clients if revealed*.

"Confidential information" is a broader category than "privileged information." In other words, our duties of confidentiality may extend to information that is not covered by the attorney client privilege. It can even extend to information that many members of the public already know.

Here are some examples of information covered by our duty of confidentiality to clients: (i) the identity of our clients may be confidential depending on the circumstances; (ii) information about our clients' technology, legal matters, business plans, competitive strategies, and personnel; and (iii) the existence, status, and substance of patent applications. If you have questions about any particular situation, you should contact a supervising attorney or John Steele.

2.   In addition to the duty of confidentiality that we owe our clients, the firm has its own confidences that you must protect as a matter of your employment contract with the firm. Here are some examples of confidential information, although this is not an exhaustive list: (i) all records and information, documents, notes, files and oral information; (ii) computer files or similar materials; (iii) plans for marketing and practice development; (iv) information regarding the firm's business plans, budgets, and unpublished financial statements; (v) information regarding the skills and compensation of employees of the firm; (vi) information regarding legal and non-legal job candidates, resumes, and appointments with candidates; and (vii) any other information designated as confidential by the firm. The firm may owe its ex-employees certain duties, even though those employees have offered firm personnel as references. If you have any questions, ask Human Resources.

3.   In addition to protecting client and firm confidences, you have a contractual duty under your employment agreement to protect the privacy of your fellow employees at the firm and to protect the privacy of job candidates who may be considering employment with the firm.

FR 00005

CONFIDENTIAL
INFORMATION SUBJECT
TO PROTECTIVE ORDER

Private information of firm employees includes, but is not limited to, home addresses, phone numbers, work schedules, attendance, performance remarks and/or medical information.

Private information of job candidates includes, but is not limited to, (1) the fact that someone is considering employment at the firm; (2) the candidate's interviewing schedule, appointments, writing samples, resumes, references, transcripts, and prior work history; and (3) information the candidate shares with the firm, if any, for the purposes of checking for conflicts of interest.

Employees will be subject to appropriate disciplinary action, up to and including dismissal, for knowingly or unknowingly revealing information of a confidential nature related to any of the above.

## Some Questions about Protecting Confidentiality

### When Does The Duty of Confidentiality Apply?
The duty of confidentiality applies 24 hours-a-day. It applies when you are *on* the job and when you are *off* the job. Duties of confidentiality apply at home, with your friends, and during your social life. If you have any questions, ask a supervising attorney, Human Resources, or John Steele.

### How Long Does the Duty of Confidentiality Last?
Unless you have obtained consent to reveal a confidence, you should assume that the duty of confidentiality lasts forever. For example, you are required to protect all three duties of confidentiality even after your employment with the firm has ended.

### To Whom Can Confidences Be Disclosed?
Client confidences may be disclosed as authorized by the client, either through express or implied authorization. If you have questions, contact a supervising attorney or John Steele. Firm confidences and confidences about fellow employees and job candidates cannot be disclosed without proper consent. If you have questions, speak to a supervising attorney, Human Resources, or John Steele.

### How Can I Protect Confidences in Electronic Communications?
At the present time, the standard of care for electronic communications outside of our intranet (*i.e.*, e-mail, primarily) does NOT require that we use encrypted messaging or dedicated lines. However, our IT group can arrange for that if the supervising attorney or the client so desires.

There is no simple rule on how to mark outgoing emails. Strictly speaking, adding the words "Privileged" or "Confidential" is not required for something to be considered confidential or privileged under the law. However, those designations may assist the recipient in understanding the nature of the communication. If you have questions on how to mark outgoing emails, please speak to a supervising attorney, Human Resources, or John Steele.

When transmitting documents by e-mail, you should consider whether or not you are transmitting any "metadata" that would reveal a client confidence. If you have questions about that, please speak to the IT group and to John Steele.

2

FR 00006

CONFIDENTIAL
INFORMATION SUBJECT
TO PROTECTIVE ORDER

If you are planning on taking a laptop outside the U.S., please indicate this to the administrative office manager when requesting the laptop. The IT group will continue to evaluate alternatives to secure communications.

The use of cordless and cellular phones can pose a risk when communicating confidential information. It is no longer easy for outsiders to listen in on conversations over modern cell phones. However, when using cell phones, please consider whether it is advisable to use code names when discussing clients and/or technologies. If you have any questions, please contact IT or John Steele.

Extreme discretion should be used when business and legal matters are discussed in public places, such as in planes, elevators (including elevators in our own buildings), taxicabs, and restaurants or hotels, where conversations can be overheard.

The computer systems and contents thereof are the property of Fish & Richardson P.C. All matters stored in the computers or on the network, and all communications on the system are subject to review and copying by Fish & Richardson P.C. Do not put anything on the system of such a personal nature that you would not want your employer to see it.

**What Are the Firm's Document Retention and Destruction Procedures?**

All discarded originals or reproductions of legal documents (including patent and trademark applications), correspondence, memos, and notes (including handwritten), electronic memos and correspondence such as printed e-mail messages, draft and final billing statements, invoices, client and internal phone/address lists, and reports of any kind should be discarded daily in the blue recycling baskets located throughout the offices.

Collection of the confidential waste will occur on a regular basis. Once collected, these confidential materials will be shredded prior to disposal.

Retention, return, or destruction of client files varies by client or by type of matter. If you have questions about that, speak to a supervising attorney or John Steele.

**What Are "Protective Orders"?**

"Protective Orders" are any court orders governing the confidentiality of information. We must abide by these. If you have any questions, please contact a supervising attorney or John Steele. Protective Orders in litigation matters should include language to contemplate the use of external vendors for reproduction services during litigation. Suggested language may be as follows:

> Materials designated by any party as "CONFIDENTIAL - ATTORNEYS ONLY" (or a similar high level confidentiality statement) shall be restricted to the following persons on behalf of the receiving party:
>
> > Outside counsel, including local counsel, of the parties in this action, their employees, and outside vendors which have previously or concurrently executed confidentiality agreements, or

3

FR 00007

CONFIDENTIAL
INFORMATION SUBJECT
TO PROTECTIVE ORDER

  Attorneys of record (including attorneys designated as "Of Counsel"), including any in-house attorneys in this litigation, regular employees of such attorney to whom it is necessary to show the material for purposes of this litigation, and outside reproduction vendors which have previously or concurrently executed confidentiality agreements, or

  Outside counsel for the receiving party and all partners and associates thereof, who are performing legal services in connection with this action, together with clerical personnel, law clerks, paralegals, legal assistants, and other support staff or vendors employed by outside counsel.

**Confidentiality Agreements**

The firm requires confidentiality agreements from all of its vendors who might have access to confidential information.

Please sign and return the enclosed statement to acknowledge receiving and reading this memorandum.

4

FR 00008

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

# FISH & RICHARDSON P.C.

To: Human Resources Department

From: _____
(Print name)

Re: Firm Confidentiality Policies and Procedures

I hereby acknowledge receiving and reading a Memorandum concerning firm Confidentiality Policies and Procedures.

Signature: _____

Date: _____