# EXHIBIT Q

Illinois Computer Research, LLC v. Google Inc.
Case 1:07-cv-05081   Document 62-18   Filed 12/11/2007   Page 1 of 5



Not Reported in F.Supp. Page 1

Not Reported in F.Supp., 1986 WL 13738 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

▷
Salstone v. General Felt Industries
N.D.Ill.,1986.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Alyne D. SALSTONE, Plaintiff,
v.
GENERAL FELT INDUSTRIES, et al., Defendants.
No. 84 C 9976.

Dec. 4, 1986.

*MEMORANDUM OPINION AND ORDER*
ANN C. WILLIAMS, District Judge.
*1 The plaintiff Alyne Salstone ("plaintiff"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves the court for an order compelling the defendants General Felt Industries, Inc. ("General Felt") and Marshall Cogan ("Cogan") to produce certain documents. The defendants object. The court will address each set of requested documents in turn.

I

*Diaries and Appointment Records of Cogan and Others*

The plaintiff moves the court for an order compelling the production of all 1982 and 1983 calendar, diary and appointment record information relating to Cogan and his respective co-directors and co-officers Stephen Swid, Robert Condon, Rocco Barbieri, Charles Lubin, Frederick Marcus and Saul Sherman so that the plaintiff can copy these documents. The plaintiff claims that this information is relevant because it may contain reference to the attempted acquisition of Sotheby Parke Bernet.[FN1]

With respect to Cogan, Swid, Lubin and Sherman, the defendants raise no objection in their response to the motion to compel the diaries and appointment books. Consequently, the motion to compel the diaries and appointment books of these individuals is granted.

The defendants represent that Condon did not retain any of his diaries or appointment books for 1982 and 1983. As to the appointment books of Barbieri and Marcus, the defendants also represent in their sur-reply that Barbieri and Marcus have not " retained" their personal appointment books from 1982 or 1983. Defendants' Sur-Reply in Opposition to Plaintiff's Motion to Compel Documents at 3. The court interprets these statements of the defendants to mean either that these appointment books no longer exist or that the defendants, Condon, Barbieri and Marcus no longer have access to the appointment books. Based on that representation of the defendants, the court denies the motion to compel the appointment books of Condon, Barbieri and Marcus.

II

*Documents Relating to Cogan's Net Worth*

The plaintiff has moved this court to compel the production of any documents relating to Cogan's net worth. Based on the pendent common-law fraud claims, the plaintiff seeks punitive damages from General Felt and Cogan. The plaintiff argues that evidence of Cogan's net worth is admissible and therefore discoverable with respect to the issue of punitive damages. *Citing Contractor Utility Sales Co. v. Certain-Teed Corp.,* 748 F.2d 1151, 1156 (7th Cir.1984).

In their response, the defendants do not dispute that evidence of Cogan's net worth is admissible at trial for the purpose of determining punitive damages.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1986 WL 13738 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Instead, they essentially argue that the court should require that the plaintiff make out a prima facie case for punitive damages before it compels the defendants to produce this information. Citing *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D.Pa.1983). Specifically, the defendants request that the court defer compelling production of documents relating to Cogan's net worth until after the court rules on the defendants' motion for summary judgment.

*2 The court does not find the defendants' argument to be convincing. The plaintiff is entitled to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in a pending action. Fed.R.Civ.P. 26(b)(1). The court notes first that Cogan has not invoked any recognizable privilege in response to the plaintiff's motion to compel. Second, the protective order issued in this case protects against any unwarranted or intrusive disclosure of the information relating to Cogan's net worth. Third, the court is hesitant to set up a precedent whereby it must make a preliminary ruling on the merits of the plaintiff's case when the defendant confronts the court with what the defendant considers to be an intrusive production request. The court finds *Chenoweth v. Schaaf*, 98 F.R.D. 587 (W.D.Pa.1983) to be distinguishable from the instant case because the plaintiff in this case does not merely rely on broad, conclusory allegations in the complaint to support her motion to compel. See *Chenoweth*, 98 F.R.D. at 589 (merely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice).

For the foregoing reasons, the court grants the plaintiff's motion to compel documents relating to Cogan's net worth.

III

*Documents Relating to Cogan's Security Transactions*

The plaintiff moves this court further to compel the defendants to produce documents relating to Cogan's prior security transactions. In support of this motion, the plaintiff makes a number of arguments, one of which is that Cogan's business sophistication bears on the question of scienter, an element in a 10(b)-5 case. The defendants do not contest that the plaintiff must show scienter in order to satisfy one of the requirements of her 10(b)-5 claim. Rather they merely argue that the plaintiff has not sued Cogan as "a broker or investment advisor." Defendants' Response to Plaintiff's Motion to Compel Documents at 9.

The Court finds the defendants' argument to be irrelevant. The plaintiff alleges in her complaint that Cogan failed to disclose preexisting plans to make a tender offer for Sotheby and to make a public offering of the stock of Knoll. The defendants have not admitted that Cogan intentionally failed to disclose these plans; hence, the plaintiff must prove this. Under the Federal Rules of Evidence, it is well settled that evidence of other acts like prior business transactions is admissible to show intent during the transaction at issue. Fed.R.Evid. 404(b). A reasonable juror might infer that, based on evidence of Cogan's investment experience, Cogan knew that he should have disclosed the plans in question.

For the foregoing reasons, the court grants the plaintiff's motion to compel documents relating to Cogan's security transactions.

IV

*Documents Relating to Gary Schonwald, the Secretary of General Felt*

The plaintiff also moves this court to compel the defendants to produce certain documents prepared by Gary Schonwald ("Schonwald"), the Secretary of General Felt and an attorney, regarding the sale of General Felt stock to General Felt. In support of this motion, the plaintiff makes two arguments. First, the plaintiff indicates that during Schonwald's deposition, the defendants waived any attorney-client privilege that existed for the period of September through November of 1982. The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3

Not Reported in F.Supp., 1986 WL 13738 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

plaintiff argues that the defendants cannot make a partial waiver of the attorney-client privilege; consequently, any existing privilege insofar as it relates to Schonwald has been waived. Second, the plaintiff argues that the requested documents are not privileged because they represent business correspondence as opposed to legal advice. The defendants dispute both of the arguments of the plaintiff and specifically argue that Schonwald was acting as an attorney rendering legal advise in the documents in question.

*3 The burden is on the party claiming the privilege to present the underlying facts demonstrating the existence of the privilege. *F.T.C. v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980). The Seventh Circuit has set forth the factors this court must consider in determining whether the defendants have satisfied this burden. *Id.* The defendants must show that the communications from Schonwald (1) concerned the seeking of legal advice, (2) were between a client and an attorney acting in his professional capacity [not in the presence of others], (3) were related to legal matters, and (4) are at the client's instance permanently protected. *Id.; Schachar v. American Academy of Opthamology, Inc.,* 106 F.R.D. 187, 191 (N.D.Ill.1985). Since the assertion of the privilege is a barrier to full discovery, the court should strictly construe the assertions within the narrowest possible limits consistent with the logic of the principle. *Schachar,* 106 F.R.D. at 191.

The defendants assert that the disputed documents embody the legal advice of Schonwald and hence are privileged. After in camera inspection of the documents, however, the court disagrees. Even construing the attorney-client privilege in a broad fashion, the court could not hold that the privilege has been properly invoked in this case. The documents essentially represent the business advice of the Secretary of General Felt. The mere fact that Schonwald is a lawyer and that the defendants term his advice "legal" is insufficient. The only statement that arguably could be called legal advice is found in the October 1, 1982 memorandum in which Schonwald discusses a "legal issue." Taking the document as a whole, however, the court concludes that the predominant nature of the consultation in this memorandum is business-oriented. Consequently, the court holds that the privilege is not properly invoked even for this document. *See Loctite Corp. v. Fel-Pro, Inc.,* 667 F.2d 577, 582 (7th Cir.1981) (only where the document is primarily concerned with legal assistance does it come within the privilege); *Ohio-Sealy Mattress Mfg. Co. v. Kaplan,* 90 F.R.D. 21, 34 (N.D.Ill.1980) (in determining whether mixed legal-business advice qualifies for the privilege, the court must ascertain whether the predominant nature of the consultation in fact was legal or business-oriented).

The cases cited by the defendants do not refute the holding of this court that the defendants cannot invoke the privilege if the documents are primarily business-oriented, as the court has found the disputed documents to be in this case. For this reason, the court grants the plaintiff's motion to compel insofar as it pertains to the documents this court has reviewed during its in camera inspection.

The plaintiff also asserts that she has requested other documents relating to Schonwald, but that the defendants have not produced them nor have they invoked the attorney-client privilege as the reason for refusing to produce them. The court orders the defendants to produce these documents as well.

V

*Documents Relating to Schonwald's Fees and Retainer Agreements*

*4 The plaintiff moves this court further to compel the defendants to produce documents relating to Schonwald's Fees and Retainer Agreements. The defendants object first on the ground that such information is privileged. The burden is on the party invoking the attorney-client privilege to substantiate the existence of the privilege. *See supra* Part IV. The defendants have failed to present any evidence other than the business-oriented documents already discussed to satisfy their burden. Hence, the court finds no existing privilege for the fees and retainer agreements.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                          Page 4
Not Reported in F.Supp., 1986 WL 13738 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

The defendants also assert that the fees and retainer agreements are not relevant to this case. It is not ground for objection, however, that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). The court finds this information discoverable on two grounds. First, the amount General Felt paid Schonwald could be used as evidence of Schonwald's motive, interest or bias as a witness. *See* Fed.R.Evid. 611(b). The defendants argue that the mere fact General Felt employed Schonwald is enough to show his interest or bias as a witness. The court disagrees with that argument because it finds that a jury might find that the more Schonwald was paid by General Felt, the more biased he will be on the stand. Second, the requested information might lead to evidence dealing with the business conditions at General Felt. FN2

For the foregoing reasons, the court grants the plaintiff's motion to compel.

### VI

### *Other Documents*

The plaintiff finally moves this court to compel the production of documents relating to the consideration paid by various General Felt shareholders for their General Felt stock, General Felt travel documents relating to Sotheby's, and other financial information. After reading the response of the defendants, the court is satisfied that the defendants have attempted to produce these documents in good faith. For that reason, the court denies this motion to compel.

### *CONCLUSION*

The court grants the plaintiff's motion to compel in part and pursuant to the discussion in this Memorandum Opinion and Order. In ruling on this motion, the court adds that it has found discovery in this case to be unusually and unnecessarily contentious, and urges the parties to complete the remaining discovery without further delay. Should it be necessary for a party to bring another meritorious motion to compel, or should a party drag others before this court without good cause, the court will not hesitate to impose the appropriate sanctions. The court orders the defendants to comply with the terms of this Order within fifteen (15) days of its filing.

> FN1. In her complaint the plaintiff alleges that General Felt and Cogan withheld information about this acquisition during the course of the discussions which led to the sale.
>
> FN2. Schonwald testified at his deposition that because of poor business conditions, he agreed to a cut in his fee rates.

N.D.Ill.,1986.
Salstone v. General Felt Industries
Not Reported in F.Supp., 1986 WL 13738 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.