C.H.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC, <br> *Plaintiff and Counterclaim Defendant,* <br><br> v. <br><br> GOOGLE, INC., <br> *Defendant, and* <br><br> FISH & RICHARDSON P.C., <br> *Defendant, Counterclaimant and Third-Party Plaintiff,* <br><br> v. <br><br> SCOTT C. HARRIS, <br> *Third-Party Defendant and Counterclaimant,* <br><br> v. <br><br> FISH & RICHARDSON P.C., <br> *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim-Defendant.* | No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate Judge Maria Valdez |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order shall govern the designation, disclosure and use of information, documents or things produced or exchanged during discovery in this matter.

### Nature of Protected Information

1.  For the purposes of this Stipulated Protective Order, the term "producing party" means the party or third-party who produces or provides information, documents or things in

discovery in this matter or otherwise, and the term "receiving party" means the party or third-party who receives such information, documents or things.

2. This Stipulated Protective Order and any amendments or modifications hereto shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Stipulated Protective Order.

3. Any copies, analyses, notes, abstracts, extracts, summaries, memoranda or other writings or documents that contain, reflect, reveal, suggest, or otherwise disclose the substance or content of any "Confidential Information" shall also be deemed to be "Confidential Information" under this Stipulated Protective Order.

### Designation of Confidentiality

4. For purposes of this Stipulated Protective Order, the "Confidential Information" designation shall mean that the document contains a trade secret or other confidential technical or business information, or other information required by law or agreement to be kept confidential and may include, but is not limited to, (i) confidential research and development information, (ii) highly sensitive business, financial, sales or marketing information, (iii) technical information relating to any present or future products, (iv) information relevant to or capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, or (v) any other information that a producing party regards as highly

sensitive. The designation shall apply to information and materials of the producing party or information and materials of a third-party that the producing party is obligated to protect as confidential.

5. This Stipulated Protective Order is not intended to apply to information that, in fact, has not been maintained by a party or non-party on a confidential basis. Accordingly, the parties agree that no information, document, or thing shall be designated, regarded or treated as "Confidential Information" if:

> A. it is in the public domain or generally available to the public at the time of production or disclosure; or
>
> B. it becomes part of the public domain or generally available to the public through no fault of the receiving party.

6. Documents and things produced during the course of this litigation within the scope of Paragraph 4 above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

7. A party may designate information disclosed at a deposition as "Confidential Information" by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as "Confidential Information." If no such designation is made at the deposition or within such thirty (30) calendar day period (during which period, the transcript shall be treated as "Confidential Information"),

the entire deposition will be considered devoid of "Confidential Information." Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Stipulated Protective Order. It is the responsibility of counsel for each party to maintain materials containing "Confidential Information" in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Stipulated Protective Order.

8. A producing party at any time may remove the "Confidential Information" designation from any information, document or thing that the producing party has so designated.

### Inadvertent Production or Disclosure

9. Production of documents or things for the purpose of inspection and copying shall not constitute a waiver of confidentiality.

10. If a producing party inadvertently produces or discloses documents or other information without the proper designation of confidentiality, the producing party may nevertheless assert the confidentiality of the documents or information by a written notification to the receiving party that specifically identifies the document or information and its designation as "Confidential Information." The parties shall thereafter treat the documents or information as "Confidential Information." When information not initially designated as "Confidential Information" is later so designated, each party shall make a reasonable effort to retrieve documents containing the later-designated "Confidential Information" and shall make reasonable efforts to obtain the agreement of persons to whom the disclosure of such information may have been made to treat such information as "Confidential Information," but no sanctions shall be

imposed upon a party for any disclosure made before receipt of the written notification of the designation.

11. If information or documents subject to a claim of attorney-client privilege, attorney work product, third-party confidentiality, or any other applicable privilege are inadvertently produced or disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product to which the producing party would otherwise be entitled. If and when a producing party ascertains that privileged or otherwise protected information was inadvertently produced, the producing party shall notify the receiving party who, in turn, will take all reasonable steps to promptly return the privileged or protected material, and any copies, and to eliminate the information from any litigation support system.

## Challenges to Confidential Information

12. Nothing in this Stipulated Protective Order shall preclude a receiving party from contending that any or all information that has been designated as "Confidential Information" is improperly designated. A party shall not be obligated to challenge the propriety of any designation at the time of designation or production, and a failure to do so shall not preclude a subsequent challenge to the designation. A party may challenge the other party's designation of information or materials as "Confidential Information" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the basis for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the basis for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make

5

an appropriate application to this Court, requesting that specifically identified information, documents, things, or deposition or other testimony be excluded from the provisions of this Stipulated Protective Order. The party asserting confidentiality shall have the burden of persuading the Court that the information at issue should remain protected as designated. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential Information."

13. The Stipulated Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall the Stipulated Protective Order imply that confidential information is properly discoverable, relevant or admissible in this or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as confidential material on any other grounds it may deem appropriate.

### Restriction on Use of Produced Information

14. All "Confidential Information" may be used by the receiving party only for purposes of this litigation, including settlement negotiations, preparation, trial and appeal. "Confidential Information" may not be used by the receiving party under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose, except as may be required by law.

15. Nothing herein shall prevent any party from disclosing or using its own "Confidential Information" in any manner or at any location that it considers appropriate.

### Disclosure of Protected Information

16. "Confidential Information" shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Stipulated Protective Order.

17. "Confidential Information" may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons who have an actual need to have access to "Confidential Information" for use in this litigation:

   A. a party's in-house counsel and retained outside counsel and their respective staff, provided they are assisting in the prosecution or defense of this action;

   B. outside experts and consultants, and their respective staff, retained to assist the parties or their counsel as consultants or expert witnesses for the purpose of this litigation, provided that the requirements of Paragraph 18 of this Stipulated Protective Order have been first satisfied;

   C. any party or employees of any receiving party who are assisting counsel in this action;

   D. any person identified as an author or recipient of a document, or who otherwise has or has had lawful possession of the document or information;

   E. deponents in this litigation, subject to the restrictions set forth in Paragraph 19 of this Stipulated Protective Order;

   F. the Court or any personnel of the Court, any court reporters or videographers retained to record or transcribe trial or deposition testimony

in this action and any mediator appointed by the Court or agreed to by the parties; and

  G. personnel of photocopy, graphics, litigation, and jury consulting firms engaged by a party in connection with this litigation.

18. Outside experts or outside consultants, and their respective staff, may obtain access to "Confidential Information," pursuant to Paragraph 17(b) only after such persons have confirmed their understanding and agreement to abide by the terms of this Stipulated Protective Order by signing a copy of the Declaration of Compliance attached as Exhibit 1 to this Stipulated Protective Order.

19. Any disclosure or use of "Confidential Information" with a deponent who does not otherwise qualify for access to the information shall be made only with the permission of the producing party or by prior order of the Court. If a party intends to disclose or use "Confidential Information" with such a deponent, the party shall notify the producing party once that party determines that it intends to disclose or use the "Confidential Information." Such notification shall be made before the disclosure or use and shall be made sufficiently in advance of the disclosure or use to enable the producing party a reasonable opportunity to object to such disclosure or use. If the producing party objects, disclosure shall not occur without a Court order. The party who seeks to make the disclosure shall move the Court, upon reasonable notice, for an order permitting the disclosure and shall bear the burden of persuading the Court that disclosure should occur. Every deponent to whom "Confidential Information" is disclosed under the provisions of this paragraph shall sign Exhibit 1 before the disclosure occurs, but shall not be furnished a copy of the deposition transcripts or exhibits containing such "Confidential Information" unless the deponent is otherwise specifically authorized to receive such information

under this Stipulated Protective Order. Nevertheless, a deponent not specifically authorized to receive "Confidential Information" under this Stipulation may be allowed to inspect the transcript for the purpose of correcting and signing the transcript.

20. Counsel of record for each party shall maintain the original signed Declarations of Compliance.

### Court Filings and Proceedings

21. A party seeking to file any "Confidential Information" shall first seek the Court's permission to file the document under seal pursuant to a "restricting order" as specified in Local Rule 26.2(b), or, if acceptable to the Court, shall submit the information in a sealed envelope to the Court's chambers for review *in camera*, as authorized under Local Rule 26.2(d). The parties shall also obey Local Rule 5.8 when filing such documents.

22. Any party, or any interested member of the public, may challenge through appropriate motion practice the propriety of maintaining the confidentiality of any document filed or presented pursuant to Paragraph 22, above.

23. To the extent any dispute arises about the propriety of filing any document under seal, maintaining any document under seal, or presenting any document *in camera* pursuant to Paragraph 22, above, it shall be the responsibility of the party that designated the document "Confidential Information" to undertake any steps necessary to defend the document's confidential or sealed status.

### Third-Party Information

24. Third-parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Stipulated Protective

Order by endorsing it and may designate and produce documents, things or testimony containing "Confidential Information" in accordance with its provisions without further action by the Court.

### Miscellaneous

25. Within sixty (60) days after the termination of this litigation, whether by final judgment, settlement, dismissal or other final disposition, documents designated as "Confidential Information" and all copies and extracts of such documents, shall be returned to the producing party or destroyed, at the option of the receiving party. Outside counsel for the parties shall be entitled to retain the following documents that contain "Confidential Information": (a) court papers, including attachments or exhibits; (b) deposition and trial transcripts, including exhibits; and (c) attorney work product; provided that such outside counsel, and employees of such outside counsel, shall not disclose such documents, papers, or work product containing "Confidential Information" to any other person except pursuant to Court order or with the prior agreement of the party that produced the "Confidential Information."

26. In the event additional parties join or are joined in this action, they shall not have access to "Confidential Information" until the newly joined party by its counsel has executed and, at the request of any party, has filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

27. If any person qualified to obtain "Confidential Information" under this Stipulated Protective Order, or their agents or representatives, should receive any request for "Confidential Information" received by that person in this action, whether through formal compulsory process or lawful authority of the court or otherwise, such person, agent or representative, before responding, promptly shall serve written notice of the request on counsel for all parties to this Stipulated Protective Order in order to allow the producing party or parties to move an

appropriate court or tribunal for a ruling regarding the necessity of complying with the request. Absent a ruling from the appropriate court or tribunal on such a motion, the person or party receiving the request for information shall not produce any such information and shall thereafter produce the information only insofar as the court or tribunal may direct.

28. Upon final termination of this action, whether by final judgment, settlement, dismissal, or other final disposition, the provisions of this Stipulated Protective Order shall continue to be binding upon all parties, persons or entities who are subject to its terms, and the Court shall retain jurisdiction over the parties and the subject matter for the purpose of enforcing this Stipulated Protective Order.

29. Any party may apply to the Court at any time for relief from any provision of this Stipulated Protective Order.

30. Any party may apply to the Court for additional protection beyond the terms of this Protective Order with respect to "Confidential Information," as that party may consider appropriate.

31. The parties agree to be bound by this Stipulated Protective Order pending the execution and issuance of this Protective Order by the Court.

SO ORDERED this 7th day of December, 2007.

The Honorable Rebecca R. Pallmeyer

WE AGREE TO THE TERMS OF THIS STIPULATED PROTECTIVE ORDER.

                                **FISH & RICHARDSON P.C.**

Date: _____          By: _____
                                       David J. Bradford
                                       Terrence J. Truax
                                       Eric A. Sacks
                                       Daniel J. Weiss
                                       JENNER & Block LLP
                                       One IBM Plaza
                                       Chicago, IL 60611
                                       Telephone: (312) 222-9350
                                       Fax: (312) 527-0484

                                **ILLINOIS COMPUTER RESEARCH, LLC**

Date: _____          By: _____
                                         Raymond P. Niro
                                       Paul K. Vickrey
                                       Richard B. Megley, Jr.
                                       David J. Sheikh
                                       Karen C. Blouin
                                       Niro, Scavone, Haller & Niro
                                       181 West Madison, Suite 4600
                                       Chicago, Illinois 60602
                                       (312) 236-0733
                                       Fax: (312) 236-3137

                                **SCOTT C. HARRIS**

Date: _____          By: _____
                                         Raymond P. Niro
                                       Paul K. Vickrey
                                       Richard B. Megley, Jr.
                                       David J. Sheikh
                                       Karen C. Blouin
                                       Niro, Scavone, Haller & Niro
                                       181 West Madison, Suite 4600
                                       Chicago, Illinois 60602
                                       (312) 236-0733
                                       Fax: (312) 236-3137