# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT C. HARRIS and MEMORY CONTROL ENTERPRISE, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) ) | 07C 1389 |
| DELL, INC., GENERAL MOTORS CORPORATION and PANASONIC CORPORATION OF NORTH AMERICA, | ) ) ) ) | JURY TRIAL DEMANDED    JUDGE MORAN |
| Defendants. | ) ) | MAGISTRATE JUDGE MASON |

RECEIVED MAR 1 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Scott C. Harris and Memory Control Enterprise (collectively "plaintiffs") complains of Defendants, Dell, Inc. ("Dell"), General Motors Corporation ("General Motors"), and Panasonic Corporation of North America ("Panasonic") as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

2. Scott C. Harris ("Harris") is an individual who resides in San Diego, California. Harris is the inventor and owner of United States Patent No. 6,704,791 (the "'791 Patent"), entitled "Three Dimensional Experience For Thick and Thin Clients," which issued on March 9, 2004 (Exhibit A).

3. Memory Control Enterprise ("MCE") is an Illinois limited company that has a principal place of business at 415 East North Water Street, Chicago, Illinois 60611. MCE is the exclusive licensee of the '791 Patent and has the right to license and

enforce the '791 Patent. Harris and MCE have standing to sue for infringement of the '791 Patent.

4.     Dell, Inc. ("Dell.com") has its principal offices at One Dell Way, Round Rock, Texas 78682.

5.     General Motors Corporation ("GM.com") has its principal offices at 300 Renaissance Center, Detroit, Michigan 48265.

6.     Panasonic Corporation of North America ("Panasonic.com") has its principal offices at 1 Panasonic Way, Secaucus, New Jersey 07094.

7.     Each defendant transacts business in this judicial district and has committed acts of infringement in this judicial district, at least by operating websites and conducting business over those websites that are accessible to residents of Illinois and which infringe at least claim 1 of the '791 Patent.

8.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

9.     Dell.com, GM.com and Panasonic.com have infringed, and are now directly infringing claims 1, 2 and 6-9 of the '791 Patent through, among other activities, the use of the dell.com, gm.com and panasonic.com websites which facilitate thick and thin communication and by controlling and connecting their websites to third parties who carry out some steps of the infringement. Dell.com, GM.com and Panasonic.com have also infringed the '791 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the use of the Dell.com, GM.com and Panasonic.com websites, and by intentionally aiding, assisting and encouraging the infringement of others through the manufacturing and use of the Dell.com, GM.com, and Panasonic.com websites, which facilitate thick and thin communication.

10. Defendants' infringement, contributory infringement and inducement to infringe have injured plaintiffs and plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

11. Defendants' infringement has injured and will continue to injure plaintiffs, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining use of their websites in a manner that infringes the '791 Patent.

WHEREFORE, plaintiffs Harris and MCE respectfully request this Court enter judgment against defendants Dell, Inc., General Motors Corporation and Panasonic Corporation of North America, individually and jointly, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of plaintiffs, and against each of the defendants;

B. An award of damages adequate to compensate plaintiffs for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '791 Patent; and,

E. Such other relief that plaintiffs are entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

## Jury Demand

Plaintiffs demand a trial by jury on all issues presented in this complaint.

_____
Raymond P. Niro
Richard B. Megley, Jr.
Paul C. Gibbons
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax: (312) 236-3137