# Exhibit E

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2007 NOV -2 PM 2: 10
TX EASTERN-MARSHALL
BY_____

PA ADVISORS, LLC

    Plaintiff,

    v.

Civil Action No. **2 - 0 7 C V - 4 8 0** TJW

(1)  **GOOGLE INC.,**
(2)  **YAHOO! INC.,**
(3)  **FACEBOOK, INC.,**
(4)  **CONTEXTWEB, INC.,**
(5)  **SPECIFIC MEDIA, INC.,**
(6)  **FAST SEARCH & TRANSFER ASA,**
(7)  **FAST SEARCH & TRANSFER, INC.,**
(8)  **AGENTARTS, INC.,**
(9)  **SEEVAST CORPORATION,**
(10) **PULSE 360, INC.,**
(11) **WPP GROUP USA, INC.,**
(12) **WPP GROUP PLC, AND**
(13) **24/7 REAL MEDIA, INC.**

    Defendants.

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which PA Advisors, LLC ("PA Advisors")

makes the following allegations against Google Inc., Yahoo! Inc., Facebook, Inc., ContextWeb,

Inc., Specific Media, Inc., Fast Search & Transfer ASA, Fast Search & Transfer, Inc., AgentArts,

Inc., Seevast Corporation, Pulse 360, Inc., WPP Group USA, Inc., WPP Group plc, and 24/7

Real Media, Inc. (collectively the "Defendants").

## PARTIES

1.    Plaintiff PA Advisors, LLC ("PA Advisors") is a Texas limited liability company

with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.    On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043. Google has appointed its agent for service as follows: Corporation Service Company d/b/a CSC — Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3.    On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California 94089   Yahoo has appointed its agent for service as follows: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201

4.    On information and belief, Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its corporate headquarters and principal place of business at 471 Emerson Street, Palo Alto, California 94301. Facebook has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5.    On information and belief, Defendant ContextWeb, Inc. ("ContextWeb") is a Delaware corporation with its corporate headquarters and principal place of business at 22 Cortlandt Street, New York, New York 10007. ContextWeb has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6.    On information and belief, Defendant Specific Media, Inc. ("Specific Media") is a California corporation with its corporate headquarters and principal place of business at 4 Park Plaza, Suite 1900, Irvine, California 92614. Specific Media has appointed its agent for service as follows: Corporation Service Company d/b/a CSC — Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7.    On information and belief, Defendant Fast Search & Transfer ASA ("FAST-Norway") is a corporation organized under the laws of Norway with its corporate headquarters and principal place of business at Torggata 2-4-6, N-0181, Oslo, Norway. FAST-Norway may be served via the Hague Convention.

8.    On information and belief, Defendant Fast Search & Transfer, Inc. ("FAST-U.S.") is a Massachusetts corporation with its corporate headquarters and principal place of business at 117 Kendrick Street, Needham, Massachusetts 02494. FAST-U.S. has appointed its agent for service as follows: United Corporate Services, Inc., 720 Brazos Street, Suite 1115, Austin, Texas 78701.

9.    On information and belief, Defendant AgentArts, Inc. ("AgentArts") is a Delaware corporation with its corporate headquarters and principal place of business at 655 Montgomery Street, Suite 540, San Francisco, California. AgentArts has appointed its agent for service as follows: National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

10.    On information and belief, Defendant Seevast Corporation ("Seevast") is a Delaware corporation with its corporate headquarters and principal place of business at 680 Fifth Avenue, 10th Floor, New York, New York 10019. Seevast has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11.    On information and belief, Defendant Pulse 360, Inc. ("Pulse 360") is a Delaware corporation with its corporate headquarters and principal place of business at 680 Fifth Avenue, 10th Floor, New York, New York 10019. Pulse 360 has appointed its agent for service as

follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12. On information and belief, Defendant WPP Group USA, Inc. ("WPP Group USA") is a Delaware corporation with its corporate headquarters and principal place of business at 125 Park Avenue, 4th Floor, New York, New York 10017-5529  WPP Group USA has appointed its agent for service as follows: United Corporate Services, Inc., 874 Walker Road, Suite C, Dover, Delaware 19904.

13. On information and belief, Defendant WPP Group plc ("WPP Group") is a corporation organized under the laws of the United Kingdom with its corporate headquarters and principal place of business at 27 Farm Street, London W1J 5RJ. WPP Group may be served via the Hague Convention.

14. On information and belief, Defendant 24/7 Real Media, Inc. ("24/7 Real Media") is a Delaware corporation with its corporate headquarters and principal place of business at 132 West 31st Street, New York, New York 10001  24/7 Real Media has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this

district, has transacted business in this district, and has committed, contributed to, and/or induced acts of patent infringement in this district.

17.    On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,199,067

18.    PA Advisors is the owner by assignment of United States Patent No. 6,199,067 ("the '067 Patent") entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches." The '067 Patent issued on March 6, 2001. A true and correct copy of the '067 Patent is attached as Exhibit A.

19    Mr. Ilya Geller is listed as the inventor on the '067 Patent.

20.    Upon information and belief, Defendant Google has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Google Search, Google AdWords, Google AdSense, and Google AdSense for Content) implemented by and through various websites (including, but not limited to, www.google.com) that comprise

systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Google is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

21. Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo Search Marketing) implemented by and through various websites (including, but not limited to, www.yahoo.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Yahoo is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

22. Upon information and belief, Defendant Facebook has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the

'067 Patent. Defendant Facebook is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

23. Upon information and belief, Defendant ContextWeb has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant ContextWeb is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

24. Upon information and belief, Defendant Specific Media has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Specific Media is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

25. Upon information and belief, Defendant FAST-Norway has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by

others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant FAST-Norway is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

26.    Upon information and belief, Defendant FAST-U.S. has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant FAST-U.S. is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

27    Upon information and belief, Defendant AgentArts has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data

searches as covered by one or more claims of the '067 Patent. Defendant AgentArts is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

28. Upon information and belief, Defendant Seevast has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Seevast is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

29. Upon information and belief, Defendant Pulse 360 has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Pulse 360 is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

30. Upon information and belief, Defendant WPP Group USA has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by

others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant WPP Group USA is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

31. Upon information and belief, Defendant WPP Group has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant WPP Group is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

32. Upon information and belief, Defendant 24/7 Real Media has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or

computer data searches as covered by one or more claims of the '067 Patent. Defendant 24/7 Real Media is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

33.    To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

34.    On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '067 Patent complied with such requirements.

35.    As a result of these Defendants' infringement of the '067 Patent, PA Advisors has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

36.    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '067 Patent, PA Advisors will be greatly and irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, PA Advisors respectfully requests that this Court enter:

1.    A judgment in favor of PA Advisors that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '067 Patent;

2.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '067 Patent;

3.     A judgment and order requiring Defendants to pay PA Advisors its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '067 Patent as provided under 35 U.S.C. § 284;

4      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PA Advisors its reasonable attorneys' fees; and

5.     Any and all other relief to which PA Advisors may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**PA ADVISORS, LLC**

Dated: November 2, 2007

By: */s/ Eric M. Albritton*
Eric M. Albritton
Texas State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
Email: ema@emafirm.com

Of Counsel:
Joseph Diamante
**JENNER & BLOCK LLP**
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Email: jdiamante@jenner.com

**ATTORNEYS FOR PLAINTIFF**
**PA ADVISORS, LLC**