# Exhibit F

# JENNER&BLOCK

December 7, 2007

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Paul K. Vickrey, Esq.
Niro Scavone Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611-7603      New York
Tel 312 222-9350            Washington, DC
www.jenner.com

David J. Bradford
Tel 312 923-2975
Fax 312 840-7375
dbradford@jenner.com

Dear Paul:

    I write in response to your letter of December 6, 2007.

    Your purported inability to identify Fish & Richardson's clients while Mr. Harris was at the firm is a telling admission. They were his clients when he was a principal at Fish & Richardson. Both you and Mr. Harris had an obligation to identify his clients, so as not to assert claims against them in violation of clear fiduciary and ethical obligations not to do so. In any event, the universe of companies that received communications asserting infringement of the Harris patents is much smaller than the universe of Fish & Richardson clients during Mr. Harris's tenure as a principal. Please identify the companies that received such communications and we will advise you as to which of them were Fish & Richardson's (and thus Mr. Harris's) clients while Mr. Harris was a principal at Fish & Richardson.

    What is the basis for your continued assertions about review of Mr. Harris personal email account? We believe there is none. As we have said previously, our review of electronic files relating to Mr. Harris to date has been limited to electronic materials stored on the Fish & Richardson server. Given the Fish & Richardson policies that make it clear that Fish & Richardson retains the right to complete unfettered access to information stored on its server, we do not understand the basis for your assertions, nor have you provided one.

    Moreover, apart from information on the Fish & Richardson server, there is no prohibition on our right to conduct a review of any electronic materials stored on Mr. Harris's laptop computer, irrespective of whether those items were stored on the Fish & Richardson server, because the Fish & Richardson policies make clear that the laptop and all of its contents are subject to review by Fish & Richardson. As the directive applicable to Mr. Harris stated: "The computer systems and contents thereof are the property of Fish & Richardson P.C. All matters stored in the computers or on the network, and all communications on the system are subject to review and copying by Fish & Richardson P.C. Do not put anything on the system of such a personal nature that you would not want your employer to see it." In light of that policy, what is the basis for your assertion that such a review would be a "grave" matter? We have already answered your question on this topic. We have identified all requested documents that were reviewed by this firm or Fish & Richardson, as you requested. Do you believe there is a document that has been reviewed that was not identified or produced? If so, what is the basis for that assertion?

Paul K. Vickrey, Esq.
December 7, 2007
Page 2

      Finally, your repeated assertion that there was an "investigation" of Mr. Harris is unfounded. As you know, a client of the firm, Dell, complained about the fact that Mr. Harris had sued them, while he was a principal at Fish & Richardson. In connection with that issue, firm counsel gathered information and provided legal advice both to the firm and Mr. Harris. Objectively, they had a common interest in responding appropriately to that complaint. Without limitation, those communications are privileged based on the common interest doctrine. As previously noted, your client's public disclosure, through pleadings filed by your firm, of those privileged communications was a violation of legal and fiduciary duties.

      Thank you for your prompt response.

                              Very truly yours,

                              David J. Bradford

DJB:fms
cc:    Raymond P. Niro, Esq.
       David J. Sheikh, Esq.