## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ILLINOIS COMPUTER RESEARCH, LLC,            )
   *Plaintiff and Counterclaim Defendant,*      )
                                                               )
                   *v.*      )
                                                               )   No. 07 C 5081

FISH & RICHARDSON P.C.,                      )
   *Defendant, Counterclaimant, Third-*         )   Judge Rebecca R. Pallmeyer
   *Party Plaintiff, and Counterclaim*          )
   *Defendant,*                                 )   Magistrate Judge Maria Valdez
                                                               )
                   *v.*      )

SCOTT C. HARRIS,                             )
   *Third-Party Defendant and*                  )
   *Counterclaimant.*                           )

### FISH & RICHARDSON'S LOCAL RULE 37.2 STATEMENT

I am one of the attorneys for Fish & Richardson P.C. ("Fish & Richardson") in this action. Pursuant to Local Rule 37.2, I hereby certify that counsel for Fish & Richardson have attempted to confer in good faith with counsel for Illinois Computer Research, LLC ("ICR") and Scott C. Harris in an effort to secure Fish & Richardson's requested expedited discovery without Court action. The attempts to confer and reach an accord include the following:

     1.     On November 20, 2007 the Court granted Fish & Richardson's Motion for Limited Expedited Discovery. On November 21, 2007, pursuant to the Court's order, Fish & Richardson served six expedited requests on Mr. Harris and ICR. Among other things, Fish & Richardson requested:

> Any agreements to which the Niro firm is a party that reflect the formation of an attorney-client relationship with Harris, ICR, or with any party asserting an interest in any of the Harris patents - including any retainer or other agreement setting forth the terms and conditions on which the Niro firm agreed to represent a party asserting rights in relation to any of the patents.

(11/21/07 D. Bradford Ltr. ¶ 5, Ex. A to Mem.) ("Expedited Request No. 5"). For convenience, these are referred to as the "Retention and Fee Agreements." Fish & Richardson also requested:

> All documents created while Harris was at Fish & Richardson that relate or refer to the assertion or possible assertion of the Harris patents against                              any other client of Fish & Richardson, including but not limited to communications with the Niro firm on those topics.

REDACTED PURSUANT TO
STIPULATED PROTECTIVE
ORDER

(11/21/07 D. Bradford Ltr. ¶ 6, Ex. A to Mem.) ("Expedited Request No. 6"). For convenience, these documents are referred to as the "Targeting of Clients Documents."

2.      On December 4, 2007, Mr. Harris and ICR produced documents responsive to certain of Fish & Richardson's expedited discovery requests, but redacted important financial terms. As to the Targeting of Clients Documents and the Retention and Fee Agreements, Mr. Harris and ICR refused to produce any responsive documents. Eventually, Mr. Harris and ICR logged eight Retention and Fee Agreements. They refused even to log the Targeting of Clients Documents until Fish & Richardson provided a complete list of relevant clients.

3.      After several attempts to meet and confer, the parties reached an impasse regarding production of the Targeting of Clients Documents, the Retention and Fee Agreements, and unredacted copies of the redacted documents (the "Unredacted Documents"). Therefore, on December 11, 2007, Fish & Richardson moved to compel those three categories of documents.

4.      At the December 21, 2007 hearing on Fish & Richardson's Motion to Compel, counsel for ICR and Harris represented to the Court that production of the Retention and Fee Agreements was unnecessary. Counsel for ICR and Harris expressly represented that production of the Unredacted Documents would resolve Fish & Richardson's questions regarding the extent to which certain entities and individuals share in recoveries flowing from the Harris related patents. Specifically, counsel stated that the Unredacted Documents would "precisely delineate economic interest by percentage." (12/21/07 Hr'g Tr. 36-37.) Based on that assertion, the Court ordered production of the Unredacted Documents and advised Fish & Richardson that it could

revisit production of the Retention and Fee Agreements if the Unredacted Documents did not resolve Fish & Richardson's questions.

5.      On December 28, 2007, ICR and Mr. Harris purported to produce the Unredacted Documents, but they were incomplete.   Counsel for Fish & Richardson documented the deficiencies in ICR's and Mr. Harris's production in a letter dated January 28, 2008.  (01/28/08 E. Sacks Ltr., Ex. D to Mem.)  Among other requests, Fish & Richardson renewed its request for the Retention and Fee Agreements.   (*Id.*)   Also in January, counsel for Fish & Richardson provided a list of current clients and renewed Fish & Richardson's request for the Targeting of Clients Documents.   (01/29/08 E. Sacks Ltr., Ex. I to Mem.)   Counsel for ICR and Harris promised to substantively respond to the letters once he had a chance to review them in greater detail.

6.      On February 6, 2008, counsel for Fish & Richardson reminded counsel for ICR and Mr. Harris of counsel's promise to respond substantively and requested that he advise whether ICR and Mr. Harris would produce the requested materials or not.   On February 7, counsel for ICR and Mr. Harris again promised: "I will get you a reply."

7.      On February 15, 2008, counsel for Fish & Richardson again reminded counsel for ICR and Mr. Harris of his promise to respond substantively.   Counsel for Fish and Richardson also asked counsel for ICR and Mr. Harris to identify a time early the following week to discuss open expedited discovery issues.   Counsel for ICR and Mr. Harris ignored that request to meet and confer.   Instead, counsel for ICR and Mr. Harris asked to be advised of the specific expedited requests which remained unfulfilled, even though they had been detailed in the January letters.  (*See* 02/18/08 P. Vickrey Ltr., Ex. G to Mem.)

8.      On February 19, counsel for Fish & Richardson reminded counsel for ICR and Mr. Harris a third time of the need to respond and again offered to discuss the discovery issues.

Counsel for ICR and Mr. Harris again did not respond substantively and ignored the invitation to meet and confer. Instead, counsel for Mr. Harris and ICR asked counsel for Fish & Richardson to identify the documents not yet produced in response to Fish & Richardson's expedited requests.

9.      On February 21, 2008, counsel for Fish & Richardson wrote again to counsel for ICR and Mr. Harris and for the fourth time reminded him of the need to respond substantively to the January 28 letter. For the third time, counsel for Fish & Richardson invited counsel for ICR and Mr. Harris to meet and discuss the unresolved expedited requests. Counsel for Fish & Richardson also summarized again the outstanding discovery issues.

10.      On February 18, 2008, ICR and Harris finally provided a log of 28 Targeting of Clients Documents. However, the log was deficient in several respects, which counsel for Fish & Richardson outlined in detail in a letter dated February 21, 2008. (02/21/08 E. Sacks Ltr., Ex. E to Mem.) Counsel for Fish & Richardson again requested the Targeting of Clients Documents and again invited counsel for ICR and Mr. Harris to discuss these issues.

11.      On February 22, 2008, counsel for ICR and Harris promised counsel for Fish & Richardson: "I will formally address your various requests by letter by the end of today." Counsel for Fish & Richardson did not receive the letter dated February 22 until February 25. That letter enclosed an amended privilege log of Retention and Fee Agreements, as well as three new documents, including complete copies of the Unredacted Documents. But the Unredacted Documents did not resolve Fish & Richardson's questions regarding the precise economic interest of the parties. Mr. Harris promised to provide greater detail regarding the 28 logged Targeting of Clients Documents by February 27, but he did not. (02/22/08 P. Vickrey Ltr, Ex. F to Mem.) He produced a revised log on February 29, 2008, but it was still insufficient. (02/29/08 P. Vickrey Ltr., Ex. H to Mem.)

12.     Again, on February 27, 2008, counsel for Fish & Richardson outlined the deficiencies in ICR's and Mr. Harris's production during expedited discovery. (02/27/08 E. Sacks Ltr., Ex. J to Mem.)  The deficiencies in ICR's and Mr. Harris's production included a refusal to produce any of the Retention & Fee Agreements; a refusal to log all of the Targeting of Clients Documents; a refusal to produce any of the Targeting of Clients Documents; and a refusal to explain their production irregularities. (*Id.*)  Counsel for ICR and Mr. Harris continued to ignore counsel for Fish & Richardson's repeated invitations to meet and confer regarding the open expedited discovery issues. (*Id.*)

13.     On February 29, 2008, counsel for ICR and Harris wrote to counsel for Fish & Richardson and tendered a further amended log, which does not address the issues that Fish & Richardson has raised repeatedly.   No documents were produced with the letter.  Counsel for ICR and Harris stated that if counsel for Fish & Richardson thought there was something to discuss, that he would be prepared to discuss it during the week of March 3.  (2/29/08 Vickrey Ltr., Ex. H.)

14.     Despite repeated requests, counsel for ICR and Mr. Harris have refused to produce any of the Retention & Fee Agreements or the Targeting of Clients Documents, or even discuss these matters.  The parties are at an impasse concerning production of the requested documents and the sufficiency of the privilege log provided to date by ICR and Mr. Harris.

Dated:  February 29, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.


By:    David. J. Bradford
       dbradford@jenner.com
       One of Its Attorneys


David J. Bradford, Esq.
Terrence J. Truax, Esq.
Eric A. Sacks, Esq.
Daniel J. Weiss, Esq.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL  60611
Telephone No:  312 222-9350
Facsimile No:  312 527-0484