## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** )<br>    *Plaintiff and Counterclaim Defendant,* )<br>)<br>    *v.* )<br>)<br>**FISH & RICHARDSON P.C.**, )<br>    *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* )<br>)<br>    *v.* )<br>)<br>**SCOTT C. HARRIS**, )<br>    *Third-Party Defendant and Counterclaimant.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

### FISH & RICHARDSON'S RESPONSE TO MR. HARRIS'S AND ICR'S MOTION TO PROCEED WITH DISCOVERY

Scott Harris's and ICR's Motion to Proceed with Discovery provides no grounds for modifying this Court's February 14, 2008 Order staying new discovery until March 17, 2008. It also sets a new low for interjecting extraneous and inflammatory matters into a lawsuit.

**1.  There is No Basis to Reconsider this Court's February 14, 2008 Order Regarding Discovery.**

At the February 14, 2008 status hearing, the parties agreed, and this Court ordered, that a future course for this case would be set at a March 17, 2008 status hearing. (2/14/08 Order, Dkt. 101.) In settling on that approach, it was anticipated that by March 17 this Court may have ruled upon (a) Fish & Richardson's motion to amend its complaint, which will determine whether a number of additional defendants will be parties to the case; (b) Fish & Richardson's Rule 12(c) motions that will determine whether Mr. Harris's and ICR's counterclaims are part of the case; and (c) Mr. Harris's motion for protective order that may determine whether critical

communications sent through the Fish & Richardson email system can be used in this litigation. The parties also agreed to evaluate the potential and value for one further mediation session after the Court has ruled on those open issues. There is no reason presented in Mr. Harris's and ICR's motion to depart from that agreed-upon course.

Mr. Harris and ICR now assert they, and Mr. Harris's assignees, will suffer prejudice from any further delay. That claim is hollow. As Fish & Richardson has stated to counsel for Mr. Harris and ICR and the Court, once all of the appropriate parties are before the Court, Fish & Richardson is willing to consent to a trial on the merits within 90 to 120 days. More fundamentally, however, even if a schedule promptly can be set or full-scale discovery quickly launched, before Mr. Harris and ICR should be permitted to proceed with depositions in venues across the United States, Mr. Harris and ICR first should be required to respond fully to the expedited discovery that was ordered back in November 2007.

> 2.  **The Suggestion That Fish & Richardson Is Connected to a "Death Threat" Against Mr. Niro is Baseless, Highly Inflammatory, and Should Be Stricken.**

In an effort to argue that the Court should abandon an orderly approach for proceeding with this litigation, Mr. Harris's and ICR's motion makes the extraordinary and wholly unfounded suggestion that Fish & Richardson is associated with alleged "death threats" against Mr. Niro. (Harris/ICR Motion at 2.) The assertion is utterly unfounded, purposely inflammatory and completely irrelevant to the underlying issues in this case.

Specifically, Mr. Harris and ICR suggest that Fish & Richardson cooperated with a Cisco in-house attorney who, under a so-called "troll tracker" nom de plume, allegedly posted comments about Mr. Niro on internet blogs. (*Id.*) Mr. Harris and ICR provide no basis for their inflammatory allegation about Fish & Richardson and instead rely upon rank supposition and speculation. From this completely unfounded premise, however, Mr. Harris and ICR then

2

proceed to suggest, in a federal court pleading, that Fish & Richardson is associated with a "death threat against Mr. Niro" made in an internet posting by someone other than the so-called "troll tracker." (*Id.*)  The assertion is outrageous and more than exceeds the bounds of Rule 11.

First, there is no evidence Fish & Richardson has any connection to the cited statements. Instead, the dramatic claim of a "death threat" seems based on an absurd and anonymous internet posting (again by someone other than the so-called troll tracker), which a partner in the Niro firm apparently chose to draw attention to by republishing it in "Intellectual Property Today" (allegedly to be published on March 8, 2008 - a date which has not yet occurred).  Mr. Harris, ICR and the Niro firm have now chosen to draw even more attention to this same anonymous internet posting by republishing it again in their own federal court pleadings.

The anonymous internet posting at issue, by its content, appears to have been made in response to Mr. Niro's offer of a $15,000 reward for anyone disclosing the identity of the troll tracker - not in response to anything that Fish & Richardson did, and not in response to anything that has occurred in connection with this lawsuit.  And while the anonymous posting, which only the Niro firm has seen fit to repeatedly republish, contains inappropriate and reprehensible comments directed at the Niro firm, the posting does not appear to contain any "death threats." In short, none of the postings have any relevance to the underlying issues in this case or have anything to do with this lawsuit, and they have no place in any papers filed before this Court. They certainly provide no grounds for modifying this Court's February 14, 2008 Order staying new discovery until the March 17 status, and the anticipated resolution of several open issues.

For the foregoing reasons, Mr. Harris's and ICR's motion should be denied and/or the references to "death threats" in the motion should be stricken.

March 3, 2008                                    Respectfully submitted,

                                                    FISH & RICHARDSON P.C.

                                                    By:   s/ David J. Bradford
                                                           One of its Attorneys

                                                           David J. Bradford
                                                           Terrence J. Truax
                                                           Eric A. Sacks
                                                           Daniel J. Weiss
                                                           JENNER & BLOCK LLP
                                                           330 N. Wabash Avenue
                                                           Chicago, IL 60611
                                                          Telephone: 312 222-9350
                                                          Facsimile: 312 527-0484

**CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Karen L. Blouin
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois  60602

L. Steven Platt
Arnold and Kadjan
19 West Jackson Blvd., Suite 300
Chicago, IL 60604
(312) 236-0415


March 3, 2008.

                                                s/David J. Bradford

                                                JENNER & BLOCK LLP
                                                330 North Wabash Avenue
                                                Chicago, Illinois  60611
                                                Telephone No:  312 222-9350
                                                Facsimile No:  312 527-0484