## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** | ) ) ) | |
| *Plaintiff and Counterclaim Defendant,* | ) ) | |
| *v.* | ) ) | No. 07 C 5081 |
| **FISH & RICHARDSON P.C.,** | ) ) | Judge Rebecca R. Pallmeyer |
| *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* | ) ) ) ) | Magistrate Judge Maria Valdez **Public Version** |
| *v.* | ) ) | |
| **SCOTT C. HARRIS,** | ) ) | |
| *Third-Party Defendant and Counterclaimant.* | ) ) | |

### FISH & RICHARDSON'S REPLY REGARDING ITS
### RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Fish & Richardson submits this reply regarding its Renewed Motion to Compel Production of Documents (the "Motion") to apprise the Court of the parties' recent communications on this issue, and to request that the Court (i) order production of the unredacted copies of the various agreements, which counsel for Mr. Harris and ICR submitted *in camera* on March 5, 2008, and (ii) continue the Motion as to the requested relief concerning the Targeting of Clients Documents and the deficiencies in the privilege log produced by Mr. Harris and ICR, and permit Fish & Richardson to file a reply brief on the merits of that issue, should it be necessary, by March 24, 2008, so that the parties have additional time to meet and confer.

### 1.      Fully Unredacted Copies Of The Fee Agreements Should Be Produced.

Among other things, the Motion seeks the production of the Retention and Fee Agreements. On March 5, 2008, in response to this Court's Order, counsel for Mr. Harris and ICR submitted to the Court for *in camera* inspection an unredacted (and redacted) set of the fee

agreements, which constituted some of the documents at issue in Fish & Richardson's Motion. In light of the rationale underlying the evidentiary rule of completeness, Fed. R. Evid. 106, combined with Mr. Harris's fiduciary obligations while a principal at Fish & Richardson, and his prior history of redacting key information in order to avoid full disclosure of his activities, Mr. Harris and ICR should be required to produce an unredacted set of the materials to Fish & Richardson for inspection and copying.

In its opening brief, Fish & Richardson demonstrated that the Retention and Fee Agreements are relevant to understanding Mr. Harris's misconduct, the Niro firm's role in that misconduct and the relationships between Mr. Harris, the Niro firm and the shell entities. The Retention and Fee Agreements therefore are key documents that likely will be introduced in depositions, summary judgment and at trial. In light of the rule of completeness, those documents should be produced in unredacted form. *See* Fed. R. Evid. 106. Indeed, as the Court pointedly asked when ICR and Mr. Harris first proposed relying on *in camara* inspection: "Isn't [Fish & Richardson's] counsel entitled to know [the information contained in the agreements] without some kind of representation from the Court that could leave a lot of questions unanswered?" (Dec. 21 Hr'g Tr. at 36.) The answer is yes—and thus the documents should be produced in unredacted form.

In addition, as Fish & Richardson has demonstrated, "[t]he fiduciary duty owed by one partner to another includes a duty to make *full and fair disclosure*." *Peskin v. Deutsch*, 134 Ill. App. 3d 48, 53-54 (Ill. App. Ct. 1985) (emphasis added). Heavy redaction of relevant, non-privileged documents plainly is contrary to that fiduciary duty. These redacted documents concern potential assertions of claims against clients of Fish & Richardson while Mr. Harris was a principal at the Firm; at minimum, he owed the Firm, then and now, a duty of complete

disclosure with respect to these agreements. That legal principle, combined with Mr. Harris's prior history of using redacted documents to mislead Fish & Richardson, weighs in favor of full, unredacted disclosure.

For example, in Spring 2007, when a Fish & Richardson client was sued by Mr. Harris and a Niro-represented entity, Memory Control Enterprises ("MCE"), Fish & Richardson immediately confronted Mr. Harris and asked him for disclosure of the interests that he or any entity had in any patents that he prosecuted in his own name while a principal of Fish & Richardson. In responding to those inquiries, Mr. Harris deceived Fish & Richardson with misrepresentations and omissions about the extent of his patent holdings, the resources he used to obtain the patents, the compensation that he received for prosecuting the patents and the fact that Fish & Richardson clients and industries in which those clients operated had been targeted for enforcement of the patents. (Fish & Richardson's Countercl. and Third-Party Compl. ¶ 46, Dkt. Entry No. 21.)

REDACTED PURSUANT TO
STIPULATED PROTECTIVE
ORDER

**REDACTED PURSUANT TO**
**STIPULATED PROTECTIVE**
**ORDER**

Although Fish & Richardson relied to its detriment on Mr. Harris's pre-lawsuit misstatements, it should not have to do so again. There is a real concern that the redacted material now at issue in the March 5, 2008 *in camera* submission will further compound Mr. Harris's deception.

**REDACTED PURSUANT TO**
**STIPULATED PROTECTIVE**
**ORDER**

---

[1] Fish & Richardson believes the communication of Exhibit B to Fish & Richardson is privileged because it was sent by Mr. Harris to the Firm as part of Fish & Richardson's efforts to secure legal advice. (Mr. Harris has always had the underlying agreements.) Fish & Richardson continues to reserve all rights with respect to Mr. Harris's misconduct in disclosing privileged information.

The Retention and Fee Agreements are key documents that will be used throughout this litigation and should be produced to Fish & Richardson in full, unredacted form.

**2.     The Court Should Continue The Motion As To The Privilege Log Dispute In Order To Allow The Parties To Further Meet And Confer.**

Fish & Richardson's Motion also seeks the production of the Targeting of Clients Documents (or at the very least, an order compelling ICR and Mr. Harris to amend their privilege log). As demonstrated in Fish & Richardson's February 29 Local Rule 37.2 Statement, Fish & Richardson filed the Motion only after its numerous invitations to meet and confer with counsel for ICR and Mr. Harris were ignored. (Dkt. 107.) On March 7, 2008, following the parties' appearance on March 4 for argument on the Motion, Mr. Harris and ICR amended their privilege log. For several reasons, Fish & Richardson believes Mr. Harris's and ICR's amended privilege log remains facially deficient and incomplete, and does not address the issues articulated in the Motion. As a result, on March 10, 2008, Fish & Richardson once again offered to meet and confer in an effort to give ICR and Mr. Harris yet another chance to correct their deficiencies without additional intervention by the Court. Counsel for ICR and Mr. Harris informed Fish & Richardson that they were unavailable to meet anytime that week.

Therefore, in order to provide counsel an opportunity to meet and confer during the week of March 17, Fish & Richardson respectfully requests that this Court continue the Motion with respect to the issues of the Targeting of Clients Documents and privilege log, and permit Fish & Richardson to file a substantive reply brief on the merits of these issues by March 24, 2008 if the parties are unable to resolve this discovery dispute by way of a meet and confer.

Dated: March 17, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By:    s/ David J. Bradford
          One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Karen L. Blouin
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois 60602

L. Steven Platt
Arnold and Kadjan
19 West Jackson Blvd., Suite 300
Chicago, IL 60604
(312) 236-0415

March 17, 2008.

s/David J. Bradford

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Telephone No: 312 222-9350
Facsimile No: 312 527-0484