IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., *Defendant, Counterclaimant and Third-Party Plaintiff*, <br><br> v. <br><br> SCOTT C. HARRIS, *Third-Party Defendant and Counterclaimant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant.* | Case No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez |

## SCOTT HARRIS'S AND ICR'S MOTION TO COMPEL
## DEPOSITIONS OF FISH WITNESSES IN CHICAGO, ILLINOIS

Scott Harris and ICR now move to compel the depositions of Fish witnesses in Chicago, Illinois. Pursuant to Local Rule 37.2, counsel for ICR and Scott Harris, Paul Vickrey, states that he conferred with counsel for Fish, in a good faith effort to resolve the dispute but the parties were unable to reach an accord due to Fish's insistence on conducting the majority of depositions in locations other than Chicago. In support of this motion, Scott Harris and ICR state:

1.	Scott Harris and ICR served a Notice for a Rule 30(b)(6) deposition of Fish on December 12, 2007. On January 29, 2008 and January 31, 2008, Scott Harris and ICR served Notices for the depositions of the following Fish attorneys and employees: Ruffin Cordell, Peter Devlin, John Dragseth, Sharon Gebhart, Katherine Lutton, John Phillips, John Steele, and Dorothy Whelan; each of them have knowledge pertinent to Fish's claims.  The depositions were noticed for Chicago, where Fish filed its Complaint against Scott Harris, and where Fish filed its Counterclaim against ICR.

2.	After counsel for Scott Harris repeatedly requested Fish for a schedule for the depositions in Chicago, on March 10, Fish counsel indicated that the deponents would be produced at various locations around the country.  Fish has since revised its position; however it still proposes that the majority of the depositions be conducted in locations other than Chicago.

3.	Fish did not move for a protective order; it simply refuses to produce its witnesses in Chicago.  The general rule is that, "in the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice – even if he is a non resident."  Orrison v. The Balcor Co., 132 F.R.D. 202-203 (N.D. Ill. 1990).  Accord, MCI Worldcom Network Services v. Atlas Excavating, Inc., 2004 U.S. Dist. LEXIS 2736 at *4 (N.D. Ill. 2004) ("because MCI brought suit in the Northern District of Illinois, it must make party witnesses available in Chicago, even if these witnesses live elsewhere.")

4.	Furthermore, Scott Harris is an individual with limited resources and conducting depositions at various locations around the country would be a significant financial burden.

Respectfully submitted,


/s/  Paul K. Vickrey
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen L. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax:  (312) 236-3137

Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

# CERTIFICATION OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing **SCOTT HARRIS'S AND ICR'S MOTION TO COMPEL DEPOSITIONS OF FISH WITNESSES IN CHICAGO, ILLINOIS** was electronically filed with the Clerk of Court using CM/ECF system. In addition, the undersigned is serving the following attorney by electronic mail:

    David J. Bradford
    Eric A. Sacks
    Daniel J. Weiss
    Terrence J. Truax
    Jenner & Block LLP
    330 N. Wabash Avenue
    Chicago, IL 60611
    (312) 222-9350

        **Counsel for Fish & Richardson, P.C.**

on March 18, 2008.

        /s/ Paul K. Vickrey.