IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** ) | |
| *Plaintiff and Counterclaim Defendant,* ) | |
| ) | |
| *v.* ) | No. 07 C 5081 |
| ) | |
| **FISH & RICHARDSON P.C.,** ) | Judge Rebecca R. Pallmeyer |
| *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* ) | Magistrate Judge Maria Valdez |
| ) | |
| *v.* ) | |
| ) | |
| **SCOTT C. HARRIS,** ) | |
| *Third-Party Defendant and Counterclaimant.* ) | |

### FISH & RICHARDSON'S OPPOSITION TO MR. HARRIS'S AND ICR'S MOTION TO COMPEL DEPOSITIONS IN CHICAGO, ILLINOIS

ICR and Mr. Harris flagrantly have violated their obligations under the federal and local rules to meet and confer with Fish & Richardson before filing this discovery motion. Indeed, ICR and Mr. Harris repeatedly ignored Fish & Richardson's requests and pleas to meet and discuss the location of depositions. The motion was filed on the heels of Jenner & Block's request: "**Please do not file your motion until we can talk.**" ICR's and Mr. Harris's conduct is reason enough to deny their motion to compel depositions in Chicago. The motion should also be denied on the merits.

**A.     The Motion Should Be Denied Because ICR And Mr. Harris Refuse To Meet And Confer.**

For nearly two weeks, following the parties' last appearance before the Court on March 4, 2008, counsel for Fish & Richardson has requested a meeting with ICR's and Mr. Harris's counsel to meet and confer on the failure to produce all of the "targeting of clients" documents

and deficiencies in their privilege log.[1]  Mr. Vickrey, counsel for the plaintiffs, stated he was traveling and unavailable to meet.  While he was traveling, at *9:41 a.m.* on the day this motion was filed, Mr. Vickrey left this voice message for Mr. Truax, counsel for Fish & Richardson:

> "Hey Terry, it's Paul Vickrey.  Before we file our motion on the location of the depositions, I just want to confirm you guys are – will not budge – will not – on our insistence that the Fish depositions all be held in Chicago.  Could you – if you disagree with that – I mean if you will agree to bring everybody in to Chicago, could you give Karen Blouin a call in the next hour or so?  Thank you very much."

Mr. Bradford, counsel for Fish & Richardson, promptly responded:

> Dear Paul:
>
> Your voice mail to Terry Truax was forwarded to me, because Terry is traveling.
>
> I just called Karen Blouin and advised her that we would like to meet and confer about deposition locations; we would also like to meet and confer about 1) the production of the "targeting of clients" documents and 2) your privilege log;  we have been requesting for many weeks now that you meet and confer with us about those two issues.
>
> I suggest that we meet in person and try to resolve all open issues.  As you know, I recently had a productive conversation with Ray Niro and we committed to each other that our firms were going to make every effort to resolve all issues in this case in a cooperative and civil manner, including discovery issues.  To that end, I am available personally to meet with you or whomever you designate to try to resolve these issues virtually any time this week or next.

---

[1] On March 10, Fish & Richardson's counsel requested to meet and confer with plaintiffs' counsel, noting that Fish & Richardson had made several unsuccessful attempts to confer before filing its renewed motion to compel.  (3/10/08 T. Truax Ltr., Ex. A.)  The following day, plaintiffs' counsel responded that he was out of town and would address that issue the week of March 17.  (3/11/08 K. Blouin Ltr., Ex. B.)  The next day, Fish & Richardson's counsel again expressed his desire to confer at the earliest possible opportunity.  (3/12/08 T. Truax E-mail, Ex. C.)  On March 14, Fish & Richardson's counsel expressed for the third time his interest in setting a time as soon as possible to meet and confer.  (3/14/08 T. Truax Ltr., Ex. D.)  Plaintiffs' counsel ignored those requests.  On March 18, Fish & Richardson's counsel reiterated that it wished to meet and confer in person regarding the production of Targeting of Clients Documents and the privilege log, among other issues.  (E-mail from D. Bradford, 3/18/08, 10:40 a.m., Ex. E.)  Plaintiffs' counsel finally responded with a voice message, saying, "Consider this as our meet and confer. We are not supplementing the log.  We're not – we do not have any more documents for you.  So, whatever you want to file, file it."

> We do not think its productive to take open issues piecemeal and in particular, I do not believe it is fair or reasonable for you to insist that we meet and confer on issues that are important to you - while you refuse to concurrently meet and confer on issues that are important to us and as to which we have much more longstanding requests to meet and confer.
>
> *Please name a time this week or next when we can get together and try to resolve all these discovery issues. Thank you in advance for your cooperation.*

(E-mail from D. Bradford to P. Vickrey, 3/18/08, 10:40 a.m., Ex. E, emphasis added.)

Mr. Vickrey responded by voicemail:

> "David, it's Paul Vickrey. Consider this as our meet and confer. We are not supplementing the log. We're not – we do not have any more documents for you. So, whatever you want to file, file it. Unless we hear from you by – in an hour, we are filing our motion to compel depositions in Chicago. Bye."

Mr. Bradford promptly replied:

> Paul, I just received your voice message stating that you were filing a motion within the hour. **Please do not file your motion until we can talk.** I have a *number of ideas* on how to resolve the deposition location issue that I believe you will find reasonable. These include, as part of a global resolution of the "deposition location" issue, conducting certain depositions in Chicago, exploring the availability of piggy-backing certain depositions in convenient locations, and the possible use of video-conference depositions to reduce travel costs. I would at least appreciate an opportunity to speak with you about these ideas before you bring this matter to the Court's attention.
>
> Thank you in advance for your courtesy.

(E-mail from D. Bradford to P. Vickrey, 3/18/08, 2:25 p.m., Ex. E, emphasis added.)

Mr. Bradford was then instructed to make "your proposal" in writing and promptly did so. (E-mail from K. Blouin to D. Bradford, 3/18/08, 2:41 p.m., Ex. E.) Mr. Bradford requested that plaintiffs' counsel:

> [M]eet together in person and have a friendly and constructive exchange of views . . . I am prepared to do that anytime this week. If you prefer to wait for Paul's return, we can do so Monday morning. I am happy to come to your offices for that purpose, or arrange for coffee here.

(E-mail from D. Bradford to K. Blouin, 3/18/08, 3:29 p.m., Ex. E.)

*Less than an hour* later, ICR and Mr. Harris filed their motion to compel. (ICR/Harris Mot. Compel Dep., Dkt. 120.) Tellingly, ICR and Mr. Harris did not attach to the motion any of the aforementioned correspondence with Fish & Richardson, or file the required Rule 37.2 certification statement reciting the date, time and place of their efforts to resolve this discovery dispute. (*Id.*)

ICR's and Mr. Harris's motion should be denied because the parties are not at an impasse and ICR and Mr. Harris willfully have ignored their Local Rule 37.2 obligations. L.R. 37.2 ("this court shall hereafter refuse to hear any and all motions for discovery" that do not comply with L.R. 37.2); *Ridge Chrysler Jeep LLC v. Daimler Chrysler Serv.*, 2004 WL 3021842, at *4 (N.D. Ill. Dec. 30, 2004) (denying motion to compel for failure to comply with meet and confer obligations).

Counsel for ICR and Mr. Harris now assert that "[Fish & Richardson] simply refuses to produce its witnesses in Chicago." (ICR/Harris Mot. Compel Dep. at 2.) As demonstrated above, that statement is objectively incorrect. Fish & Richardson offered to bring several witnesses to Chicago, proposed numerous other ideas to reduce the parties' time and expenses, and stated it was flexible and open to other ideas. ICR and Mr. Harris simply ignored Fish & Richardson. Such conduct is fatal to discovery motions. ICR's and Mr. Harris's motion should be denied for their failure to meet and confer in good faith.

**B.     ICR And Mr. Harris Have Not Demonstrated That Fish & Richardson's Witnesses Should Be Deposed In Chicago.**

In addition to its obvious procedural defects, ICR's and Mr. Harris's motion is based on a misunderstanding of the law and seeks judicial intervention on an issue that should be resolved based on practical considerations and good faith by counsel.

First, contrary to ICR's and Mr. Harris's misstatement, Fish & Richardson is an out of state *defendant* in this litigation and therefore is not required to produce its officers in Chicago for depositions.[2] *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162-63 (N.D. Ill. 1982) (holding as a general rule out of state defendant-corporation's place of business is the proper location to hold depositions); *Lahey v. Santa Fe Land Improvement Co.*, 1986 WL 263 (N.D. Ill. June 13, 1986) (same). It cannot be disputed that ICR (and thus Mr. Harris, who stands to receive a substantial percentage of all patent related recoveries ICR receives), initiated this case by suing Google for patent infringement on September 10, 2007. (Dkt. No. 1.) And it cannot be disputed that ICR (and thus indirectly Mr. Harris) then brought Fish & Richardson into this litigation by amending its complaint to assert claims against Fish & Richardson. (Dkt. No. 16.) Indeed, in this case ICR and Mr. Harris have referred to themselves as "plaintiffs" and their counsel as "plaintiffs' counsel." (*See, e.g.*, Dkt. 102 at ii, 2, 9, 11, 12.) Therefore, it is plain that Fish & Richardson is an out of state *defendant* and is not obligated to bring its witnesses to Chicago merely for ICR's and Mr. Harris's convenience.

Second, that conclusion is unchanged by the fact that Fish & Richardson, after being summoned to this forum by ICR's lawsuit, subsequently asserted claims against ICR and Mr. Harris. A defendant who files a compulsory counterclaim "remains entitled to protection from deposition anywhere but his or her residence or business location." *Zuckert*, 96 F.R.D. at 162-63

---

[2] ICR and Mr. Harris cannot attempt to depose in Chicago out of state witnesses who are not officers of Fish & Richardson. Fed. R. Civ. P. 45(c)(3)(A)(ii) (subpoena must be quashed or modified if it would require a person "who is neither a party nor a party's officer to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person"). ICR and Mr. Harris have noticed in Chicago nine depositions of Fish & Richardson witnesses, none of whom resides or works in Illinois: Ruffin Cordell, Peter Devlin, John Dragseth, Sharon Gebhart, Katherine Lutton, John Phillips, John Steele, Dorothy Whelan and a 30(b)(6) representative. Of those nine deponents, only Mr. Devlin and Ms. Whelan are officers of Fish & Richardson. Therefore, at the very least, ICR's and Mr. Harris's motion should be denied as to the remaining witnesses.

("The complaint and counterclaim are thus inextricably related, and defendants-counterplaintiffs are entitled to be deposed at the location of their business"); *Sears v. Am. Entm't Group, Inc.*, 1995 WL 66411, at *3 (N.D. Ill. Feb. 13, 1995) ("The defendants/counterplaintiffs are therefore entitled to be deposed at their corporate offices"). Fish & Richardson's counterclaims against ICR arise from the same transactions and occurrences that are the subject matter of ICR's complaint, and are therefore compulsory. *See* Fed. R. Civ. P. 13. Thus, Fish & Richardson's witnesses need not be brought to Chicago.

Similarly, the general presumption protecting out of state defendants should not change simply because Fish & Richardson filed a related third-party complaint against Mr. Harris. Fish & Richardson has no offices or any employees, directors, officers or principals in Illinois. Indeed, Fish & Richardson only filed its third-party complaint here after it was forced into this forum by ICR's amended complaint. Fish & Richardson's attempt to conserve judicial resources, and its efforts to remedy its injuries more efficiently and less expensively by consolidating all related claims in a single court, should not now prejudice Fish & Richardson and its witnesses by requiring them to travel great distances for their depositions. In any event, even if Fish & Richardson were treated as a plaintiff here, it has already complied with its obligations by agreeing to produce all of its officers and its 30(b)(6) representative in Chicago.

Third, ICR and Mr. Harris have not met their "burden to establish that unusual circumstances or principles of justice" exist that would require the Court to deviate from the well-accepted rules that protect out of state defendants such as Fish & Richardson. *Sears*, 1995 WL 66411, at *1; *Zuckert*, 96 F.R.D. at 162. Fish & Richardson does not have an office in Illinois. None of its witnesses resides here. Moreover, all of the witnesses have important, demanding positions at Fish & Richardson. Therefore, deposing each of the witnesses in

Chicago will impose significant costs in terms of time, energy and expenses on Fish & Richardson.  And, of the nine Fish & Richardson witnesses that ICR and Mr. Harris have noticed, only two are officers of Fish & Richardson.  (*See infra* n.2 at p. 5.)  Nevertheless, in the spirit of compromise, Fish & Richardson has offered to produce three of its witnesses in Chicago, and has proposed numerous other solutions to limit the parties' expenses in taking the depositions.  Mr. Harris and ICR therefore cannot establish that special circumstances exist that require *all* of the depositions to occur in Chicago.

Moreover, Mr. Harris's attempts to claim financial hardship fail.  Tellingly, the motion says nothing of *ICR's* resources and ability to conduct depositions outside of Chicago.  In any event, a party's self-serving, unsupported representations about its financial ability to conduct out of state depositions deserve no weight.  *Sears*, 1995 WL 66411, at *2 (plaintiff/counterdefendant's "claim of financial hardship is unsubstantiated and unconvincing").  Mr. Harris has been a highly paid principal at a major law firm for many years.  His average income in 2005, 2006 and 2007 has significantly exceeded $1 million per year.  Moreover, documents produced during discovery indicate Mr. Harris also has benefited substantially from infringement suits related to his patents and has been promised millions of dollars under the various license and assignment agreements.

Most importantly, these issues should have been resolved by counsel through the meet and confer process.  Fish & Richardson had offered, and remains willing, to hold some depositions in Chicago, schedule depositions of west coast witnesses to minimize as much as possible the amount of travel required to the west coast, where third-parties like Google and Amazon have been subpoenaed by Mr. Harris and ICR for deposition.  The parties should also discuss the use of stipulating and videoconferencing to reduce travel and litigation expenses.

If Mr. Harris and ICR remain unwilling to confer with Fish & Richardson and reach an agreeable solution to deposition scheduling, the Court should follow the general presumption that Fish & Richardson's witnesses need not be deposed in Chicago.

### **Conclusion**

For the foregoing reasons, Fish & Richardson respectfully requests that ICR's and Mr. Harris's motion be denied.

March 21, 2008.

Respectfully submitted,

FISH & RICHARDSON P.C.

By:    s/ David J. Bradford
        One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Karen L. Blouin
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois 60602

L. Steven Platt
Arnold and Kadjan
19 West Jackson Blvd., Suite 300
Chicago, IL 60604
(312) 236-0415


March 21, 2008.

                s/David J. Bradford

                JENNER & BLOCK LLP
                330 North Wabash Avenue
                Chicago, Illinois 60611
                Telephone No: 312 222-9350
                Facsimile No: 312 527-0484