# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>    *Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>FISH & RICHARDSON P.C.,<br>    *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,*<br><br>v.<br><br>SCOTT C. HARRIS,<br>    *Third-Party Defendant and Counterclaimant.* | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez<br><br>**Redacted Public Version** |

## FISH & RICHARDSON'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RENEWED MOTION TO COMPEL

This Court has under submission, by reason of Fish & Richardson's initial motion to compel (Dkt. 62) and renewed motion to compel (Dkt. 106), whether to order production of *unredacted* Retention and Fee Agreements between the Niro firm and the various patent-holding entities in which Mr. Harris has an interest. This brief is submitted because a document recently produced by Mr. Harris further demonstrates that ICR and Mr. Harris should be required to produce the Retention and Fee Agreements in *unredacted* form.

Mr. Harris recently produced (in unredacted form) what appears to be a draft retention and fee agreement between one of the shell entities, Memory Control Enterprise, LLC ("MCE"), and the Niro firm (the "Unredacted Draft Agreement"), dated November 28, 2006, and addressed to Scott Harris. (Ex. 1.) Fish & Richardson has only seen the heavily-redacted version of the final MCE agreement (and the other agreements), but it is a fair inference that their terms reflect the terms of the unredacted draft. If so, the terms of the final agreements are directly relevant to the

issues in the case for reasons set forth below, plainly are not privileged, and should not be redacted. If the final versions do not contain the same terms as the draft agreement, then Fish & Richardson is entitled to know that fact and inquire why.

The Unredacted Draft Agreement demonstrates that the redacted provisions of the Retention and Fee Agreements likely contain relevant and non-privileged information for at least three reasons:

*First*, as the Court is well aware, Fish & Richardson has alleged that Mr. Harris breached his express contractual obligations to devote his "full business time" to Firm business and to seek Firm approval before accepting or performing any duties or assignments "which may impinge substantially" on his time or energy.[1] (*E.g.*, Countercl. and Third-Party Compl. ¶ 17, Dkt. 21.)

REDACTED

---

[1] Section 4 of the Law Firm Agreement provides in part:

> (a) <u>Extent of Service</u>. The Employee covenants and agrees to devote his or her *full business time*, best efforts and skill to his or her employment with the [Firm], and to perform his or her services capably, faithfully and to the best of his or her ability. The Employee shall abide by all policies, guidelines and procedures of the [Firm].
>
> (b) <u>Outside Activities</u>. The acceptance or performance by the Employee of offices, duties or assignments, other than the practice of law with the [Firm], *which may impinge substantially on time* or energy normally required for business of the [Firm] or that may be deemed by the Board of Directors to be detrimental to the best interests of the [Firm] . . . *must be approved in advance by the Board of Directors* . . . . The ownership, purchase or sale of equity or other interests in, or other business dealings with, or the participation in the business of clients of the [Firm], including, without limitation, participation as an officer, director, trustee, manager or employee, by the Employee may be further limited and may be subject to prior approval of the Board of Directors . . . .

(Law Firm Agreement § 4(a), (b), emphasis added.)

2

REDACTED

*Second*, as Fish & Richardson has previously demonstrated, Mr. Harris's financial and ownership interests in the patent-holding entities is a vitally important, non-privileged fact.
REDACTED
Again, however, due to the heavy redaction of the Retention and Fee Agreements, is not clear what those documents say regarding Mr. Harris's ownership interests.

*Third*, the Unredacted Draft Agreement sheds light on the economic terms, which counsel represented would be made clear in the redacted versions. (03/04/08 Hr'g Tr. at 9.)

REDACTED

These facts are necessary, under the rule of completeness, to give context and definition to the unredacted portions of the economic terms.[2]

Additionally, the Unredacted Draft Agreement supports Fish & Richardson's previously articulated position that the Retention and Fee Agreements are not privileged and thus cannot be redacted on that basis.

**REDACTED**

That unredacted draft does not reflect any work product or attorney advice. This strongly suggests that the redacted final fee agreement also does not contain any work product or attorney advice and that there is no plausible grounds to redact portions of them based on claims of privilege.

As noted, due to ICR's and Harris's heavy, unjustified redactions, it is unclear whether the Retention and Fee Agreements contain the exact same provisions as the draft, similar provisions, or other relevant provisions that may be unique to a particular representation or entity. What *is* clear is that Fish & Richardson should not be forced to guess. Instead, ICR and Mr. Harris should be required to produce the Retention and Fee Agreements in complete, unredacted form.

---

[2] Without supporting legal authority, ICR and Mr. Harris have long fought production of the Retention and Fee Agreements. Initially, for example, counsel for Mr. Harris and ICR incorrectly represented that production of certain other documents would answer Fish & Richardson's questions—a position they have since abandoned. More recently, in yet another attempt to withhold relevant, non-privileged information, Mr. Harris and ICR produced *heavily* redacted copies of the Retention and Fee Agreements to Fish & Richardson, and unredacted copies of the same documents to the Court for *in camera* inspection. ICR's and Harris's counsel emphasized that it would redact only "noneconomic" information contained in the agreements; the Court would then review unredacted copies *in camera* to determine whether full production was proper. (03/04/08 Hr'g Tr. at 14-15.) As demonstrated in Fish & Richardson's March 17 Reply Regarding Its Renewed Motion to Compel, the production of redacted versions of the Retention and Fee Agreements is insufficient in light of the evidentiary rule of completeness, Mr. Harris's fiduciary obligations and his prior history of redacting key information to mislead Fish & Richardson. (Dkt. 118.)

4

Dated: March 27, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By:   <u>s/ David J. Bradford</u>
      One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Karen L. Blouin
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois 60602

L. Steven Platt
Arnold and Kadjan
19 West Jackson Blvd., Suite 300
Chicago, IL 60604
(312) 236-0415

March 27, 2008.

                                              s/David J. Bradford

                                              JENNER & BLOCK LLP
                                              330 North Wabash Avenue
                                              Chicago, Illinois 60611
                                              Telephone No: 312 222-9350
                                              Facsimile No: 312 527-0484

# EXHIBIT 1

REDACTED PURSUANT TO
STIPULATED PROTECTIVE ORDER