IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., *Plaintiff and Counterclaim Defendant*, ) ) ) ) v. ) ) FISH & RICHARDSON P.C., *Defendant, Counterclaimant and Third-Party Plaintiff*, ) ) ) ) ) v. ) ) SCOTT C. HARRIS, *Third-Party Defendant and Counterclaimant*, ) ) ) ) ) v. ) ) FISH & RICHARDSON P.C., Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant. ) ) ) ) | Case No. 07 C 5081 Honorable Rebecca R. Pallmeyer Magistrate-Judge Maria Valdez |

**SCOTT HARRIS'S AND ICR'S COMBINED RESPONSE TO
FISH & RICHARDSON'S MOTION FOR LEAVE TO FILE *INSTANTER* A
SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RENEWED MOTION TO COMPEL
AND ITS OWN MOTION FOR SANCTIONS**

Ignoring the importance of the attorney-client privilege, Fish & Richardson now relies upon an inadvertently produced unredacted privileged document as the basis for its Motion for Leave to file *Instanter* a Supplemental Brief in Support of its Renewed Motion to Compel. Fish was informed of the inadvertent production and according to the Protective Order entered in this case, cannot use the previously redacted portions of the document as a basis for its motion. The subsequent refusal to return the

inadvertently produced document, in violation of the Protective Order and the Rules of Professional Responsibility, is grounds for sanctions.

Fish has attempted to compel the production of various Niro firm Retention and Fee Agreements since December 2007 (Docket Entry No. 62). The Niro firm has produced redacted copies of the Retention and Fee Agreements and has maintained that the redacted portions are privileged. The subsequent production of an unredacted copy of a draft Retention and Fee Agreement between the Niro firm and Memory Control Enterprise, LLC ("MCE") was inadvertent (Ex. A, Declaration of Karen Blouin).

When a document that has previously been produced only in redacted form and is subsequently produced in an unredacted form, it is obvious that the production of an unredacted copy was inadvertent. (In re Sulfuric Acid Antitrust Litigation, 235 F.R.D. 407, 417 (N.D.Ill. 2006) (finding when a report that was published four times with redacted pages, followed by a production of an unredacted copy, the production of the unredacted copy was obviously inadvertent.) Making the inadvertent production even more obvious is the fact that the Retention and Fee Agreement has been the subject of a motion to compel. Certainly if the Retainer and Fee Agreements did not contain privileged information, the Niro firm would have conserved the Court's and parties' resources by producing them and rendering the Renewed Motion to Compel moot.

The protective order entered in this case is unambiguous: Fish is required to return the inadvertently produced document promptly:

> When a producing party ascertains that privileged or otherwise protected information was inadvertently produced, the producing party shall notify the receiving party who, in turn, will take all reasonable steps to **promptly return** the privileged or protected material, and any copies, and to **eliminate the information from any litigation support system**. (Docket Entry No. 65, para. 11, emphasis added).

Fish not only has refused to return the document, it is also using it affirmatively. Fish was informed of the inadvertent production on March 27, 2008 (Ex. B). As such, the unredacted copy of the draft Retention and Fee Agreement between the Niro firm and MCE cannot now properly be the basis of Fish's Motion for Leave to file *Instanter* a Supplemental Brief of its Renewed Motion to Compel. Plaintiffs again request that consistent with the Order of this Court. Fish immediately return the inadvertently produced document and all copies of that document.

Fish, through its counsel Jenner & Block ("Jenner"), is also refusing to return the inadvertently produced document on the grounds that it considers the document "plainly not privileged" (Ex. C, E-mail from David Bradford to Karen Blouin). Jenner has challenged the privilege of the Retention and Fee Agreements in Court and cannot unilaterally usurp the Court's power by dictating that the draft Retention and Fee Agreement is now not privileged before any ruling by the Court.

Jenner's acts are blatantly unethical. According the ABA Rules of Professional Conduct, Rule 4.4(b):

> A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender.

Jenner did not inform the Niro firm that a draft Retention and Fee Agreement was inadvertently produced, although, as stated above, the draft was clearly inadvertently sent. Rather than fulfill its ethical obligation, Jenner instead filed a motion based on the inadvertently produced document. For the reasons set forth, the Court should find that Fish and/or Jenner violated the Agreed Protective Order and find grounds for sanctions.

Respectfully submitted,


/s/  Karen L. Blouin
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen L. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax:  (312) 236-3137

Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **SCOTT HARRIS'S AND ICR'S RESPONSE TO FISH & RICHARDSON'S MOTION FOR LEAVE TO FILE INSTANTER A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RENEWED MOTION TO COMPEL** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

> David J. Bradford - dbradford@jenner.com;;;
> Eric A. Sacks - esacks@jenner.com
> Daniel J. Weiss - dweiss@jenner.com
> Terrence J. Truax - ttruax@jenner.com
> Jenner & Block LLP
> 330 N. Wabash Avenue
> Chicago, IL  60611
> (312) 222-9350
> **Counsel for Fish & Richardson, P.C.**

on March 28, 2008.


/s/  Karen L. Blouin