### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC**, )<br>        *Plaintiff and Counterclaim Defendant,* )<br>)<br>        *v.* )<br>)<br>**FISH & RICHARDSON P.C.**, )<br>        *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* )<br>)<br>        *v.* )<br>)<br>**SCOTT C. HARRIS**, )<br>        *Third-Party Defendant and Counterclaimant.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

### FISH & RICHARDSON P.C.'S OPPOSITION TO
### SCOTT HARRIS'S AND ICR'S COMBINED MOTION FOR SANCTIONS

Jenner & Block, on behalf of Fish & Richardson, promptly, unequivocally and specifically stated that it will comply with the protective order in this case. (*See* 03/27/08 D. Bradford Ltr. at 1, attached as Ex. A.) Indeed, counsel specifically stated: "We will, of course, comply with the protective order." (*Id*.)

Accordingly, ICR's and Mr. Harris's assertion that Jenner & Block has refused to return an allegedly privileged and inadvertently produced document is simply false and reflects an unfounded attack on the professionalism of counsel. It is also another instance of a filing by Mr. Harris and ICR that attached only selected correspondence. The Motion for Sanctions is therefore baseless and never should have been filed.

### A. Jenner & Block Specifically And Promptly Stated That It Would Comply With The Protective Order – In a Letter Omitted From The Motion For Sanctions.

On Thursday, March 27, Fish & Richardson filed a motion for leave to file a supplemental memorandum in support of its renewed motion to compel, attaching a draft fee agreement as an exhibit. **_After_** that filing, Mr. Harris's and ICR's counsel sent a letter claiming the exhibit was somehow privileged and had been inadvertently produced.[1]

The same day as the claim of inadvertent production, Thursday, March 27, 2008, Jenner & Block immediately issued instructions to its client to gather and return copies of the identified document. It also issued instructions within Jenner & Block to find and delete all electronic transmissions of the document within the firm. Jenner & Block wrote to counsel for Mr. Harris and ICR that same day, and specifically stated that it would comply with the protective order, even though it disagreed with the claim of privilege. The letter from Jenner & Block, which was sent **after** the email attached to the Harris brief, is conspicuously omitted from Mr. Harris's and ICR's papers. It is attached to this memorandum as Exhibit A. The letter unqualifiedly states that "We will, of course, comply with the protective order." (Ex. A.) (The protective order requires return of inadvertently produced documents as to which a claim of privilege is made.)

The contention in Mr. Harris's and ICR's papers that Jenner & Block is refusing to return disputed documents is simply outrageous, and without a good faith basis. The request for sanctions is equally improper and disappointing, and should be denied.

---

[1] Apparently due to a failure to reset the time for day light savings time on the Niro firm's fax machine, the letter was time stamped as "sent" 30 minutes before the Fish & Richardson motion was filed, but in fact was not sent until 30 minutes *after* the motion was electronically filed and thereby served, a point noted by Jenner & Block in an e-mail to counsel for Harris and ICR. (*See* Ex. C, attached to the Motion for Sanctions.)

2

### B. The Claim Of Privilege Is Unfounded And Without Good Faith Basis.

Notwithstanding Jenner & Block's agreement to return the disputed documents, there has been no valid claim of privilege or good faith basis to make such a claim. First, the documents were not (and still are not) identified on a privilege log that the Niro firm repeatedly has represented is complete. Second, the documents do not, on their face, appear to contain any privileged communications. Indeed, there is no foundation to conclude that the draft fee agreement, submitted by Fish & Richardson in its supplemental brief, was ever communicated between lawyer and client, unlike the redacted fee agreements submitted to this Court. Moreover, just a day before the draft fee agreement was submitted to this Court, ICR and Mr. Harris specifically omitted that document from the list of documents that they purportedly produced inadvertently.

ICR's and Mr. Harris's assertion of inadvertent production and privilege as to the fee agreement was the second such assertion in as many days. On Wednesday, March 26, Mr. Harris and ICR asserted "inadvertent production" over a number of documents. Those documents identified on March 26 also do not appear to be privileged. They appear to be papers written by Mr. Harris to himself, apparently while still at Fish & Richardson, related to price negotiations for the sale of his patents. Counsel to Fish & Richardson, Mr. Bradford, advised counsel for Mr. Harris on Tuesday, March 25, at a meet and confer at the Niro firm's offices, that it would likely be supplementing the list of "targeted clients," currently used for discovery purposes, based on documents that Mr. Harris had produced the prior week. Counsel explained that the Harris notes to himself had been forwarded to various attorneys at Fish & Richardson, so that Fish & Richardson could determine which of the various parties that were targeted for litigation were Fish & Richardson clients.

At the meet and confer, counsel for Mr. Harris took the position that one of the notes could be privileged. In response, the *very* same day, Mr. Bradford sent the document discussed at the meet and confer back to counsel for Mr. Harris and noted that it was clear that the document was not privileged. (Ex. B, attached.)

The next day, March 26, the Niro firm asserted that numerous other documents - all apparently draft responses by Mr. Harris to a Niro firm form related to the sale of patents, identifying price terms for a sale of the patent and the identity of parties that might be sued on the patents - were inadvertently produced and were really privileged. It appeared that the Niro firm had reviewed the very modest Harris/ICR production to try to identify all "inadvertent production" as broadly as possible. Jenner & Block wrote back the next day, March 27, expressing disagreement with the privilege claim, but stating expressly that it would, of course, comply with the protective order. Jenner & Block noted that it might take some time to gather and return the documents, because the documents had been distributed to clients in multiple locations and had been attached to multiple emails. The next communication from counsel for Mr. Harris and ICR was the instant motion for sanctions, filed on Friday evening.

All of the documents as to which Mr. Harris suddenly claimed "inadvertent production" and requested return last week, have the following in common:

- As stated in Jenner & Block's letter of March 27, they will be returned (or destroyed) as soon as all copies are gathered from the Fish & Richardson offices in California, Minnesota, and Massachusetts to which they had previously been forwarded and all emails containing them have been located;

- They do not contain any apparent basis or foundation for a claim of privilege;

- There is no foundation to suggest that the documents were ever sent from one person to another, i.e. they appear to be notes and drafts that were not actually communicated to or from counsel;

- To this date, they are not listed on any privilege log, despite representations by counsel for Harris and ICR that their log was complete;

- The documents contain "smoking gun" admissions.

### C. This Court Should Review The Disputed Documents *In Camera*.

While Jenner & Block will, as it has committed, return all of the identified documents to opposing counsel (or destroy all of its copies), this Court should consider each of the disputed documents *in camera* to determine whether they are privileged.

Mr. Harris should not be permitted to cloak patently non-privileged documents in an unfounded assertion of privilege - and then distract attention from its improper claim by making offensive and baseless assertions about the professionalism of opposing counsel.

In light of the assertion of inadvertent production, Fish & Richardson will withdraw its Motion To File *Instanter* a Supplemental Brief In Support Of Its Renewed Motion To Compel without prejudice to re-filing it upon a determination of whether the unredacted fee agreement attached to the motion is privileged.

This Court should order Mr. Harris and ICR to log the "inadvertently produced" documents on a privilege log, identified by bates stamp, so that they can later be accounted for. The Court also should direct counsel for Mr. Harris and ICR to file copies of each of the documents under seal with this Court, so the Court may review each of the documents *in camera,* to determine whether they are privileged and whether there was a good faith basis for such a claim.

The Court also should deny the motion for sanctions.

Dated: March 30, 2008         Respectfully submitted,

                                                    FISH & RICHARDSON P.C.

                                                    By:   s/ David J. Bradford
                                                                 One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Karen L. Blouin
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois 60602

L. Steven Platt
Arnold and Kadjan
19 West Jackson Blvd., Suite 300
Chicago, IL 60604
(312) 236-0415

March 30, 2008.

                                                                         s/David J. Bradford

                                                                         JENNER & BLOCK LLP
                                                                         330 North Wabash Avenue
                                                                         Chicago, Illinois 60611
                                                                         Telephone No: 312 222-9350
                                                                         Facsimile No: 312 527-0484