# EXHIBIT A

**JENNER&BLOCK**

Jenner & Block LLP	Chicago
330 N. Wabash Avenue	Dallas
Chicago, IL 60611-7603	New York
Tel 312 222-9350	Washington, DC
www.jenner.com

David J. Bradford
Tel 312 923-2975
Fax 312 840-7375
dbradford@jenner.com

March 27, 2008

**VIA E-MAIL**

Paul K. Vickrey
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, IL 60602

Dear Paul,

I received Karen's letter dated March 26, 2008. In it, you request the return of all copies of the documents labeled Harris 000057-81 and Harris 000315-53 (the "Requested Documents") and produced to Fish & Richardson on March 18, 2008. You assert that the Requested Documents are privileged, were inadvertently produced, and are drafts of documents described on Mr. Harris's privilege log as entries 23 through 28. We will, of course, comply with the protective order.

The protective order provides for the return of privileged material, but we see no basis for your assertion of privilege over the Requested Documents. Indeed, given the nature of the materials and several points we have already made in correspondence to you and in court filings, we have serious concerns regarding your assertion of "inadvertent privilege" over so much material. We ask that you log the Requested Documents, providing appropriate foundation (including author, any recipients, date, subject matter, and basis for withholding each document) so that we can evaluate the claim of privilege. Unless and until they are logged and the ground for privilege identified, there is no foundation for Mr. Harris's claim of privilege. Further, we request that you promptly identify the bates number of all documents on your privilege log, including these documents. We are very concerned that your descriptions of documents are so general that we may later have a misunderstanding or disagreement about what documents you were referring to in your privilege log. This is particularly true of documents logged as entries 23 through 28 on Mr. Harris's privilege log, which you now assert are final version of the documents you assert were inadvertently produced.

While you log the documents and provide the foundation, if any, for a claim of privilege, we will comply with your request by taking reasonable steps to promptly gather the Requested Documents and to eliminate them from our litigation support system. This process, however, will take some time. As I informed you with respect to the one document that we discussed during our meet and confer on Tuesday, copies of these documents have been distributed to multiple Fish & Richardson attorneys, so that they could assist us in identifying which of the many potential companies referenced in the documents are or were Fish & Richardson clients. These documents were attached to multiple e-mails; it will not be easy to gather all the paper copies and eliminate all the electronic copies. Our conduct in doing so is not an acknowledgment that there is a viable claim of privilege with respect to these documents.

Given our serious concerns regarding whether any claim of privilege could be established regarding the Requested Documents, we would like to meet and confer regarding what should be done regarding the Requested Documents.

Finally, Karen attached a revised privilege log to her letter. Fish & Richardson previously explained to you and to the Court that entries 23 through 28 are not privileged on their face because no attorney (or anyone else) was listed as a recipient. Apparently, in an attempt to remedy that deficiency, you now list "NSHN" as the recipient of each of the documents described in entries 23 through 28. Please provide the names of the attorneys at your firm who received those documents and state whether they were transmitted on the dates listed on Mr. Harris's log. It is unclear from Mr. Harris's two logs whether the documents were prepared and transmitted on the same or different dates.

Fish & Richardson expressly reserves the right to contest further the assertion of privilege over the Requested Documents and the adequacy of the newly revised privilege log.

Sincerely,

David J. Bradford

cc: Raymond P. Niro
Karen L. Blouin
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss