# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>    *Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>GOOGLE, INC.<br>    *Defendant, and*<br><br>FISH & RICHARDSON P.C.,<br>    *Defendant, Counterclaimant and*<br>    *Third-Party Plaintiff,*<br><br>v.<br><br>SCOTT C. HARRIS,<br>    *Third-Party Defendant and Counterclaimant,*<br><br>FISH & RICHARDSON P.C.,<br>    *Defendant, Counterclaimant, Third-Party*<br>    *Plaintiff and Counterclaim Defendant.* | Case No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Mag. Judge Maria Valdez |

**ILLINOIS COMPUTER RESEARCH, LLC'S
RESPONSES TO FISH & RICHARDSON'S FIRST SET OF
INTERROGATORIES (NOS. 1-7) TO ILLINOIS COMPUTER RESEARCH, LLC**

Pursuant to Federal Rule Civil Procedure 34, Illinois Computer Research, LLC ("ICR") responds to Fish & Richardson's First Set of Interrogatories (Nos. 1-7) as follows:

**GENERAL OBJECTIONS**

1. ICR objects to any of Fish and Richardson's ("Fish") document requests or interrogatories that call for documents or information subject to the attorney-client privilege and/or the doctrine of work-product immunity. Any documents or information withheld from production on either basis will be identified in a withheld document list that

will be exchanged with Fish when Fish is prepared to exchange its list of withheld documents.

2. ICR objects to Fish's document requests and interrogatories to the extent they are premature and/or not sufficiently limited or reasonably calculated to lead to discovery of admissible evidence and are, therefore, overly broad and unduly burdensome. ICR is willing, however, to confer with Fish in an effort to resolve any disagreements between the parties relating to the timing, scope, breadth and relevancy of Fish's document requests.

3. ICR objects to any and all interrogatories to the extent that they are repetitive, overlapping or duplicative.

4. ICR objects to Fish's interrogatories to the extent that they request ICR to provide the names of all or a specified number of persons with knowledge of certain facts and a summary of each person's knowledge. If known, ICR will identify those persons believed to be generally most knowledgeable regarding the requested subjects.

5. ICR objects to Defendant's definitions and instructions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Rules of the Court and/or Orders of the Court. ICR will respond to Fish's document requests to the extent required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Rules of this Court and Orders of this Court.

6. Interrogatories calling for ultimate conclusions are premature and are necessarily limited by the present lack of discovery. Discovery responses will be supplemented as provided in Rule 26(e) Fed.R.Civ.P.

7. Harris objects to Fish's interrogatories to the extent they request documents and/or information already in Fish's possession or which are equally available to ICR and Fish from other sources.

8. ICR objects to Fish's interrogatories that seek information that is trade secret, proprietary or confidential.

These General Objections apply to all of ICR's responses. To the extent specific General Objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific requests and are not to be construed as waiver of any other General Objection applicable to information falling within the scope of the request.

## INTERROGATORIES

1. Identify all U.S. or foreign patents, patent applications or patent rights in which you contend you have an ownership or financial interest. Your answer should include the Patent Number or Patent Application Number, the date you purportedly acquired the interest, a description of your purported interest, the counterparty from whom you purportedly acquired the right, the inventor(s) and a description of the invention.

**RESPONSE;**

See General Objections 1, 2, 3, 5, and 7. Pursuant to Rule 33(d) and subject to these objections, ICR states that the information requested has been produced and can be found in Bates Range ICR/HARRIS 000001- ICR/HARRIS 000010 and ICR/HARRIS 000118- ICR/HARRIS 000128.

2. Identify all agreements between any Persons to license, sell, assign, transfer, enforce, assist in litigation relating to, or in any other way relating to each patent, patent application or patent right identified in response to Interrogatory No. 1. Your answer should include the date of the agreement, the identity of the counterparty, and the terms of the agreement, including any Compensation exchanged.

**RESPONSE**;

See General Objections 1, 2, 3, 5, and 7. Pursuant to Rule 33(d) and subject to these objections, ICR states that copies of the agreements have been produced and can be found in Bates Range ICR/HARRIS 000001 to ICR/HARRIS 000223 and ICR/HARRIS 000700 to ICR/HARRIS 000723.

3. Identify who represented ICR as legal counsel in connection with each agreement identified in response to Interrogatory No.2.

**RESPONSE**;

See General Objections 1, 2, 3, 5, and 7. Subject to these objections, ICR states that the law firm of Niro, Scavone, Haller & Niro represented ICR as legal counsel in connection with each agreement identified in response to Interrogatory No. 2.

4. Identify every Person you contend is infringing on any patent, patent application or patent right identified in response to Interrogatory No.1.

**RESPONSE**;

See General Objections 1, 2, 3, 5, and 7. Pursuant to Rule 33(d) and subject to these objections, ICR states that the notice letters produced identify the persons that are contended to be infringers. These notice letters have been produced and are found in Bates Range range ICR/HARRIS 000224 to ICR/HARRIS 000699.

5. Identify all disputes, lawsuits, legal proceedings, judicial or administrative proceedings, arbitrations, mediations, complaints, proceedings before the U.S. Patent Trade Office or grievance proceedings relating to The Patents And The Patent Applications or Fish & Richardson clients, in which you are, have been, or plan to be a party or have agreed or intend to provide information or assistance to a party.

**RESPONSE**;

See General Objections 1, 2, and 3.  Subject to these objections, ICR identifies Civil Case No. 07 C 5081 in response to this interrogatory.  ICR reserves the right to supplement and/or amend its response to this interrogatory as additional information becomes available.

6. Identify all Persons that have a financial or ownership interest in you and all Persons that manage, control, or operate you.

**RESPONSE**;

See General Objections 1, 2, 7 and 8.  Subject to these objections, ICR states Beau Parker has an ownership interest in and manages ICR.

7. Identify all Persons who assisted ICR with its incorporation, and the Person who introduced I CR to Mr. Harris.

**RESPONSE**;

See General Objections 1, 2, 3, 5, and 7.  Subject to these objections, ICR states that Beau Parker assisted ICR with its incorporation and introduced ICR to Mr. Harris.

Respectfully submitted,

/s/     Karen L. Blouin
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen L. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax:  (312) 236-3137
Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

5

## CERTIFICATION OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing **ILLINOIS COMPUTER RESEARCH, LLC'S RESPONSES TO FISH & RICHARDSON'S FIRST SET OF INTERROGATORIES (NOS. 1-7) TO ILLINOIS COMPUTER RESEARCH, LLC** was served by electronic mail to the following:

      David J. Bradford
      Eric A. Sacks
      Daniel J. Weiss
      Terrence J. Truax
      Jenner & Block LLP
      330 N. Wabash Avenue
      Chicago, IL  60611
      (312) 222-9350
      **Counsel for Fish & Richardson, P.C.**

on January 7, 2008.

                              /s/  Karen L. Blouin