## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** )<br>*Plaintiff and Counterclaim Defendant,* )<br> )<br>*v.* )<br> )<br>**FISH & RICHARDSON P.C.,** )<br>*Defendant, Counterclaimant, Third-<br>Party Plaintiff, and Counterclaim<br>Defendant,* )<br> )<br>*v.* )<br> )<br>**SCOTT C. HARRIS**, *et al.,* )<br>*Third-Party Defendants.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

### FISH & RICHARDSON'S OPPOSITION TO
### MR. HARRIS'S AND ICR'S MOTION FOR LEAVE TO FILE UNDER SEAL

Mr. Harris and ICR should not be permitted to file a *third* brief on the issue of inadvertent production of documents—not counting their related and baseless motion for sanctions that has since been withdrawn. The pretext for the brief is the assertion that Mr. Harris is again withdrawing his claim of privilege. But the "withdrawal" is only partial and does not resolve the pending motions. The "withdrawal" could be accomplished in a letter to the Court or a one page filing. Instead, Mr. Harris seeks to file a brief that argues the facts of the case and makes egregious misstatements in doing so. If permitted to be filed, the Harris brief will require a response and will precipitate more endless rounds of briefing on issues that should be deemed fully submitted.

**A.      Mr. Harris's And ICR's Proposed Brief Misstates The Status Of The Parties' Dispute As To Privileged Documents.**

As detailed in the parties' previous briefing, Mr. Harris originally asserted that two categories of documents were privileged: (i) the Unredacted Draft Agreement (allegedly

"inadvertently produced"), together with the redactions to the retention and fee agreements that were produced with heavy redactions; and (ii) all of the other "inadvertently produced" documents, consisting of Harris 057-081 and 315-353, which ICR and Mr. Harris claimed were drafts of documents nos. 23-28 on their privilege log. However, in letters to the Court after filing a related motion for sanctions, ICR and Mr. Harris admitted that they had waived privilege as to Harris 057-081 and 315-321 by sharing them with a third-party. (Apr. 7 & 17 K. Blouin Ltrs. to Hon. R. Pallmeyer.) Now, in their proposed brief, ICR and Mr. Harris agree to produce Harris 326-354. (Proposed Br. at 3.) Thus, in piecemeal fashion in numerous letters and briefs, Mr. Harris and ICR have conceded that their previous assertions of privilege lacked foundation. However, this withdrawal does not resolve the pending privilege issues.

*First*, ICR and Mr. Harris should be required to produce <u>all</u> of the remaining Harris Notes, including Harris 322-325 and document nos. 23-28 on Mr. Harris's and ICR's privilege log. As Fish & Richardson has demonstrated, Mr. Harris waived privilege as to <u>all</u> of the Harris Notes by producing some of the Harris Notes. (Dkt. 132 at 4-5; Dkt. 135 at 4.) Fish & Richardson also has demonstrated that apart from his subject matter waiver, Mr. Harris has not established each element of privilege as to the remaining documents because: (i) there is no evidence the documents were communicated to anyone at all; (ii) Mr. Harris has never identified the lawyer who supposedly received the documents; (iii) the Niro firm was representing the counterparties to the transactions, the shell entities; (iv) Mr. Harris has a fiduciary duty to disclose the documents; and (v) Mr. Harris has taken inconsistent positions regarding the definition of "legal services." (*Id.*) Mr. Harris's and ICR's proposed brief provides no reason to hold otherwise. Therefore, the motion to file an additional brief should be denied, and <u>all</u> Harris Notes, including Harris 322-325 and privilege log entry nos. 23-28, should be produced.

*Second*, Mr. Harris should be required to produce the Unredacted Draft Agreement and unredacted versions of the Retention and Fee Agreements. As Fish & Richardson has demonstrated, Mr. Harris and ICR have not established that exceptional circumstances exist to depart from the general rule that retention agreements are not privileged. (Dkt. 132 at 3-4; Dkt. 135 at 3-4.) And the retention agreements also contain express provisions that directly support Fish & Richardson's claims that Mr. Harris breached his contractual and fiduciary duties to the Firm. (Dkt. 135 at 2-3.) Mr. Harris's and ICR's proposed brief does not even address those arguments. Therefore, Mr. Harris's and ICR's motion to file an additional brief should be denied, and all retention agreements should be produced.

**B.** **Mr. Harris's And ICR's Proposed Brief Misstates The Facts Of This Case.**

ICR's and Mr. Harris's proposed brief also omits or misstates key facts of this case.

*First*, Mr. Harris is again giving the Court an incomplete story that omits important information. Mr. Harris tells the Court that after suing a Firm client, he "assigned all right, title and interest" in the '791 patent—the same patent he had asserted against the Firm client—to the shell entity Memory Control Enterprise ("MCE"). (Proposed Br. at 2.) (Mr. Harris made the same misrepresentation to Fish & Richardson in May 2007.) What Mr. Harris did not tell Fish & Richardson then, and what he does not tell the Court now, is that *Mr. Harris owns MCE*. (Ex. A, Harris-MCE Purchase and Sale Agreement; *see also* Ex. B, Harris Supp. I-Rog Answer No. 6 at 4-6.) Therefore, in reality Mr. Harris sold the patent to himself, in an effort to conceal his ongoing misconduct. (And whether he had a right to sue Firm clients or not, he had no right to lie to his fellow partners about his ownership of patents asserted against Firm clients.)

*Second*, Mr. Harris's and ICR's proposed brief makes the startling assertion that the Niro firm represented neither Harris nor the shell entities in the purported assignment of the patents. For several reasons, that allegation is problematic and raises more questions than it answers.

As an initial matter, Mr. Harris has now completely undermined his previous privilege arguments and contradicted clear interrogatory answers. The sole basis for Mr. Harris's assertion that the Harris Notes were privileged is that they were provided to the Niro firm in order to value the patents and identify potential infringers to assist Mr. Harris's purported sales of the patents. Indeed, Mr. Harris's April 7 letter to the Court argued that the Harris Notes were privileged "analysis" prepared by Mr. Harris "at the request of and to be provided to the Niro firm for the purpose of providing legal advice as to the value of the patents and the patent applications identified in the document, as well as the potential to license or sell the identified patents and patent applications." (Apr. 7 K. Blouin Ltr. to Hon. R. Pallmeyer at 2-3.) In stark contrast, Mr. Harris's proposed brief now states: "The Niro firm represented neither side to the agreements – not Harris, ICR nor any of the other purchasers." (Proposed Br. at 3.) If the Niro firm did not represent Mr. Harris in those patent sales, then there was no possible good faith basis for Mr. Harris to assert that the Harris Notes were privileged. Therefore, Mr. Harris knowingly caused this Court and Fish & Richardson to incur needless expense in briefing the inadvertent production issue (including responding to a baseless sanctions motion). At the very least, all documents provided by Mr. Harris to the Niro firm relating to the purported sale of the patents should be produced immediately, and all documents between Mr. Harris and his unidentified other counsel should be produced or logged.

In addition, the assertion that the Niro firm did not represent the shell entities during the transaction is contradicted by ICR's own pleadings. As Fish & Richardson previously has noted,

ICR expressly stated in its interrogatory answers that it was represented by the Niro firm in connection with its agreement to purportedly acquire certain patents from Mr. Harris. (Dkt. 132 at 8; Dkt. 135 at 5.) Harris's and ICR's proposed brief does not even address that point, let alone attempt to reconcile their new position with ICR's interrogatory answers. These contradictions about the scope of the Niro firm's representation further emphasize the need for production of the unredacted fee agreements, which should shed light on the scope of representation.

Finally, if Mr. Harris and the shell entities were represented by independent, separate counsel, as they now allege, then there should be evidence of negotiations between and among those parties and their counsel relating to the purported patent sales, such as letters, emails, proposals, suggested contract terms and draft agreements. However, no such documents have been produced. Mr. Harris and the shell entities, including ICR, should be required to produce those documents immediately, or explain why they do not exist.

Every week brings a new story from Mr. Harris. He and his counsel represented that he had no interest in the patents or recoveries against Firm clients. In fact, he owned the entity that owned the patents and had a direct contingent interest in all recoveries. He and his counsel represented that he had not targeted clients; in fact, there are multiple documents—originally identified as privileged—generated while he was at the Firm, identifying Firm clients as targets for lawsuits. He and his counsel represented that the Niro firm represented parties to the sale of the patents and asserted privilege on that basis; now, they claim the Niro firm represented no one in connection with those sales.

The only chance for the truth to come out is for all the relevant documents to be produced. Mr. Harris should not be permitted an opportunity to file a brief that does nothing but change his story for a third time. This matter should be deemed submitted.

Dated: April 24, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  s/ David J. Bradford
     One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Karen L. Blouin
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois  60602

L. Steven Platt
Arnold and Kadjan
19 West Jackson Blvd., Suite 300
Chicago, IL 60604
(312) 236-0415

April 24, 2008.

s/David J. Bradford

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois  60611
Telephone No:  312 222-9350
Facsimile No:  312 527-0484