IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., <br>     *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., <br>     *Defendant, Counterclaimant and* <br>     *Third-Party Plaintiff*, <br><br> v. <br><br> SCOTT C. HARRIS, <br>     *Third-Party Defendant and* <br>     *Counterclaimant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., <br>     Defendant, Counterclaimant, Third-Party <br>     Plaintiff and Counterclaim Defendant. | Case No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez |

## HARRIS AND ICR'S REPLY IN SUPPORT OF THEIR
## MOTION FOR LEAVE TO FILE UNDER SEAL

In its purported response to Harris' and ICR's motion that only seeks leave to file a brief under seal consistent with the protective order (and, thus, to protect documents Fish claims are confidential), Fish submits yet another brief that falsely accuses ICR and Harris of wrongdoing. This "accuse first, ask questions later" approach is getting a bit old. As outlined below, it is Fish and its lawyers that are mistaken. Also, it is ironic that Fish complains about the amount of briefing when it has already submitted ***three briefs*** on this issue in the past month.

Fish now says that if ICR and Mr. Harris are allowed to submit their brief under seal, Fish will have to submit another response. But its six-page brief is a response; it addresses the substantive issues of the inadvertent production for pages, repeating yet again the *same* arguments it made in its prior two briefs. The same arguments don't improve with repetition.

ICR and Harris did not make "egregious misstatements" of fact in their proposed brief, as Fish claims. They simply stated the truth – that Fish instructed Mr. Harris to sell his patents in order to keep his job and that is what he did. The email attached as Exhibit A to plaintiffs proposed brief confirms that fact.

Finally, Fish's opposition does not even address the sole issue presented by the motion for leave to file under seal – namely, whether a brief disclosing a document Fish claims is confidential should be filed under seal. On that issue, Fish makes no objection. And that should be the end of it.

A. **PLAINTIFFS' BRIEF DID NOT MISSTATE THE STATUS OF THE UNDERLYING DISPUTE**

Fish makes the remarkable claim that ICR and Mr. Harris' brief misstates the status of the dispute on the privilege issues. Not true. At pages 3 and 4, ICR and Harris make clear that they are withdrawing any objection to the production of inadvertently produced document numbers 326-354 and are producing those documents, thereby rendering the inadvertent privilege issue as to them moot. At no point in its brief did ICR and Mr. Harris mention or discuss the retention agreement which remains a disputed issue. And this was made clear to Fish's counsel in a letter sent prior to the filing of Fish's opposition (Ex. 1, 4/24/08 Letter). Nowhere did ICR and Harris mention the other documents about which Fish now complains – i.e., Harris 322-

325 and documents nos. 23-28 – so there was no misstatement as to the status of those documents because they were not even mentioned.

In the letter attached as Exhibit 1 to this reply, plaintiffs advised Fish's counsel prior to Fish filing its opposition that ICR and Harris were agreeing to produce documents 322-325 and they were hand-delivered to Fish's counsel's office, Jenner & Block, prior to Fish filing its opposition. Thus, Fish was advised that plaintiffs were producing documents 322-325 which is contrary to the "status" Fish sets forth in its opposition. ICR and Harris have also produced what had previously been identified as document no. 25 on the privilege log and Fish was told that ICR and Harris were producing this document prior to Fish filing its opposition. This is another distortion of the "status."

ICR and Harris also made it clear at pages 2-3 of their proposed brief that they were agreeing to withdraw their objection because these documents show Mr. Harris was trying to comply with Fish's demand that he sell his patents to a third party to save his job. As for item nos. 23-24 and 26-28 on the privilege log, ICR and Mr. Harris have repeatedly told Fish and this Court that those documents are different than the so-called Harris notes. Thus, the agreement to withdraw the objection to different documents to narrow this dispute does not impact item nos. 23-24 and 26-28. As for Fish's remaining arguments concerning the privileged nature of the documents, Fish simply repeats the same arguments previously made. In their April 7, 2008 letter to the Court and their April 17, 2008 response (docket entry 134), ICR and Harris explained exactly how item nos. 23-24 and 26-28 are privileged, why Fish's fiduciary duty argument lacks any merit and why there has been no inconsistent positions taken.

It was also explained in the April 17, 2008 response why Fish's arguments regarding the retention agreement lacks merit because the agreement is privileged and the redacted portions are not relevant to any issue in the case (see Docket Entry 134, Harris and ICR's Response, pp. 5-7).

**B.   PLAINTIFFS' PROPOSED BRIEF DOES
       NOT MISTATE ANY FACTS OF THIS CASE**

Besides the obvious, Fish's six-page brief opposing a simple motion to file a brief under seal is deficient because:

- It fails to address the only issue relevant to the motion to seal - must documents Fish designated as being confidential be filed *in camera*?

- If Fish really opposes the motion to file their brief under seal, Harris and ICR are willing to file it publicly.

- Worst of all, Fish and the Jenner firm use their opposition to repeatedly make even more personal attacks on opposing counsel. But as the saying goes about rocks and glass houses: Jenner concocted a false claim of ownership over Scott Harris' patents; Fish never claimed ownership of anything until Jenner was hired as its lawyers; then, Fish threatened a material witness with claims of inequitable conduct to discourage his testimony in this case. Not very nice stuff.

- Jenner demands the Niro firm's fee agreements, but has refused to produce its own.

- Jenner claims the Niro firm received substantial fees, but has refused to produce its own fees (which we predict are multiples of the fees paid by ICR and Harris).

- Mr. Harris sold his patents at the direction of Fish to save his job. Yet, not once was a claim for ownership made. Not once was Mr. Harris told that a condition of any sale had to be a waiver of the right to grant licenses to Fish clients. Not once did Fish record at the PTO any claim for title. Of course, in truth, Fish never believed it owned the patents until Jenner concocted the claim.

- Fish claims Harris sold his '791 patent to MCE, a company he owned, but fails to tell the Court he informed Fish (and it approved the fact) that he had abandoned any right to collect money from the licensing or enforcement of that patent against any Fish client for whom he did legal work. Fish also knew and approved the fact that payments from anyone else would go to a company Mr. Harris had formed, not him individually – full disclosure, not deception.

- Mr. Harris' notes are fully consistent with Fish's own practice and that of anyone seeking to value a patent: a valuation requires analysis of who the actual and potential users are of the patented technology and what is the magnitude of such use.

- Fish again ignores the fact that the ICR-Harris agreement and every other one involving the forced sale of the Harris patents expressly acknowledges that Harris and the purchasing companies are *not* being represented by the Niro firm in connection with the negotiation and execution of the agreements. Yet, Fish misconstrues ICR's answers to interrogatories 2-3 (which sought information about the licensing and enforcement of the four patents ICR acquired from Harris) to claim the contrary. Two agreements (the ICR-Google settlement and the ICR-Amazon settlement) were the only agreements between ICR and third parties (other than Harris) in the group identified. The response correctly states that copies of the two relevant agreements "could be

found" in the list of documents identified and that the Niro firm did represent ICR in connection with those matters. The Niro firm did *not* represent ICR in the negotiations or execution of the patent sale agreement with Mr. Harris as the agreement itself states. Fish's arguments to the contrary are simply wrong.

At the end of its attack, Fish says it is learning more every week. But every week more is learned about the Fish and Jenner firms' misconduct too: (1) threats to witnesses, (2) concocted theories of ownership, (3) failures to record (indeed, outright concealment) of ownership claims and more. Mr. Harris and ICR welcome the truth coming out – but it should be the truth with Jenner's and Fish's cards on the table, not concealed.

The motion to seal should be granted because Fish fails to object to the filing of a brief disclosing a document Fish claims is confidential under seal.

Respectfully submitted,

/s/ Richard B. Megley, Jr.
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen L. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

# CERTIFICATION OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing **HARRIS AND ICR'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE UNDER SEAL** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

      David J. Bradford - dbradford@jenner.com
      Eric A. Sacks - esacks@jenner.com
      Daniel J. Weiss - dweiss@jenner.com
      Terrence J. Truax - ttruax@jenner.com
      Jenner & Block LLP
      330 N. Wabash Avenue
      Chicago, IL 60611
      (312) 222-9350
            **Counsel for Fish & Richardson, P.C.**

on April 25, 2008.

            /s/ Richard B. Megley, Jr.