IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., *Defendant, Counterclaimant and Third-Party Plaintiff*, <br><br> v. <br><br> SCOTT C. HARRIS, *Third-Party Defendant and Counterclaimant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant.* | Case No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez <br><br> **REDACTED, PUBLIC VERSION** |

## HARRIS AND ICR'S WITHDRAWAL OF PRIVILEGE CLAIM AND SUPPLEMENTAL RESPONSE TO FISH & RICHARDSON'S OPPOSITION TO CLAIM OF PRIVILEGE AS TO DOCUMENTS PRODUCED INADVERTENTLY

Fish & Richardson ("Fish") claims the Niro firm got Mr. Harris to sell his patents to alleged "shell companies" (whatever that means) as part of a grand conspiracy to breach his fiduciary duties by bringing patent infringement suits against Fish clients. Nothing could be further from the truth and any claim based upon such falsehoods would violate Rule 11.

The truth is that Fish demanded Scott Harris sell his patents (and fast) as a way to eliminate its concern that his exclusive licensee MCE had sued a Fish client, Dell

Computer. ██████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████

████████████████████████████████████████████████ Fish never told Mr. Harris it had an ownership interest. Indeed, an ownership claim is fully inconsistent with a direction to sell what one allegedly does not own.

In any case, Scott Harris immediately complied with Fish's demands– first selling his '791 patent to Memory Control Enterprises ("MCE"), then attempting to sell his entire portfolio to Acacia Research Corporation, to Altitude Capital Partners, to Intellectual Ventures (a company Ms. Lutton suggested), to Active Links. Ltd. and to others. Only when those efforts to satisfy Fish's demands to sell immediately failed did Mr. Harris then sell his patents to the so-called "shell entities" – something he had to do to save his job. This Court was told exactly that in the MCE v. Dell case:

> As plaintiffs' counsel mentioned during the May 18, 2007 hearing, the reason Mr. Harris assigned all right, title and interest to MCE was to keep his job. Mr. Harris is employed as an attorney at the Fish & Richardson law firm. Apparently at the insistence of defendant, Dell, Fish & Richardson told Mr. Harris that he had to assign all of his rights to the '791 patent to MCE and remove himself as a named party to this lawsuit, otherwise he would lose his job at Fish & Richardson. Not wanting to lose his job, Mr. Harris executed the assignment and is requesting that he be removed as a named plaintiff.

(Plaintiff's Combined Motion and Supporting Memorandum to Dismiss Scott C. Harris Individually as a Plaintiff, p. 3, filed May 31, 2007, Civil Action No. 06 C 7055, Document No. 71). Rather than withhold documents which establish Mr. Harris was attempting to

value and then sell his patents as Fish requested, Mr. Harris has concluded it is best to produce them for Fish and has now done so. Hence, all the disputed documents have been produced and the issue now before the Court on the inadvertently produced documents (Harris 326-354) has been rendered moot.

One further issue remains, however; in its April 17 response on the privilege issue, ICR and Harris did not address the following misstatement made at page 7 of Fish's brief because knowledgeable persons familiar with the allegation were unavailable for review and comment:

> <u>Fourth</u>, Mr. Harris, ICR and the Niro firm all represented previously that the Niro firm did *not* represent Mr. Harris when he purported to sell and assign the disputed patents. As set forth below, according to their documents and pleadings, the Niro firm acted as counsel for *buyer entities* – ICR, MCE, etc. – and Mr. Harris was represented by "separate counsel." The Niro firm could not have been counsel to Mr. Harris in connection with that same sale.

(F&R's brief at p. 7, emphasis in original).

This misstatement, in a nutshell, claims the Niro firm acted as counsel for ICR and MCE (not Mr. Harris) during the negotiations for the sale of Mr. Harris' patents. That is untrue. ICR and MCE were both independently represented and Fish cites nothing in the record to indicate otherwise. On the contrary, Fish references a statement contained in the relevant agreements that the parties – ICR and Harris, etc. – were █████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████

███████████████████████████████ That does not mean, however, that the Niro firm did not

3

previously represent Mr. Harris.  It did.  Nor does it mean that it did not subsequently represent Mr. Harris and ICR or Mr. Harris and MCE or any of the other purchasers.  It did.

The bottom line is this:  It is incorrect to state that the Niro firm did not represent Mr. Harris either before or after the purchase agreements were entered.  It is also incorrect to state (as Fish did) that the Niro firm represented the buyer entities during the negotiation of the agreements.  It did not.

Mr. Harris withdraws his objection to production of the disputed documents 326-354.  The issue of inadvertent production is now moot.  Documents 326-354 have been produced for use in the litigation as evidence of Mr. Harris' attempt to comply with Fish's demand that he sell his patents in order to save his job.

Respectfully submitted,

/s/ Raymond P. Niro
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Karen L. Blouin
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Illinois Computer Research, LLC and Scott C. Harris

# CERTIFICATION OF SERVICE

        The undersigned hereby certifies that a copy of the foregoing **HARRIS AND ICR'S WITHDRAWAL OF PRIVILEGE CLAIM AND SUPPLEMENTAL RESPONSE TO FISH & RICHARDSON'S OPPOSITION TO CLAIM OF PRIVILEGE AS TO DOCUMENTS PRODUCED INADVERTENTLY (REDACTED, PUBLIC VERSION)** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

        David J. Bradford - dbradford@jenner.com
        Eric A. Sacks - esacks@jenner.com
        Daniel J. Weiss - dweiss@jenner.com
        Terrence J. Truax - ttruax@jenner.com
        Jenner & Block LLP
        330 N. Wabash Avenue
        Chicago, IL  60611
        (312) 222-9350

        **Counsel for Fish & Richardson, P.C.**

on April 28, 2008.

        /s/  Raymond P. Niro