IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., <br> *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., <br> *Defendant, Counterclaimant and* <br> *Third-Party Plaintiff*, <br><br> v. <br><br> SCOTT C. HARRIS, <br> *Third-Party Defendant and* <br> *Counterclaimant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., <br> Defendant, Counterclaimant, Third-Party <br> Plaintiff and Counterclaim Defendant. | Case No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez |

### SCOTT HARRIS AND ICR'S MOTION FOR RECONSIDERATION OF THE RULING DISMISSING THE TORTIOUS INTERFERENCE CLAIM(S) WITHOUT PREJUDICE

Prior to the hearing on May 2, 2008, both sides agreed they were unaware there would be argument on the tortious interference claim(s). Indeed, ICR and Harris did not have copies of their briefs on the subject available at the hearing. In argument, Fish counsel represented that the law required a pleading of conduct directed at third parties, and the Court's ruling was premised on the accuracy of that representation. The ICR and Harris briefs show the controlling law is just to the contrary: no allegations of acts directed at the third party are necessary to make a claim for interference with business expectations. Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998); Barrett v. Poag &

McEwen Lifestyle Centers, 1999 U.S. Dist. LEXIS 13594 at *31 (N.D. Ill. 1999) ("In light of Cook, defendants' argument that Illinois law requires a specific allegation that their interfering actions were directed at a third party must fail."). Though Scott Harris and ICR will be filing amended claims, they respectfully request this Court reconsider this issue during the May 23, 2008 hearing.

Fish's inaccurate representation of the law is directly contrary to Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998), where the Seventh Circuit reversed the dismissal of a tortious interference with prospective economic advantage claim. There, the district court dismissed the claim, relying on one of the very same cases (Schuler v. Abbott Labs) on which Fish's motions were premised:

> The district court dismissed this count because it read Illinois court decisions as requiring that the plaintiff allege both "a business expectancy with a specific third party" and "***action by the interfering party directed towards the party with whom the plaintiff expects to do business.***" *Schuler v. Abbott Laboratories, 265 Ill.App. 3d 991, 639 N.E.2d 144, 147, 203 Ill. Dec. 105 (Ill. App. Ct. 1993).* ***Because Cook did not name any particular third party*** with whom he had a reasonable expectation of a business relationship, or ***toward whom Winfrey directed her interfering actions, the court concluded that the complaint was inadequate.***

141 F.3d 327-28 (emphasis added). The Seventh Circuit reversed, declaring:

> But this entire argument strays rather far afield from the minimal requirements of federal notice pleading. Having alleged that Winfrey improperly interfered with his "ability to enter into contracts or business relationships with third parties interested in purchasing the rights to publication of his experiences" (Pl. 16 at 6-7, P 38), Cook is under no obligation to plead further the facts that he believes support his claim.

(Id. at 328).

Fish also has overlooked a case with which its counsel is quite familiar: Barrett v. Poag & McEwen Lifestyle Centers, 1999 U.S. Dist. LEXIS 13594 (N.D. Ill. 1999). There, the defendant made the same argument which Fish makes here: that the

2

complaint failed to plead "action directed toward a third party." Judge Gottschall rejected that argument and denied the motion, specifically distinguishing the case upon which Fish principally relies, Grund v. Donegan:

> ***In light of Cook, defendants' argument that Illinois law requires a specific allegation that their interfering actions were directed at a third party must fail.*** With a single exception, *Grund v. Donegan, 298 Ill. App. 3d 1034, 700 N.E.2d 157, 233 Ill. Dec. 56 (Ill. App. Ct. 1998),* defendants rely on cases decided before *Cook*. The court acknowledges that those cases did, indeed, require such an allegation. *Schuler*, 639 N.E.2d at 147; *Douglas Theater*, 681 N.E.2d at 569; *Silk v. City of Chicago*, 1997 U.S. Dist. LEXIS 20654, at *69 (N.D. Ill. 1997) (emphasizing that the tortious interference allegedly committed by the defendant must be directed toward a *third party*, not the plaintiff, in rejecting anomalous attempt by plaintiff, the breaching party, to sue the party that induced plaintiff's breach for tortious interference with prospective business advantage). But *Cook* does not.
>
> *Grund, 700 N.E.2d at 161,* an Illinois state case decided several months after *Cook*, does not alter the court's analysis under *Cook* because *Grund* was based on an Illinois rule of civil procedure, section 2-615, which "attacks the sufficiency of a complaint and raises the question of whether the complaint states a cause of action upon which relief can be granted." *Grund, 700 N.E.2d at 161 (citing 735 ILL. COMP. STAT. § 5/2-615* (West 1996)). As the state court in *Grund* explained, specific pleading was required because "Illinois is a fact pleading jurisdiction [citation omitted]. Although both sections 2-603(c) and 2-612(b) of the Code [citations omitted] mandate the liberal construction of pleadings, these provisions do not authorize notice pleading." *Id.* In contrast, Barrett's case is governed by the Federal Rules of Civil Procedure, and *Cook's* construction of Rule 8's notice pleading requirement applies. *Cook, 141 F.3d at 327-328*. Thus, ***for purposes of assessing Barrett's pleadings in this court, defendants wrongly assert that Barrett must allege that defendants' interfering actions were directed at a third party.***

Barrett, 1999 U.S. Dist. LEXIS, ** 31-33 (emphasis added).

Also instructive is the case of Wilton Partners III LLC v. Gallagher, 2003 U.S. Dist. LEXIS 21899 (N.D. Ill. 2003). There, Judge Gettleman denied a motion to dismiss a tortious interference claim, declaring:

> ***Although Gallagher fails to identify the contours of counter- and third***

> *party defendants' alleged "interest" in his proposal, and does not describe how they allegedly conveyed their purported interest in Gallagher's proposal to the Village, these allegations are minimally sufficient, at the pleading stage* of the case, to state a claim for tortious interference with prospective business advantage. *See Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998)* (allegation that defendant improperly interfered with plaintiff's "ability to enter into contracts or business relationships with third parties interested in purchasing the rights to publication of his experiences" was sufficient to state a claim for tortious interference with prospective economic advantage); *Shah v. National Association of Securities Dealers, 1999 U.S. Dist LEXIS 6467, No. 98 C 5355, 1999 WL 240342, at *3 (N.D.Ill. April 9, 1999)* (quoting *Sanjuan v. American Board of Psychiatry and Neurology, Inc. 40 F.3d 247, 251 (7th Cir. 1994))* (allegations of tortious interference sufficient to state a claim in the absence of supporting facts because "matching facts against legal elements comes later").

Id. at **12-13 (emphasis added).

Finally, while Fish relies on Solaia Tech., LLC v. Specialty Publ'g Co., 357 Ill.App.3d 1, 826 N.E.2d 1208 (1st Dist. 2005), this Court already has recognized that Cook v. Winfrey mandates a different pleading standard for a tortious interference claim in Federal Court. Pelfresne v. Village of Lindenhurst, 2005 U.S. Dist. LEXIS 23094 at *43 (N.D. Ill. 2005) ("Plaintiff's claimed expectation of entering into a business relationship with persons interested in purchasing and developing his property is adequate to allege a claim for tortious interference with prospective economic advantage.").

The law is clear that -- contrary to Fish's representation -- ICR and Scott Harris were ***not*** required to plead conduct directed against third parties. They respectfully request reinstatement of their tortious interference claims.

Respectfully submitted,


/s/Paul K. Vickrey
Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Laura A. Kenneally
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

# CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **SCOTT HARRIS AND ICR'S MOTION FOR RECONSIDERATION OF THE RULING DISMISSING THE TORTIOUS INTERFERENCE CLAIM(S) WITHOUT PREJUDICE** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

> David J. Bradford - dbradford@jenner.com;;;
> Eric A. Sacks - esacks@jenner.com
> Daniel J. Weiss - dweiss@jenner.com
> Terrence J. Truax - ttruax@jenner.com
> Jenner & Block LLP
> 330 N. Wabash Avenue
> Chicago, IL  60611
> (312) 222-9350
>
> **Counsel for Fish & Richardson, P.C.**

on May 5, 2008.

/s/ Paul K. Vickrey