# EXHIBIT F

```
                                                                    1

 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

 4   ILLINOIS COMPUTER RESEARCH,    )
     LLC,                           )
 5                                  )   Docket No. 07 C 5081
            Plaintiff and           )
 6          Counterclaim Defendant, )
                                    )
 7             vs.                  )
                                    )
 8   FISH & RICHARDSON, P.C.,       )
                                    )
 9          Defendant,              )
            Counterclaimant and     )
10          Third-party Plaintiff,  )
                                    )
11             vs.                  )
                                    )
12   SCOTT C. HARRIS,               )
                                    )
13          Third-Party Defendant   )
            and Counterclaimant,    )
14                                  )
               vs.                  )
15                                  )
     FISH & RICHARDSON, P.C.,       )
16                                  )
            Defendant,              )
17          Counterclaimant,        )
            Third-Party Plaintiff,  )   Chicago, Illinois
18          and Counterclaim        )   December 21, 2007
            Defendant.              )   9:30 a.m.
19
                      TRANSCRIPT OF PROCEEDINGS
20          BEFORE THE HONORABLE REBECCA R. PALLMEYER

21
22   APPEARANCES:

23
     For Illinois Computer    NIRO SCAVONE HALLER & NIRO, LTD.
24   Research and Scott       BY:  MR. PAUL K. VICKREY
     Harris:                       MS. KAREN L. BLOUIN
25                            181 West Madison Street, Suite 4600
                              Chicago, Illinois  60602
```

```
 1    the test for work product.
 2           MR. VICKREY:  Your Honor, it's directly at odds
 3    what they are saying in this case.  I mean, it goes to their
 4    credibility.  It goes to Fish's credibility.
 5           If they are saying:  No, that's not what we told
 6    them.  That's not what we were looking into.  We were looking
 7    into things on some erroneous premise, that goes directly to
 8    what they are saying in this case, that he somehow has done
 9    something wrong.  It goes to the heart of their claim.
10           THE COURT:  Whether he has done something wrong is,
11    again, unfortunately probably a decision I am going to be
12    having to make.  I don't think the views of some outside
13    lawyer on a record that may or may not be the same record I
14    will be looking at are something that I need to know about or
15    that Mr. Harris needs to know about.
16           He is entitled, once again, to any communications
17    that that outside attorney -- or maybe he was an internal
18    person; I don't know -- that firm counsel made to him
19    regarding his activities.
20           MR. TRUAX:  And that disclosure would be limited to
21    Mr. Harris and not to the other entities.
22           THE COURT:  To Mr. Harris, right.
23           All right.  What's our next status?
24           MR. TRUAX:  Judge, we have two other brief things
25    quickly.
```