IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC.,<br>    *Plaintiff and Counterclaim Defendant*,<br><br>v.<br><br>FISH & RICHARDSON P.C.,<br>    *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>SCOTT C. HARRIS, MEMORY CONTROL ENTERPRISE, LLC, BARTEX RESEARCH, LLC, INNOVATIVE BIOMETRIC TECHNOLOGY, LLC, PARKER INNOVATIVE TECHNOLOGIES, LLC, VIRGINIA INNOVATIVE TECHNOLOGY, LLC, INNOVATIVE PATENTED TECHNOLOGY, LLC AND ANY JOHN DOE SHELL ENTITIES,<br>    *Third-Party Defendants.* | Civil Action No. 07 C 5081<br><br>Honorable Rebecca R. Pallmeyer<br><br>Magistrate-Judge Maria Valdez |

**BARTEX RESEARCH, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS FISH & RICHARDSON'S AMENDED COUNTERCLAIM AND THIRD-
PARTY COMPLAINT UNDER FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

## I.    INTRODUCTION

Third-party defendant, BarTex Research, LLC ("BarTex"), appears specially in this case seeking dismissal of the claims filed against it by third-party plaintiff Fish & Richardson, P.C. ("Fish") under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Personal jurisdiction over a defendant is a required condition of any claim. Here, Fish & Richardson recently filed its Amended Counterclaim and Third-Party Complaint adding six new third-party defendant companies all of which purchased patents from Scott Harris. One such company is the defendant, BarTex Research, LLC,

a Texas limited liability company whose only office is in Texas and has no presence whatsoever in Illinois.

Scott Harris, a California resident and inventor of United States Patent No. 6,666,377, entitled "Bar Code Data Entry Device" (hereafter "the '377 patent"), assigned the '377 patent to BarTex in July 2007.  BarTex owns all right, title and interest in the '377 patent.  Fish was not only aware of Scott Harris's sale of this patent but directed him to sell this patent.  Amazingly, Fish now seeks a declaration that it has "a legal or equitable ownership or other interest" in the '252 patent as well as the sixteen (16) other "disputed patents" including the '377 patent.  The issue presented here is whether personal jurisdiction exists over BarTex – an out-of-state third-party defendant who has not consented to suit in this forum and has no presence here.  There is no basis to exercise personal jurisdiction over BarTex in this judicial district.  Hence, Fish's claims against BarTex should be dismissed for lack of personal jurisdiction.

## II.   STATEMENT OF FACTS

As Fish notes in its Amended Counterclaim and Third-Party Complaint (filed as Exhibit A to Court Docket Entry 99), BarTex is a Texas limited liability company and its principal and sole place of business is in Texas.  As set forth in the attached declaration of Mr. Parker, the assertion of personal jurisdiction over BarTex is inappropriate.

Scott Harris, a California resident, sold the '377 patent to BarTex in July 2007.  (Exhibit A, Parker Decl., ¶6).  BarTex owns all right, title and interest in and has standing to sue for infringement of the '377 patent.  (Exhibit A, Parker Decl., ¶6).  BarTex's sole business is licensing and enforcing its rights associated with the '377

patent and future development of technology and inventions.  J. Beauregard Parker is the sole member of BarTex. (Exhibit A, Parker Decl., ¶1).   BarTex does not manufacture or sell any products and it does not provide any other service in the state of Illinois.  BarTex has only asserted the '377 patent against non-Fish clients, including FedEx Corporation, FedEx Express Corporation, FedEx Ground Package System, Inc. and FedEx Kinko's Office and Print Services, Inc.  BarTex is currently involved in infringement litigation against the FedEx infringers in the United States District Court for the Eastern District of Texas, Tyler Division.

BarTex has virtually no contact with Illinois.  BarTex does not maintain any offices, employees, or owners in the State of Illinois.  (Exhibit A, Parker Decl., ¶2). BarTex has no agents for service of process in Illinois.  (Exhibit A, Parker Decl., ¶2). BarTex does not manufacture or sell any products or services in Illinois.  (Exhibit A, Parker Decl., ¶2).   BarTex does not advertise in Illinois. (Exhibit A, Parker Decl., ¶2). BarTex has no telephone listings in Illinois. (Exhibit A, Parker Decl., ¶2).  BarTex has made no personal sales calls in or to the State of Illinois related to enforcement of the '377 patent in this forum; nor has it written to anyone in Illinois or offered to license anyone here. (Exhibit A, Parker Decl., ¶2).  BarTex does not own property in Illinois; it does not maintain any bank accounts in Illinois, and it does not pay any taxes in Illinois. (Exhibit A, Parker Decl., ¶2).  BarTex carries out no business in Illinois.  (Exhibit A, Parker Decl., ¶2).

Since its inception, no officer, or employee of BarTex has entered Illinois for any purpose other than to meet or talk with its attorneys who happen to be located within this forum.  (Exhibit A, Parker Decl., ¶3). Prior to July 2007, BarTex had no control over

Harris' efforts to license or enforce the '377 patent. Harris has no current ownership or other interest in BarTex. (Exhibit A, Parker Decl., ¶6). Harris merely has the right to receipt of a percentage of the recoveries associated with BarTex's efforts to enforce the '377 patent. (Exhibit A, Parker Decl., ¶6). BarTex has not authorized Harris to take any action, to solicit business or to do any business on its behalf.

The only minimal contact BarTex has had with Illinois, at any time, has been through correspondence with its attorneys, Niro, Scavone, Haller & Niro ("the Niro firm"), in Chicago, which, in turn, filed a lawsuit on BarTex's behalf in Texas. BarTex retained the Niro firm in August 2007 as its Chicago counsel in order to obtain legal advice related to enforcement of the '377 patent. No correspondence between BarTex and the Niro firm even related to the licensing and enforcement of the '377 patent in Illinois or against any Illinois resident, corporation or entity or even against any Fish client. There is no basis to confer jurisdiction over BarTex in this forum.

### III. THERE IS NO PERSONAL JURISDICTION OVER BARTEX

Fish seeks a declaratory judgment of ownership or equitable title against BarTex as well as a constructive trust upon any rights that BarTex has in the '377 patent. The Federal Circuit has clearly held that state law, not federal law, governs patent ownership. See, Jim Arnold Corp. v. Hydrotech Sys., 109 F.3d 1567, 1572 (Fed. Cir. 1997). Thus, Illinois law, rather than Federal Circuit law, must be applied to determine whether this Court has personal jurisdiction over BarTex, a non-resident third-party defendant.

Federal Rule of Civil Procedure 12(b)(2) governs the exercise of personal jurisdiction. Absent a specific grant of jurisdiction, "[a] federal court's exercise of

4

personal jurisdiction over a non-resident defendant is proper 'only if a court of the state in which it sits would have such jurisdiction.'" Edelson v. Ch'ien, 352 F. Supp. 2d 861, 865-66 (N.D. Ill. 2005).  This Court therefore has jurisdiction over this matter "'only if [an Illinois State Court ] would have such jurisdiction.'" Edelson, 352 F. Supp. 2d at 866.

Fish bears the burden of establishing personal jurisdiction by a preponderance of the evidence. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).  To establish personal jurisdiction over an out-of-state defendant, Fish must prove that the exercise of personal jurisdiction would be appropriate under both the Illinois state law and the Federal Constitution. RAR v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). Fish must show that personal jurisdiction exists under: 1) Illinois state law, 2) Illinois constitutional law, and 3) federal constitutional law.  Id.   The Illinois long-arm statute "authorizes personal jurisdiction to the constitutional limits, the three inquires mentioned above collapse into two constitutional inquiries—one state and one federal." Id.

Notably, Illinois due process protections are not necessarily co-extensive with federal due process protections. RAR, 107 F.3d at 1276 (citing Rollins v. Ellwood, 565 N.E.2d 1302, 1316 (1990)). The Seventh Circuit has found that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," one due process inquiry suffices.  Hyatt Int'l Corp v. Coco, 302 F.3d 707, 715 (7th Cir. 2002).  Thus, this analysis must turn to federal due process protections under the Fourteenth Amendment.  Accordingly, in this case, personal jurisdiction over BarTex may be exercised to the extent it comports with the Federal Due Process Clause of the United States Constitution.

As highlighted in International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945), due process does not allow the exercise of personal jurisdiction over a party that has no contacts, ties or relations to the forum state. In order to satisfy the due process requirement, a non-resident defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316.

The minimum contacts requirement necessary to establish personal jurisdiction can be satisfied in one of two ways. First, a court may exercise "general jurisdiction" over a defendant that has "continuous and systematic" contacts with the forum state. Edelson, 352 F. Supp. 2d at 866 (citing Helicopteros Nacionales de Colombia, S. A. v. Hall , 466 U.S. 408, 416(1984)). Second, a court may exercise specific jurisdiction where the defendant's contacts with the forum state are "isolated and sporadic" but the cause of action arises out of those contacts. RAR, 107 F.3d at 1277. This requirement ensures that the defendant will not be hauled into a forum because of "'random,' 'fortuitous,' or 'attenuated' contacts, or the 'unilateral activity of another party or third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). In this case, BarTex's contacts with Illinois are utterly insufficient to establish either general or specific jurisdiction.

### A. There Is No General Jurisdiction Over BarTex

BarTex has no contact with this forum. BarTex's limited contact with the forum merely amounts to hiring patent attorneys whose offices are located in Chicago. Scott Harris, the former owner and inventor of the '377 patent has consented to jurisdiction in Illinois. Yet, Scott Harris has no ownership right in the '377 patents. (Exhibit A, Parker

Decl., ¶6). Moreover, even the right to receipt of a portion of any royalty income that may in the future revert to Scott Harris from BarTex's enforcement of the '377 does not amount to an ownership interest in the '377 patent. New Medium Techs v. Barco N.V., 2007 U.S. Dist. LEXIS 47644, 13-14 (N.D. Ill. 2007) ("While a [sole inventor's] and [assignee's] maintenance of an equity interest in the patents is relevant to determining whether [an agreement conveying patent rights] conveyed "all substantial rights," Propat indicates that this is not a particularly important consideration, as "the fact that a patent owner has retained a right to a portion of the proceeds of the commercial exploitation of the patent . . . does not necessarily defeat what would otherwise be a transfer of all substantial rights in the patent."), *citing*, Propat International Corp. v. Prost, 473 F.3d 1187, 1191 (Fed. Cir. 2007). Thus, BarTex owns all substantial rights in the '377 patent, and the mere fact that Harris, the named inventor, has a right to receipt of a percentage of the recoveries associated with the '377 patent, alone, does not change that conclusion. New Medium Techs, 2007 U.S. Dist. LEXIS 47644, 13-14. Further, the receipt of recoveries, if any, relate to BarTex's enforcement of the '377 patent outside of this forum. The enforcement efforts of BarTex in Texas are insufficient to create the requisite contacts with Illinois. Clearly, BarTex has not had systematic and continuous contacts with Illinois.

Additionally, BarTex's sole office is located in Texas. (Exhibit A, Parker Decl., ¶2). BarTex's only current business is to license and enforce its rights associated with the '377 patent (Exhibit A, Parker Decl., ¶1). BarTex is not, and has never been, registered to do business in Illinois and it has never conducted any type of business in Illinois (Exhibit A, Parker Decl., ¶2). BarTex has no officers, employees or agents in

Illinois and it does not advertise or conduct sales calls within this forum (Exhibit A, Parker Decl., ¶2). Moreover, BarTex does not maintain a bank account, own or rent property, or pay taxes in Illinois (Exhibit A, Parker Dec., ¶2). Certainly, there is no general jurisdiction over BarTex in Illinois. As a result, Fish must establish that this Court should exercise specific jurisdiction over BarTex. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414 n.8 (1984). The minimum contacts sufficient to establish specific jurisdiction over BarTex in Illinois are also lacking.

### B. There Is No Specific Jurisdiction Over BarTex

When a forum seeks to exercise specific jurisdiction over a foreign defendant, the defendant must have fair warning that a particular activity may subject it to jurisdiction. Burger King, 471 U.S. at 472-73. This fair warning requirement is satisfied if the defendant has "purposefully directed" its activities at residents of the forum state establishing "minimum contacts," Id. at 473-74, and the litigation results from alleged injuries that "arise out of or relate to" those activities. Id. at 473; International Star Registry v. Bowman-Haight Ventures, 1999 U.S. Dist. Lexis 7009, *9-10 (N.D. Ill. 1999). In contrast, "random, fortuitous, or attenuated" contacts will not solely confer jurisdiction, nor will the unilateral activity of another party or a third person. Id. at 475 (internal quotations omitted). First, Fish must demonstrate that BarTex purposefully directed its activities at Illinois residents. Second, Fish must prove that this litigation results from alleged injuries that arise out of or relate to those activities. Third, Fish must show that the assertion of personal jurisdiction over BarTex would be reasonable and fair. In this case, Fish cannot satisfy even one of the three requirements necessary to establish specific jurisdiction over BarTex.

### 1. BarTex Has Not "Purposefully Directed" Its Activities At Residents of Illinois

BarTex lacks any meaningful contact with Illinois and it clearly lacks contact sufficient to demonstrate that its "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The exercise of personal jurisdiction here would exceed the limits of due process because BarTex has neither "purposefully availed" itself of the privilege of conducting activities in the forum nor attempted to invoke the benefits and protections of the laws of Illinois. As described herein, with the exception of the communications with its attorneys in Illinois, BarTex has no other contacts with this forum. BarTex is a Texas limited liability company. It purchased its right in the '377 patent from Harris, a California resident. Although, BarTex's attorneys are located in Illinois, there has been no purposeful availment of this forum by BarTex. Thus, BarTex contacts are insufficient contacts to show that it purposefully availed itself of the privilege of conducting activities in this forum. This failure alone is sufficient to preclude the assertion of personal jurisdiction over BarTex.

### 2. This Litigation Does Not "Arise Out" Of BarTex's Correspondence With The Niro Firm

Even if the Court determines that BarTex has purposefully availed itself of the privilege of conducting activities in Illinois – which it has not – it must also find that this litigation arises out of BarTex's limited correspondence with its attorneys in Illinois. This declaratory judgment action related to ownership of the '377 patent does not "arise out of" BarTex's communications with the Niro firm in Illinois. Such communications did not create a cause of action in this forum. Here, Fish's Amended Counterclaim and Third-

party Complaint, which seeks a declarations of legal or equitable title—is unrelated to BarTex's contacts with this forum. The principal negotiations between BarTex and Scott Harris that led to the acquisition of the '377 patent by BarTex occurred outside of State of Illinois. As such, the communications between BarTex and its attorneys, the Niro firm, are insufficient to confer personal jurisdiction over BarTex merely because the Niro firm is located in Chicago.

Fish's declaratory judgment action does not arise out of BarTex's conduct. BarTex has not committed, nor does Fish allege, any tortious act or any contract breach by BarTex. Moreover, BarTex's patent rights related to the '377 patent are already being litigated in Eastern District of Texas. Thus, if Fish seeks to litigate this issue with BarTex, the proper forum is in Texas, where BarTex has already consented to jurisdiction. Fish's Amended Counterclaim and Third-Party Complaint does not "arise out of" BarTex's conduct. There is no specific jurisdiction over BarTex. This failure alone is also sufficient to defeat personal jurisdiction over BarTex.

### 3. Exercising Personal Jurisdiction Would Offend Notions Of Fair Play And Substantial Justice

Finally, even if the Court determines that Fish's complaint satisfied the first two requirements of the due process test – which it does not – the third requirement of the constitutional due process analysis must still be satisfied. The exercise of personal jurisdiction over BarTex would be unreasonable here, as it would clearly offend traditional notions of fair play and substantial justice. In making such a reasonableness determination, courts rely on the following factors: burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining efficient resolution of

controversies and the interest in furthering fundamental substantive social policies. Burger King, 471 U.S. at 477 (citing International Shoe Co. v. Washington, 326 U.S.310 (1945)).

In this case, BarTex has no contacts with this forum beyond its limited correspondence with its attorney for the sole purpose of seeking advice related to the enforcement of the '377 patent. BarTex does not subject itself to personal jurisdiction in a forum simply by hiring an attorney who happens to be maintain an office in the forum. To hold otherwise would require BarTex to anticipate litigation in any state where it chooses to seek legal advice, hire or communicate with an attorney that happens to be located there—placing an extremely severe burden upon BarTex. Moreover, the public policy behind encouraging individuals to choose the most appropriate and most experienced legal representation, no matter the geographic location, weighs against asserting personal jurisdiction here. BarTex should not be subject to the personal jurisdiction of this Court, as it would not "comport with fair play and substantial justice." Burger King, 471 U.S. at 476. No single factor, never mind all three, supports a determination of specific jurisdiction over BarTex in Illinois.

## IV. **CONCLUSION**

BarTex respectfully submits that the assertion of personal jurisdiction over it would be improper based on its *de minimis* contacts with this forum. BarTex has no presence in Illinois and the minimal correspondence with its attorney who happens to be located in Illinois is insufficient to support either general or specific jurisdiction over BarTex. As a result, BarTex requests the Court to dismiss Fish's claims against BarTex.

Respectfully submitted,

/s/ Laura A. Kenneally
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Richard B. Megley, Jr.
Laura A. Kenneally
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4635
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **BARTEX RESEARCH, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FISH & RICHARDSON'S AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

> David J. Bradford - dbradford@jenner.com;;;
> Eric A. Sacks - esacks@jenner.com
> Daniel J. Weiss - dweiss@jenner.com
> Terrence J. Truax - ttruax@jenner.com
> Jenner & Block LLP
> 330 N. Wabash Avenue
> Chicago, IL 60611
> (312) 222-9350
> **Counsel for Fish & Richardson, P.C.**

on May 13, 2008.

/s/ Laura A. Kenneally