# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC.,<br>*Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>FISH & RICHARDSON P.C.,<br>*Defendant, Counterclaimant, Third-Party*<br>*Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>SCOTT C. HARRIS, MEMORY CONTROL<br>ENTERPRISE, LLC, BARTEX RESEARCH, LLC,<br>INNOVATIVE BIOMETRIC TECHNOLOGY, LLC,<br>PARKER INNOVATIVE TECHNOLOGIES, LLC,<br>VIRGINIA INNOVATIVE TECHNOLOGY, LLC,<br>INNOVATIVE PATENTED TECHNOLOGY, LLC<br>AND ANY JOHN DOE SHELL ENTITIES,<br>*Third-Party Defendants.* | Civil Action No. 07 C 5081<br><br>Honorable Rebecca R. Pallmeyer<br><br>Magistrate-Judge Maria Valdez |

## DECLARATION OF J. BEAUREGARD PARKER

I, J. Beauregard Parker declare and state as follows:

1.     I live in Highland Beach, Florida and am the owner and sole member of BarTex Research, LLC ("BarTex"). The only office BarTex has is located at 3 Friendswood Drive in Longview, Texas. BarTex's sole business is licensing and enforcing its rights associated with the '377 patent and future development of technology and inventions.

2.     BarTex has no offices or places of business in Illinois. It does not manufacture or sell any products into the State of Illinois. It has no telephone listings in the State of Illinois. It owns no property in the State of Illinois. It has no bank accounts in the State of Illinois. It pays no taxes in the State of Illinois.

It conducts no business in the State of Illinois. No employees of BarTex have made any sales calls in the State of Illinois. No business has been solicited or done in the State of Illinois. It has no agents for service of process of in Illinois. No officers or employees of BarTex have visited the State of Illinois to conduct business in the State of Illinois. BarTex does not advertise in Illinois.

3. The only contacts that anyone at BarTex has had with the State of Illinois are several visits made by me to meet with its attorneys, Niro, Scavone, Haller & Niro. Those meetings were not for the purpose of engaging in any business but rather involved other companies that I own or control.

4. During such meetings (and I can think of only two), tangentially, there was a discussion concerning the litigation that BarTex brought in Texas against the FedEx defendants there.

5. At the time that BarTex purchased the '377 patent, I personally handled all of the negotiations on behalf of BarTex. Scott Harris represented himself during the course of those negotiations and during that transaction. The principal negotiations between BarTex and Scott Harris that led to the acquisition of the '377 patent by BarTex occurred outside the State of Illinois.

6. Scott Harris assigned United States Patent No. 6,666,377, entitled "Bar Code Data Entry Device" (hereafter "the '377 patent") to BarTex in July 2007. BarTex owns all right, title and interest in the '377 patent. Scott Harris has no current ownership interest in BarTex or the '377 patent. Scott Harris maintains the right to receipt of a percentage of the recoveries associated with BarTex's efforts to enforce the '377 patent.

Executed this 13th day of May 2008.

J. Beauregard Parker