## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC**, ) <br> *Plaintiff and Counterclaim Defendant,* ) <br> ) <br> *v.* ) <br> ) <br> **FISH & RICHARDSON, P.C.**, ) <br> *Defendant, Counterclaimant, Third-* ) <br> *Party Plaintiff, and Counterclaim* ) <br> *Defendant,* ) <br> ) <br> *v.* ) <br> ) <br> **SCOTT C. HARRIS** *et al.*, ) <br> *Third-Party Defendants and* ) <br> *Counterclaimants.* ) | No. 07 C 5081 <br><br> Judge Pallmeyer <br><br> Magistrate Judge Valdez |

## FISH & RICHARDSON'S
## REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE

In considering Plaintiff Illinois Computer Research, LLC's Motion to Strike, Defendant Fish & Richardson, P.C., through its attorneys, requests that the Court take judicial notice under Federal Rule of Evidence 201(d) and (f) that the federal courts commonly employ the terms "shell corporation," "shell company," and "shell entity" in their opinions, including opinions of the United States Supreme Court, the Seventh Circuit Court of Appeals, this Court, and other courts hearing cases brought by clients of the Niro firm.  See, for example, the following cases:

**United States Supreme Court Opinions**

- *City of Erie v. Pap's A.M.*, 529 U.S. 277, 302 (2000) (Scalia, J., concurring) (noting an affidavit that "Pap's 'operates no active business,' and is 'a "shell" corporation'").

- *Neder v. U.S.*, 527 U.S. 1, 4-5 (1999) ("Neder purchased 12 parcels of land using shell corporations set up by his attorneys").

- *Gollust v. Mendell*, 501 U.S. 115, 118-19 (1991) ("International was acquired by Arsenal Acquiring Corp., a shell corporation formed by Arsenal Holdings, Inc.").

- *Federal Maritime Com'n v. Seatrain Line, Inc.*, 411 U.S. 726, 730 (1973) (noting company "was left as a shell corporation wholly without assets.")

**Seventh Circuit Court of Appeals Opinions**

- *MAS Capital, Inc. v. Biodelivery Sciences Intern., Inc.*, 524 F.3d 831, 833 (7th Cir. 2008) ("[Plaintiff] incorporated a shell company, MAS Acquisition XXIII, that it represented had tradeable [*sic*] securities.").

- *U.S. v. Thompson*, 523 F.3d 806, 809 (7th Cir. 2008) ("[defendant] transferred $400,000 from that account to . . . a shell company he had set up in 2000 to hide money from his ex-wife").

- *U.S. v. Cross*, 2008 WL 1723325, at *2 (7th Cir. 2008) (noting U.S. Sentencing Guidelines enhancement where defendant hid assets "through the use of fictitious entities [or] corporate shells") (quoting cmt. to U.S.S.G. § 2B1.1(b)(9)).

- *S.E.C. v. Homa*, 514 F.3d 661, 671 (7th Cir. 2008) ("These transactions reinvested the proceeds of Mr. Homa's criminal enterprises into shell entities.").

**United States District Court for the Northern District of Illinois**

- *Indeck Energy Servs. v. NRG Energy*, 2004 WL 2095554, at *10 (N.D.Ill. September 16, 2004) (Pallmeyer, J.) ("Indeck itself admitted that NBE was a 'shell company,' and that it possessed no information about the company's assets, profits, or losses.").

- *U.S. v. Desmond*, 2008 WL 686779, at *2 (N.D.Ill. March 11, 2008) (Darrah, J.) ("The joint venture was in fact a shell entity with no apparent responsibilities or function.").

- *Wachovia Securities, LLC v. NOLA, LLC*, 248 F.R.D. 544, 550 (N.D.Ill. 2008) (Keys, Mag.) ("Plaintiff alleges, and it is uncontroverted by Defendant, that NOLA's manager is a shell company called Teletech Systems, Inc.").

- *Amari Co., Inc. v. Burgess*, 2007 WL 4292885, at *1 (N.D.Ill. December 04, 2007) (Bucklo, J.) ("Plaintiffs allege that defendants used numerous corporate shells.").

**Other Cases Involving Niro Firm Clients**

- *Solaia Tech. LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 832 (Ill. 2006) ("Rockwell Automation charged that Solaia Technology is a 'front' or 'shell' entity created for the sole purposes of holding the '318 patent and instituting

litigation based on it.") (Niro, Scavone, Haller & Niro represented appellee Solaia Technology LLC).

- *IP Innovation LLC v. Matsushita Elec. Indus.*, 2005 WL 1458232, at *1 (N.D.Ill. June 13, 2005) (Conlon, J.) ("Panasonic contends plaintiffs' choice of forum should be given no weight because the Illinois plaintiffs are actually 'shell corporations' that do not have telephone listings in Illinois, are not registered to do business in Illinois, and whose names do not appear on the door of their office suites.") (Niro, Scavone, Haller & Niro represented plaintiffs, IP Innovation LLC., AV Technologies LLC, and New Medium LLC).

Dated: June 2, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By:   /s/ David J. Bradford
      One of Its Attorneys

David J. Bradford, Esq.
Terrence J. Truax, Esq.
Eric A. Sacks, Esq.
Daniel J. Weiss, Esq.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
Telephone No: 312 222-9350
Facsimile No: 312 527-0484

# CERTIFICATE OF SERVICE

I, J. Andrew Hirth, an attorney, caused the foregoing, Fish & Richardson's Request for the Court to Take Judicial Notice, to be filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email addresses on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Laura A. Kenneally
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois  60602

*Counsel for Illinois Computer Research, LLC
and Scott C. Harris*


Date:  June 2, 2008

    /s/ J. Andrew Hirth

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois  60611
Telephone No:  312 222-9350
Facsimile No:  312 527-0484