IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., <br> *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., <br> *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant,* <br><br> v. <br><br> SCOTT C. HARRIS, MEMORY CONTROL ENTERPRISE, LLC, BARTEX RESEARCH, LLC, INNOVATIVE BIOMETRIC TECHNOLOGY, LLC, PARKER INNOVATIVE TECHNOLOGIES, LLC, VIRGINIA INNOVATIVE TECHNOLOGY, LLC, INNOVATIVE PATENTED TECHNOLOGY, LLC AND ANY JOHN DOE SHELL ENTITIES, <br> *Third-Party Defendants.* | Civil Action No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez |

## RESPONSE TO FISH & RICHARDSON'S
## SUBMISSION OF DOCUMENTS FOR *IN CAMERA* REVIEW

Fish has submitted its withheld documents 41-68 for *in camera* review by

the Court. Documents 45, 48, 49 and 67 were originally designated as being

privileged. They are:

| PRIV DOC # | DATE | DOC TYPE | AUTHOR | RECIPIENT | DESCRIPTION | BASIS/ COMMENTS | COMMENTS (May 12, 2008) |
|---|---|---|---|---|---|---|---|
| 45 | 4/23/2007 | EMAIL | STEELE, JOHN | LUTTON, KATHERINE KELLY; DEVLIN, PETER J. | Communication from Firm counsel to K. Lutton for purposes of discussing S. Harris and Firm client issue (name known to S. Harris) and for purposes of advising the Firm regarding same. Reflects intent to confer with Firm counsel. | Attorney-Client Communication | Assertion of Privilege Withdrawn |
| 48 | 3/18/2007 | EMAIL | BARKAN, DAVID | DEVLIN, PETER J; ANDERSON,, RICHARD J; STEELE, JOHN; LUTTON, KATHERINE KELLY | Communication from D. Barkan with Firm counsel requesting Firm counsel's involvement and advice on a matter concerning a Firm client. Contains privileged and confidential information regarding Firm client. | Attorney-client Communication | Assertion of Privilege Withdrawn |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | Name of Firm client known to S. Harris and S. Harris conduct to Firm counsel for purposes of Firm counsel rendering legal acv ice. Part of privileged e-mail dialogue, comprising Docs. #48-57 and 64. | | |
| 49 | 3/18/2007 | EMAIL | BARKAN, DAVID | BARKAN, DAVID; DEVLIN, PETER J; ANDERSON, RICHARD J; STEELE, JOHN; LUTTON, KATHERIN KELLY | Communication from D. Barkan to Firm counsel, responding to D. Barkan's prior privileged communication n and providing Firm counsel with information for purposes of counsel rendering legal advice. Communication requests Firm counsel's involvement and was made in anticipation of litigation. Addresses Doc. #48. Part of privileged e-mail dialogue, comprising Docs. #48-57 and 64. | Attorney-Client Communication, Attorney Work product | Assertion of Privilege Withdrawn |
| 67 | 3/14/2007 | EMAILS | HIEKEN, CHARLES STODGHILL, STEVEN MCNABNAY, NEIL J. | STODGHILL, STEVEN HEIKEN, CHARLES CC: MCNABNAY, NEIL J STODGILL, STEVEN H CC: MCNABNAY, NEIL J | E-mail dialogue that raises and responds to factual and legal questions, including questions regarding S. Harris. Communication among counsel re: privileged and confidential information of a Firm client. (Client name known to S. Harris.) | Attorney6-client Communications | Assertion of Privilege Withdrawn |

Fish has now waived any claim of privilege for those documents even though they fall in exactly the same category as the other documents still being withheld on privilege grounds, namely, they are internal communications between Fish employees who happen to be lawyers. Why were they produced? Apparently, because Fish believes them to be helpful to its case.

The remaining documents are supposed to be produced to Mr. Harris and that should be ordered done immediately. One category is subject to production on conditions that only Mr. Harris (and his counsel) can use them in the lawsuit in which Fish joined six companies that purchased one or more of Mr. Harris' patents. According to Fish, Mr. Harris can have access to the documents but not the other defendants it joined in the same lawsuit. If the Court accepts that

arbitrary division, then it should sever the case between Scott Harris and the third-party defendants setting them for separate discovery and separate trials.

The remaining documents have been redacted apparently on the ground that the documents deal with remedial measures. In fact, it appears Fish may have decided those documents (or at least the expurgated parts) are not helpful to it. So, according to Fish, the expurgated parts can be excluded from production entirely. Again, such selective waiver is not permitted under the law. Abbott Labs. v. Baxter Travenol Labs., 676 F. Supp 831 (N.D. Ill. 1987).

In the context of allegedly privileged communications, a fundamental principle of fairness prevents parties like Fish from picking and choosing which communications they want to disclose. Thermos Co. *v.* Starbucks Corp., 1998 U.S. Dist. LEXIS 17753 *4 (N.D. Ill. 1998) ("Principles of fairness also prevent a party from 'disclosing opinions which support its position, and simultaneously concealing those [opinions] which are adverse.'") The privilege simply cannot be manipulated to release only favorable information and withhold the unfavorable. Technitrol Inc. v. Digital Equipment Corp., 181 U.S.P.Q. (BNA) 731, 732 (N.D. Ill. 1974). In Abbott Laboratories v. Baxter Travenol Laboratories, Inc., 676 F.Supp. 831 (N.D. Ill. 1987), for example, a defendant produced three opinions regarding infringement and tried to withhold the rest on the same subject. This Court found such conduct unacceptable:

> A party claiming good faith reliance upon legal advice could produce three opinions of counsel approving conduct at issue in a law suit and withhold a dozen more expressing grave reservations over its legality. ***Preservation of privilege in such a case is simply not worth the damage done to truth.***

3

Id. at 832 (emphasis added).

> Where, as here, the advice of counsel has been put in issue, all advisory opinions on the same subject matter may need be discoverable if the evils of "opinion shopping" and selective disclosure are to be avoided.

Fonar Corp. v. Johnson and Johnson, 3 Fed.R.Serv.3d 145, 147 (D. Mass. 1985).

Fish asserts that its improper selective production is not a waiver, but that is not the law. It is contrary to law. If a client chooses to disclose, without limitation, a privileged communication, it waives the privilege as to all similar communications on the same subject. Emhart Industries v. Sankyo Seiki Mfg. 1986 U.S. Dist. LEXIS 17428, 4-5 (N.D. Ill. 1986) (citing Duplan v. Deering Milliken, 397 F. Supp. 1146, 1161 (D.S.C. 1974)). A waiver of the privilege as to all communications ordinarily follows from the voluntary waiver even if made with limitations of one or more similar communications. Id.

For the reasons stated, the documents Fish originally logged as being privileged (but now admittedly are not privileged) should be produced without restrictions or expurgations.

Respectfully submitted,

/s/    Raymond P. Niro
Raymond P. Niro
Paul K. Vickrey
Laura A. Kenneally
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4635
(312) 236-0733
Fax: (312) 236-3137
Attorneys for Illinois Computer
Research, LLC and Scott C. Harris

# **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **RESPONSE TO FISH & RICHARDSON'S SUBMISSION OF DOCUMENTS FOR *IN CAMERA* REVIEW** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

>David J. Bradford - dbradford@jenner.com;;;
>Eric A. Sacks - esacks@jenner.com
>Daniel J. Weiss - dweiss@jenner.com
>Terrence J. Truax - ttruax@jenner.com
>Jenner & Block LLP
>330 N. Wabash Avenue
>Chicago, IL 60611
>(312) 222-9350
>**Counsel for Fish & Richardson, P.C.**

on June 3, 2008.

/s/ Raymond P. Niro