## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** )<br>*Plaintiff and Counterclaim Defendant,* )<br> )<br>*v.* )<br> )<br>**FISH & RICHARDSON P.C.**, )<br>*Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* )<br> )<br>*v.* )<br> )<br>**SCOTT C. HARRIS** *et al.*, )<br>*Third-Party Defendants.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

### FISH & RICHARDSON'S REPLY TO MR. HARRIS'S AND THE SHELL ENTITIES' RESPONSE BRIEF REGARDING *IN CAMERA* DOCUMENTS

Mr. Harris and the shell entities have now filed *two* briefs without leave regarding the documents submitted for *in camera* review following the parties' May 23, 2008 hearing on Mr. Harris's and the shell entities' motion to compel. But no matter how many briefs they file, Mr. Harris and the shell entities cannot change two facts: (1) the documents submitted for *in camera* review are privileged, and (2) Mr. Harris and the shell entities cannot maintain joint counsel unless Mr. Harris stipulates that the shell entities are his alter egos.

In their latest brief, Mr. Harris and the shell entities make two arguments for production of privilege log entries 41 to 68. Both fail—just as they failed weeks ago when this issue was fully briefed.

First, Fish & Richardson has not waived its privilege over the documents submitted for *in camera* review. As the Court is well aware, Fish & Richardson has withdrawn its assertion of privilege over privilege log entries nos. 45, 48, 49 and 67. According to Mr. Harris and the shell

entities, by doing so Fish & Richardson allegedly waived privilege over *all* documents listed on its privilege log. That is not, and cannot be, the law. At the outset of this litigation, Fish & Richardson included entry nos. 45, 48, 49, and 67 on a privilege log created during expedited discovery. Fish & Richardson was prepared to meet and confer about items on its privilege log with counsel for Mr. Harris. However, Mr. Harris's counsel refused to meet and confer, and instead filed a premature motion to compel. In response, Fish & Richardson reviewed its privilege log very carefully and concluded that four documents (privilege log entries nos. 45, 48, 49 and 67) were not privileged. Therefore, Fish & Richardson removed those documents from its privilege log, and produced them to Mr. Harris and the shell entities. Such conduct is routine during litigation, and Mr. Harris and the shell entities cannot cite any authority that by re-examining a privilege log and reconsidering certain entries a party waives privilege over all documents that remain listed on the party's privilege log. Production of non-privileged documents cannot create subject matter waiver over all privileged documents.

Second, Mr. Harris's suggestion that the Court sever the shell entities from this litigation plainly will not solve the Niro firm's conflict issues, and will be inefficient and a waste of judicial resources. As discussed at length during the parties' May 23, 2008 hearing, the fundamental issue here is that Mr. Harris's counsel should not be able to use privileged documents (that Fish & Richardson is willing to produce to Mr. Harris only), in litigation that is now being waged by that same counsel (the Niro firm) on behalf of its other clients (the shell entities) against Fish & Richardson and *its* clients, both in this Court and in other jurisdictions. Mr. Harris's and the shell entities' ill-conceived "solution" solves nothing—it just creates more litigation while permitting the shell entities to use Fish & Richardson's privileged information against Fish & Richardson and its clients.

Instead, the logical first step is to assess whether the documents submitted *in camera* are privileged, and whether any of those documents should be produced to Mr. Harris only. If some of the documents should be produced to Mr. Harris only, then they should be produced consistent with the directives set forth in Fish & Richardson's response to Mr. Harris's and ICR's motion to compel: (i) a judicial determination that the production is not a waiver of any applicable privilege, and (ii) a ruling that the documents may be produced to Mr. Harris only, and are privileged with respect to other parties and their counsel. (*See* Dkt. 160 at 5, 8-10.) The only solution is for Mr. Harris to stipulate that the shell entities are his alter ego, or for the shell entities and Mr. Harris to retain separate, independent counsel.

June 4, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By: <u>s/ David J. Bradford</u>
     One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

## **CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

    Raymond P. Niro
    Paul K. Vickrey
    Richard B. Megley, Jr.
    Laura A. Kenneally
    David J. Sheikh
    Niro, Scavone, Haller & Niro
    181 W. Madison, Suite 4600
    Chicago, Illinois 60602

June 4, 2008

    s/David J. Bradford

    JENNER & BLOCK LLP
    330 North Wabash Avenue
    Chicago, Illinois 60611
    Telephone No: 312 222-9350
    Facsimile No: 312 527-0484