# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** )<br>*Plaintiff and Counterclaim Defendant,* )<br> )<br>*v.* )<br> )<br>**FISH & RICHARDSON P.C.**, )<br>*Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* )<br> )<br>*v.* )<br> )<br>**SCOTT C. HARRIS** *et al.*, )<br>*Third-Party Defendants.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

## FISH & RICHARDSON'S MOTION FOR A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, AN EXTENSION OF TIME

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Fish & Richardson P.C. ("Fish & Richardson"), by its attorneys Jenner & Block LLP, respectfully moves this Court for entry of an order extending the deadline for Fish & Richardson to respond to the six sets of interrogatories (a total of 64 interrogatories) and document requests (a total of 53 document requests) served by BarTex Research, Memory Control Enterprise, Innovative Patented Technology, Parker Innovative Technologies, Virginia Innovative Technology, and Innovative Biometric Technology to June 13, 2008. In support of its motion, Fish & Richardson states:

1. BarTex Research, Memory Control Enterprise, Innovative Patented Technology, Parker Innovative Technologies, Virginia Innovative Technology, and Innovative Biometric Technology have served 64 interrogatories (many of which contain numerous subparts) and 53 document requests on Fish & Richardson.

2. Fish & Richardson's responses originally were due May 27, 2008. On May 22, 2008, counsel for BarTex Research, Memory Control Enterprise, Innovative Patented Technology, Parker Innovative Technology, Virginia Innovative Technology, and Innovative Biometric Technology agreed to an extension "of at least one week," to June 3, 2008. (Ex. A, 05/23/08 E. Sacks. Ltr.) The parties agreed to meet later to discuss electronic discovery, focusing on the collection, review and production of electronic materials from Mr. Harris's work laptop and work email account, consistent with the Court's May 2 Order. The parties agreed to "revisit" the deadline to respond to the discovery requests when the parties learned more about the time it would take to collect and review those electronic materials. (*Id.*)

3. On June 2, 2008, Fish & Richardson's counsel "revisited" the deadline issue by stating that he "expected" an extension of time for a preliminary response to June 6 would be necessary. (Ex. B, 06/02/08 E. Sacks email.) Counsel for BarTex Research and the remaining parties did not object or otherwise respond to that specific request. (*Id.*, P. Vickery email.)

4. On Friday, June 6, 2008, Fish & Richardson's counsel requested that the deadline be extended to the following week. (Ex. C, 06/06/08 E. Sacks email.) Fish & Richardson stated that it would file a motion for extension later that day if the parties did not agree. (*Id.*) Counsel for BarTex Research and the other parties refused the request. (*Id.*, R. Niro email.) Therefore, pursuant to Local Rule 37.2, Fish & Richardson states that the parties are at an impasse.

5. Fish & Richardson's efforts to focus on these interrogatories and document requests have been interrupted by other litigation activity related to this case over the previous two weeks that has diverted Fish & Richardson's resources.

6. Fish & Richardson expects to complete and provide its responses and objections to the interrogatories and document requests at issue by the date this motion is heard. Fish &

2. Fish & Richardson's responses originally were due May 27, 2008. On May 22, 2008, counsel for BarTex Research, Memory Control Enterprise, Innovative Patented Technology, Parker Innovative Technology, Virginia Innovative Technology, and Innovative Biometric Technology agreed to an extension "of at least one week," to June 3, 2008. (Ex. A, 05/23/08 E. Sacks. Ltr.) The parties agreed to meet later to discuss electronic discovery, focusing on the collection, review and production of electronic materials from Mr. Harris's work laptop and work email account, consistent with the Court's May 2 Order. The parties agreed to "revisit" the deadline to respond to the discovery requests when the parties learned more about the time it would take to collect and review those electronic materials. (*Id.*)

3. On June 2, 2008, Fish & Richardson's counsel "revisited" the deadline issue by stating that he "expected" an extension of time for a preliminary response to June 6 would be necessary. (Ex. B, 06/02/08 E. Sacks email.) Counsel for BarTex Research and the remaining parties did not object or otherwise respond to that specific request. (*Id.*, P. Vickery email.)

4. On Friday, June 6, 2008, Fish & Richardson's counsel requested that the deadline be extended to the following week. (Ex. C, 06/06/08 E. Sacks email.) Fish & Richardson stated that it would file a motion for extension later that day if the parties did not agree. (*Id.*) Counsel for BarTex Research and the other parties refused the request. (*Id.*, R. Niro email.) Therefore, pursuant to Local Rule 37.2, Fish & Richardson states that the parties are at an impasse.

5. Fish & Richardson's efforts to focus on these interrogatories and document requests have been interrupted by other litigation activity related to this case over the previous two weeks that has diverted Fish & Richardson's resources.

6. Fish & Richardson expects to complete and provide its responses and objections to the interrogatories and document requests at issue by the date this motion is heard. Fish &

Richardson has worked diligently to complete its responses and objections to the 64 interrogatories and 53 document requests, and their numerous subparts. Fish & Richardson makes this request for a protective order or, in the alternative, for an extension of time to respond to the six sets of interrogatories and document requests, not out of an interest in delay, but out of necessity. Moreover, the requested extension will not prejudice any party, because no briefs are due and no depositions are scheduled in the interim period.

WHEREFORE, Fish & Richardson respectfully requests that the Court enter an order extending the deadline for Fish & Richardson to respond to the 64 interrogatories and 53 document requests served by BarTex Research, Memory Control Enterprise, Innovative Patented Technology, Parker Innovative Technologies, Virginia Innovative Technology, and Innovative Biometric Technology to June 13, 2008.

June 6, 2008

Respectfully submitted,
FISH & RICHARDSON P.C.

By:    s/ David J. Bradford
      One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

**CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

    Raymond P. Niro
    Paul K. Vickrey
    Richard B. Megley, Jr.
    Laura A. Kenneally
    David J. Sheikh
    Niro, Scavone, Haller & Niro
    181 W. Madison, Suite 4600
    Chicago, Illinois  60602

June 6, 2008

                                                  s/David J. Bradford

                                                  JENNER & BLOCK LLP
                                                  330 North Wabash Avenue
                                                  Chicago, Illinois  60611
                                                  Telephone No:  312 222-9350
                                                  Facsimile No:  312 527-0484