IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS COMPUTER RESEARCH, LLC., )
    *Plaintiff and Counterclaim Defendant*, )
)
    v. )
)
FISH & RICHARDSON P.C., )
    *Defendant, Counterclaimant, Third-Party* )
    *Plaintiff and Counterclaim Defendant,* )
)
    v. )
)
SCOTT C. HARRIS, MEMORY CONTROL )
ENTERPRISE, LLC, BARTEX RESEARCH, LLC, )
INNOVATIVE BIOMETRIC TECHNOLOGY, LLC, )
PARKER INNOVATIVE TECHNOLOGIES, LLC, )
VIRGINIA INNOVATIVE TECHNOLOGY, LLC, )
INNOVATIVE PATENTED TECHNOLOGY, LLC )
AND ANY JOHN DOE SHELL ENTITIES, )
    *Third-Party Defendants.* )

Civil Action No. 07 C 5081

Honorable Rebecca R. Pallmeyer

Magistrate-Judge Maria Valdez

## THIRD PARTY DEFENDANTS' RESPONSE TO FISH'S MOTION
## FOR A PROTECTIVE ORDER OR IN THE ALTERNATIVE AN EXTENSION OF TIME

Ordinarily, professional courtesy alone would dictate that reasonable extensions of time be agreed upon for discovery requests. And that has happened. But Fish and its counsel have taken advantage of the third party defendants' attempts at cooperation in this matter. Fish has taken such cooperation and multiple extensions of time as an opportunity to demand discovery from the third party defendants while giving nothing in return. On April 21, 2008, Fish served voluminous interrogatories and document requests on each of the six third party defendants that they brought into this lawsuit. Answers were timely served and documents timely produced by the third party defendants. Between April 24-28, 2008, the third party defendants prepared and served

their own interrogatories and document requests. But Fish apparently didn't have time to provide answers and produce documents, instead asking for two extensions of time which were agreed upon. Unfortunately, in the time period during which responses could have been prepared, Fish instead was consumed by doing the following:

- Sending numerous letters making petty and harassing requests regarding documents which were timely produced to Fish (each letter contained as many as ten enumerated requests and many of those also included subparts). For example, the letters:

  o demand that Harris and ICR produce copies of publicly available documents;

  o seek the reproduction of certain documents, which were already timely produced to Fish, because the fax transmittal line was cut off or blurred (as in the originals);

  o insist on the production of numerous attachments, many of which had already produced to Fish;

  o complain about redactions of privileged material from documents that were timely produced to Fish; and

  o demand production of documents legitimately withheld on grounds of privilege;

- Writing and serving yet another motion and brief under Rule 11;

- Filing motions and briefs totaling in excess of 70 pages;

- Preparing and serving the First Set of Requests For Admission to Scott Harris; and

- Preparing and serving subpoenas on Altitude Capital Partners and SCH Holdings.

The essence of Fish's request for more time is captured in paragraph 5 of its motion, namely, that its efforts to respond to the interrogatories and document requests "have been interrupted by other litigation activity related to this case." Fish's Motion For Protective Order at ¶5. That "other litigation activity" was largely of its own choosing. In

2

short, Fish is too busy to answer the third party defendants' essential discovery requests, but makes time to do what it wants and serve its purposes -- including legal research and briefs on how it should be allowed to demean the six third party defendants by calling them "shell entities."

This motion will be heard five days after the time that Fish was scheduled (after being granted two extensions of time) to answer the interrogatories and document requests served by the third party defendants. Moreover, because Fish's proposed third extension of time requests a deadline of June 13, 2008 (two days after the scheduled hearing of this motion) there is no point in demanding earlier responses, but this Court should know the kind of tactics that have been employed by Fish and its counsel this case – take but don't give, demand discovery but don't produce any in response.

Respectfully submitted,

*/s/Laura A. Kenneally*
Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Laura A. Kenneally
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4635
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Illinois Computer Research, LLC and Scott C. Harris

# CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **THIRD PARTY DEFENDANTS' RESPONSE TO FISH'S MOTION FOR A PROTECTIVE ORDER OR IN THE ALTERNATIVE AN EXTENSION OF TIME** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

David J. Bradford - dbradford@jenner.com;;;
Eric A. Sacks - esacks@jenner.com
Daniel J. Weiss - dweiss@jenner.com
Terrence J. Truax - ttruax@jenner.com
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350
**Counsel for Fish & Richardson, P.C.**

On June 10, 2008.


*/s/Laura A. Kenneally*