**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC,** | ) | |
| *Plaintiff and Counterclaim Defendant,* | ) ) ) | |
| *v.* | ) | No. 07 C 5081 |
| | ) | |
| **FISH & RICHARDSON P.C.,** | ) | Judge Rebecca R. Pallmeyer |
| *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* | ) ) ) | Magistrate Judge Maria Valdez |
| | ) | **Redacted Public Version** |
| *v.* | ) ) | |
| **SCOTT C. HARRIS *et al.*,** | ) | |
| *Third-Party Defendants.* | ) | |

**FISH & RICHARDSON'S MOTION**
**TO COMPEL COMPLIANCE WITH THE COURT'S MAY 2, 2008 ORDER**

Fish & Richardson P.C. ("Fish & Richardson"), by its attorneys Jenner & Block LLP, respectfully moves this Court for entry of an order compelling Mr. Harris to comply with the Court's May 2, 2008 Order and produce all documents listed on Mr. Harris's privilege log. In support of its motion, Fish & Richardson states:

1.      On May 2, 2008, the Court denied Mr. Harris's motion for a protective order regarding communications between Mr. Harris and his attorneys, including the Niro firm, and ordered Mr. Harris to produce all communications between Mr. Harris and his counsel, other than communications with the Niro firm "concerning potential disputes between himself and Fish & Richardson." (May 2, 2008 Ord., Dkt. No. 158.)

2.      As the Court explained during the May 2, 2008 hearing on this issue: "[T]he purpose of the attorney-client privilege in this context, it seems to me, is served if we – if we protect any of Mr. Harris's communications with his lawyers about his dispute with the law firm,

*not* about his efforts to license his patents, his, you know, potential – his evaluation of their merit, his suggestions about how a corporation might be set up, his suggestions about the – or his communications with lawyers about the manner and method in which there might be infringement." (05/02/08 Hr'ing Tran. at 73, emphasis added.)

3.    At the end of the May 2, 2008 hearing, the Court emphasized: "Again, what I've ordered is that [Mr. Harris's] communications about enforcement of his patents are subject to production." (*Id.* at 93.) Mr. Bradford, counsel for Fish & Richardson asserted, "[a]nd that should apply to the privilege log as well as to the emails, because everything on the privilege log relates to those topics, not to his dispute with the law firm." (*Id.* at 93-94.) The Court responded: "*So ordered.*" (*Id.* at 94, emphasis added.)

4.    Therefore, the Court's May 2 Order was plain and unequivocal. First, Mr. Harris can withhold and submit *in camera* only communications with the Niro firm that specifically relate to Mr. Harris's dispute with Fish & Richardson. Second, Mr. Harris must produce all other communications with the Niro firm (and Mr. Harris's other attorneys), including all documents listed on Mr. Harris's privilege log.

5.    Now, *more than six weeks after* that Order, Mr. Harris concedes that he has not complied with the Court's Order to produce all documents listed on his privilege log. (06/17/08 L. Kenneally Ltr. to Judge Pallmeyer.) This fact came out only after Fish & Richardson, suspecting that all the documents had not been produced as ordered by the Court, requested that Mr. Harris identify the bates number of each privilege log entry that had been produced. Mr. Harris now asks the Court, in the improper form of a letter, to reconsider its May 2 Order and permit Mr. Harris to withhold seven documents listed on its privilege log. (*Id.*) Mr. Harris's tardy and procedurally inappropriate argument fails.

6.     Mr. Harris now for the first time argues that the seven documents submitted *in camera* (privilege log entry numbers 6, 12, 13, 16, 19, 20, and 22) should be withheld from production because the documents allegedly are "privileged communications between Mr. Harris and the Niro firm related to the current lawsuit and are therefore not discoverable by Fish." (*Id.*) However, not one of those documents was described on Mr. Harris's privilege log as relating to litigation between Mr. Harris and Fish & Richardson. Instead, all of the documents are described on Mr. Harris's own privilege log as communications related to patent lawsuits against Fish & Richardson's clients— REDACTED . Therefore, each of those documents relate to patent enforcement—the very subject the Court ordered produced—and not to Mr. Harris's litigation against Fish & Richardson. Below is the portion of Mr. Harris's privilege log relating to the seven documents Mr. Harris has produced *in camera*:

REDACTED PURSUANT TO
STIPULATED PROTECTIVE
ORDER

7. As Mr. Harris's own privilege log makes clear, all of the documents submitted *in camera* were drafted while Mr. Harris was a principal at Fish & Richardson, and concerned asserting claims for patent infringement against Fish & Richardson's clients. Therefore, those documents will provide vitally important facts about Mr. Harris's misconduct, and are the very category of documents the Court plainly ordered be produced. Mr. Harris's sudden and self-serving argument—never asserted until now—that those seven documents relate to a possible lawsuit between Mr. Harris and Fish & Richardson should be rejected. Mr. Harris has provided no grounds for the Court to reconsider its prior Order, and the documents should be produced immediately.

8. Finally, Fish & Richardson requests that Mr. Harris be ordered to pay Fish & Richardson's fees and costs in seeking enforcement of the Court's May 2 Order. Mr. Harris has no good faith basis for continuing to withhold vitally important documents that the Court plainly and repeatedly ordered be produced. Even if Mr. Harris had a good faith basis for submitting these documents *in camera* rather than producing them, he should have done so promptly after this Court's May 2 Order. Instead he waited until Fish & Richardson's counsel noticed that the production of the documents on the privilege log was incomplete and that Mr. Harris had unilaterally decided not to follow this Court's Order.

WHEREFORE, Fish & Richardson respectfully requests that the Court enter an order compelling Mr. Harris to comply with the Court's May 2 Order and produce all documents listed on Mr. Harris's privilege log, and awarding Fish & Richardson its fees and costs incurred in seeking enforcement of the Court's May 2 Order.

June 18, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By:   <u>s/ David J. Bradford</u>
      One of its Attorneys

David J. Bradford
Terrence J. Truax
Eric A. Sacks
Daniel J. Weiss
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Laura A. Kenneally
David J. Sheikh
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois 60602

June 18, 2008

s/David J. Bradford

JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Telephone No: 312 222-9350
Facsimile No: 312 527-0484