IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> SCOTT C. HARRIS, MEMORY CONTROL ENTERPRISE, LLC, BARTEX RESEARCH, LLC, INNOVATIVE BIOMETRIC TECHNOLOGY, LLC, PARKER INNOVATIVE TECHNOLOGIES, LLC, VIRGINIA INNOVATIVE TECHNOLOGY, LLC, INNOVATIVE PATENTED TECHNOLOGY, LLC AND ANY JOHN DOE SHELL ENTITIES, *Third-Party Defendants.* | Civil Action No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez <br><br> **REDACTED, PUBLIC VERSION** |

**RESPONSE TO FISH & RICHARDSON'S MOTION TO
COMPEL COMPLIANCE WITH THE COURT'S MAY 2, 2008 ORDER**

The short answer to Fish's motion is this: Mr. Harris has complied with the Court's May 2, 2008 Order and has submitted to the Court *in camera* the seven (7) documents that contain clearly privileged communications between Mr. Harris and his counsel about matters at issue in this litigation. They are:

Document 6    A May 29, 2007 email in which Mr. Harris reports to his lawyers on the status of his dealings with Fish

Document 12   A September 12, 2007 email regarding retention of employment counsel to deal with Fish

| | |
|---|---|
| Document 13 | A September 11, 2007 email to an employment law specialist regarding Mr. Harris's termination by Fish |
| Document 16 | A May 11, 2007 email regarding discussions with John Steele and a confidential memo for counsel |
| Document 19 | A September 1, 2007 email regarding threats made by Fish |
| Document 20 | An September 3, 2007 email regarding communications with Fish just before Mr. Harris's termination |
| Document 22 | A May 22, 2007 email reporting to counsel on the status of Mr. Harris's dealings with Fish |

In <u>Ole K. Nilssen</u> v. <u>Osram Sylvania, Inc.</u>, 2007 U.S. Dist. LEXIS 5792 at *26-*31 (N.D. Ill. 2007), a Jenner client was sanctioned by Judge Darrah for engaging in a pattern of abusive litigation tactics, a decision which was recently affirmed on appeal by the Federal Circuit:

> … Nilssen provided incorrect responses to interrogatories and never filed a formal correction, then attempted to exclude the interrogatories for impeachment purposes because they were not signed; appellants withdrew sixteen of the originally-filed patents from their suit, but did not do so formally until a few months before trial; Nilssen arguably waived his attorney-client privilege during trial without providing notice to Osram; appellants produced documents near the end of trial that had been requested earlier. …
> \* \* \* \*
> … Appellants committed numerous acts during litigation that the court interpreted as litigation misconduct, findings that we do not hold to be clearly erroneous.

Op. at 10-11, Appeal No. 2007-1198, -1348 (Fed. Cir., June 17, 2008).

We mention this recent decision only because, in this case, Fish and its counsel appear to be taking a similar course, the latest motion of which is just one example. Calling the third-party defendants Fish bought into this case "shell

entities" and mocking the Federal Judicial Center ███████████████

████████████████████████████████████████████████████████

█████████████████) in emails produced by Fish in this case from Mr. Harris's email records that were sent to every lawyer at Fish (one of which sarcastically mocks Mr. Niro's Italian heritage by calling the law firm in which his brother and two of his sons practice law the ███████████) shows a complete disrespect (even contempt) not only for opposing counsel, but for the judicial process itself (Exhibits A-C).

Such conduct really has to end and this case put on a path of civility the law requires. Fish's motion to compel should be denied. It is both unnecessary and without merit. And if fees and costs are awarded, they should be awarded to Mr. Harris and against Fish for its filing of a motion to obtain documents that were properly submitted to the Court for *in camera* review in accordance with the Court's May 2, 2008 Order.

As for the timeliness of Mr. Harris's production of the privileged documents *in camera*, the transcript of the Court's May 2, 2008 hearing was received on May 30, 2008 and the documents produced to the Court 12 business days later.

                                           Respectfully submitted,
                                           /s/ Raymond P. Niro
                                           Raymond P. Niro
                                           Laura A. Kenneally
                                           Niro, Scavone, Haller & Niro
                                           181 West Madison, Suite 4600
                                           Chicago, Illinois 60602-4635
                                           (312) 236-0733
                                           Attorneys for Illinois Computer
                                           Research, LLC and Scott C. Harris

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **RESPONSE TO FISH & RICHARDSON'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S MAY 2, 2008 ORDER (REDACTED, PUBLIC VERSION)** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

>David J. Bradford - dbradford@jenner.com
>Eric A. Sacks - esacks@jenner.com
>Daniel J. Weiss - dweiss@jenner.com
>Terrence J. Truax - ttruax@jenner.com
>Jenner & Block LLP
>330 N. Wabash Avenue
>Chicago, IL 60611
>(312) 222-9350
>**Counsel for Fish & Richardson, P.C.**

on June 19, 2008.

/s/ Raymond P. Niro