# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC**, )<br>    *Plaintiff and Counterclaim Defendant,* )<br>)<br>    *v.* )<br>)<br>**FISH & RICHARDSON P.C.**, )<br>    *Defendant, Counterclaimant, Third-Party Plaintiff, and Counterclaim Defendant,* )<br>)<br>    *v.* )<br>)<br>**SCOTT C. HARRIS *et al.*,** )<br>    *Third-Party Defendants.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez<br><br>**Redacted Public Version** |

## FISH & RICHARDSON'S MOTION TO COMPEL
## PRODUCTION OF UNREDACTED VERSIONS OF CERTAIN HARRIS EMAILS

Fish & Richardson P.C. ("Fish & Richardson"), by its attorneys Jenner & Block LLP, respectfully moves this Court under Federal Rule of Civil Procedure 37 for entry of an order compelling Mr. Harris to produce unredacted versions of certain Harris emails labeled Harris 373, 391-94, 397-403, and attached as Exhibit A. In support of its Motion, Fish & Richardson states as follows:

1.      On May 5, 2008, Mr. Harris produced several emails which contained unexplained redactions. As review of Exhibit A will demonstrate, at some unknown date while a principal at Fish & Richardson, Mr. Harris transmitted to the Niro firm via email the contents of privileged, confidential email communications between Mr. Harris and Fish & Richardson's in-house counsel regarding Mr. Harris's suit against a Firm client. (*See*, Ex. A.) However, when producing those emails to Fish & Richardson during discovery in this case, Mr. Harris's counsel redacted the most recent email of each email chain (*i.e.* the portion of the email chain in which

Mr. Harris forwarded the communication to someone at the Niro firm). In doing so, Mr. Harris's counsel redacted all information relating to Mr. Harris's transmission of the privileged Fish & Richardson internal email to the Niro firm.

2. Therefore, although there is no dispute that Mr. Harris transmitted the emails at issue to the Niro firm, it is unclear <u>when</u> Mr. Harris did so, <u>what</u> Mr. Harris said when he did so, and <u>who</u> at the Niro firm actually received the email. This information is relevant to a number of issues in this litigation. For example, *when* Mr. Harris transmitted Fish & Richardson's privileged, internal communications to the Niro firm is relevant to *when* Mr. Harris consulted with the Niro firm regarding potential litigation against Fish & Richardson. That will bear directly on, among other things, Mr. Harris's assertion of privilege over the seven documents Mr. Harris submitted this week for *in camera* review. The redacted information also is relevant, for example, to how Mr. Harris breached his fiduciary duties by transmitting Fish & Richardson's confidential information to parties and counsel adverse to Fish & Richardson and its clients.

3. Because the information redacted by Mr. Harris's counsel is so important, on May 7, 2008 Fish & Richardson asked that Mr. Harris produce unredacted versions of the documents. (Ex. B, 05/07/08 D. Bradford Ltr.) On May 9, 2008, Mr. Harris's counsel stated that it would produce a privilege log of the redacted emails, but would not produce them in unredacted form. (Ex. C, 05/09/08 L. Kenneally Ltr.) On May 16, 2008, Fish & Richardson reiterated that the redacted materials could not be privileged. (Ex. D, 05/16/08 E. Sacks Ltr.) Fish & Richardson asked that, at the very least, Mr. Harris fulfill his promise of providing a privilege log of the redactions, so that Fish & Richardson could evaluate Mr. Harris's assertions of privilege. (*Id.*)

4. On May 28, 2008, Mr. Harris's counsel stated "[a]s promised, we are producing a modified version of Harris 373 and a log of the redacted communications." (Ex. E, 05/28/08 L.

Kenneally Ltr.) Mr. Harris, however, did not fulfill that pledge. More than two weeks later, on June 12, 2008, Fish & Richardson informed Mr. Harris's counsel that Fish & Richardson had not yet received the modified version of Harris 373 and a log of the redacted communications, as Mr. Harris's counsel had promised. (Ex. F, 06/12/08 E. Sacks Ltr.) Fish & Richardson again requested that Mr. Harris produce the materials promptly. (*Id*.) Mr. Harris did not respond to that request. Therefore, on June 23, 2008 Fish & Richardson again requested production of unredacted versions of the emails, and informed Mr. Harris that it would seek Court intervention if Mr. Harris refused to do so. (Ex. G, 06/23/08 D. Bradford email.) On June 24, 2008, Fish & Richardson told Mr. Harris's counsel that there was no reason for further delay, and that it would file a motion to compel immediately. (Ex. H, 06/24/08 D. Bradford email.)

5. The redacted information is relevant to this case for the reasons provided above. There is no basis for Mr. Harris to assert privilege over the dates Mr. Harris transmitted Fish & Richardson's privileged internal communications to the Niro firm, or the contents of the transmittal email.

WHEREFORE, Fish & Richardson respectfully requests that the Court enter an order compelling Mr. Harris to produce unredacted versions of certain Harris emails labeled Harris 373, 391-94, 397-403.

June 24, 2008                                  Respectfully submitted,

                                               FISH & RICHARDSON P.C.

                                               By:    s/ David J. Bradford
                                                      One of its Attorneys

                                                      David J. Bradford
                                                      Terrence J. Truax
                                                      Eric A. Sacks
                                                      Daniel J. Weiss
                                                      JENNER & BLOCK LLP
                                                      330 N. Wabash Avenue
                                                      Chicago, IL 60611
                                                      Telephone: 312 222-9350
                                                      Facsimile: 312 527-0484

**CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their email address on file with the Court:

    Raymond P. Niro
    Paul K. Vickrey
    Richard B. Megley, Jr.
    Laura A. Kenneally
    David J. Sheikh
    Niro, Scavone, Haller & Niro
    181 W. Madison, Suite 4600
    Chicago, Illinois  60602


June 24, 2008

                                                                 s/David J. Bradford

                                                                 JENNER & BLOCK LLP
                                                                 330 North Wabash Avenue
                                                                 Chicago, Illinois  60611
                                                                 Telephone No:  312 222-9350
                                                                 Facsimile No:  312 527-0484