IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC., <br>    *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> FISH & RICHARDSON P.C., <br>    *Defendant, Counterclaimant, Third-Party Plaintiff and Counterclaim Defendant,* <br><br> v. <br><br> SCOTT C. HARRIS, MEMORY CONTROL ENTERPRISE, LLC, BARTEX RESEARCH, LLC, INNOVATIVE BIOMETRIC TECHNOLOGY, LLC, PARKER INNOVATIVE TECHNOLOGIES, LLC, VIRGINIA INNOVATIVE TECHNOLOGY, LLC, INNOVATIVE PATENTED TECHNOLOGY, LLC AND ANY JOHN DOE SHELL ENTITIES, <br>    *Third-Party Defendants.* | Civil Action No. 07 C 5081 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Magistrate-Judge Maria Valdez |

## *IN CAMERA* SUBMISSION TO THE COURT OF PRIVILEGED REDACTIONS OF HARRIS EMAILS

Fish's withdrawn motion to compel unredacted versions of Harris's emails was premised on the misconception that the redacted portions of the seven Harris emails (373, 391, 393, 397, 398, 400 and 402) transmit "Fish & Richardson's privileged internal communications" or "Fish & Richardson's confidential information" to the Niro firm (Motion at 2). They do not. Instead, as Fish well knows, they transmit to Mr. Harris's counsel information relating to the dispute between Fish and Mr. Harris so Mr. Harris's counsel could then give legal advice on how best to address the issues. They include:

- A communication regarding the sale of Mr. Harris's patents to a third-party as Fish demanded as a way to resolve the dispute (373).

- A communication to Mr. Harris from Fish lawyers relating to the dispute over how Mr. Harris should handle his involvement in MCE's lawsuit against Dell (391)

- A communication about Mr. Harris setting up a separate company to sell his patent at Fish's request and to enter Mr. Harris's pending applications in Fish's conflict system (393).

- A communication from .Fish lawyers to Mr. Harris wanting to know if he has removed himself personally from the Dell pleadings (397).

- A communication from Fish lawyers regarding the dispute between him and Fish and how he can give testimony in future lawsuits against Fish clients (398).

- A communication to Mr. Harris from Fish lawyers dealing with the dispute over how Mr. Harris must sell his patents to keep his job (400).

- A communication to Mr. Harris from Fish lawyers setting up a time to discuss the resolution of the dispute between Mr. Harris and Fish and the sale of Mr. Harris's patents as a condition of keeping his job.

None As the Court will see, none of the communications that were produced for Fish (and sent to the Niro firm) contain Fish confidential information or any privileged, internal communications. They are all communications between Mr. Harris and Fish lawyers regarding the dispute between Mr. Harris and Fish that were then sent to Mr. Harris's outside counsel so he could get legal advice on how to resolve the dispute with Fish.

These are exactly the type of communications between Mr. Harris and his outside counsel (the Niro firm) that the Court found are not subject to production:

> … I don't have any trouble concluding---and I don't even think the defendants are arguing that the email between Mr. Harris and Mr. Niro or

2

> the Niro firm about the possibility that he was going to get in a lawsuit with his--that he was going to be sued by own firm, that those kinds of communications are not discoverable here. I don't think there's any dispute about that. I don't think Mr. Bradford's arguing about that.

(Transcript of Proceedings, 05/22/08 p. 68).

> THE COURT: … I don't believe that Mr. Bradford is asking me that I order you to produce communications between Mr. Harris and your firm, your law firm, about the dispute between Mr. Harris and Fish & Richardson.

(Id.)

> In other words, not his communications with Niro about the disagreement he began having back in, you know, March, whenever it was, continuing until his forced resignation in September. Those communications and thereafter would not be -- would not be reachable by Fish & Richardson."

(Id. at 77).

With that said, the concern here is about a subject matter waiver. Five of the redacted documents clearly redact transmittal information and internal routing information (373, 391, 397, 398, 400). If Fish will agree that production of these five covering communications to the Niro firm do not constitute a waiver of the privilege with respect to all such communications between Mr. Harris and the Niro firm, Mr. Harris will agree to produce the five withheld documents since they merely establish the dates the underlying communications were sent to the Niro firm. The two remaining documents submit additional privileged information between Mr. Harris and the Niro firm and such redactions should be permitted under the Court's prior ruling (393, 402). For the convenience of the Court, copies of the seven unredacted emails are submitted for *in camera* review.

Respectfully submitted,


/s/ Laura A. Kenneally
Raymond P. Niro
Paul K. Vickrey
Richard B. Megley, Jr.
Laura A. Kenneally
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4635
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Illinois Computer Research, LLC
and Scott C. Harris

## CERTIFICATION OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing ***IN CAMERA SUBMISSION TO THE COURT OF PRIVILEGED REDACTIONS OF HARRIS EMAILS*** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

        David J. Bradford - dbradford@jenner.com;;;
        Eric A. Sacks - esacks@jenner.com
        Daniel J. Weiss - dweiss@jenner.com
        Terrence J. Truax - ttruax@jenner.com
        Jenner & Block LLP
        330 N. Wabash Avenue
        Chicago, IL  60611
        (312) 222-9350
            **Counsel for Fish & Richardson, P.C.**

on June 26, 2008.

                /s/ Laura A. Kenneally