# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ILLINOIS COMPUTER RESEARCH, LLC**, )<br>    *Plaintiff and Counterclaim Defendant,* )<br>)<br>    *v.* )<br>)<br>**FISH & RICHARDSON P.C.**, )<br>    *Defendant, Counterclaimant, Third-*<br>    *Party Plaintiff, and Counterclaim*<br>    *Defendant,* )<br>)<br>    *v.* )<br>)<br>**SCOTT C. HARRIS** *et al.*, )<br>    *Third-Party Defendants.* ) | No. 07 C 5081<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez<br><br>**Redacted Public Version** |

### FISH & RICHARDSON'S MOTION TO COMPEL THE RETURN OF INADVERTENTLY PRODUCED PRIVILEGED DOCUMENTS AND WITHDRAWAL OF DISCOVERY BASED UPON THEM

Fish & Richardson P.C. ("Fish & Richardson"), by its attorneys Jenner & Block LLP, respectfully moves this Court under Federal Rule of Civil Procedure 37 for entry of an order compelling Mr. Harris, ICR and the third-party defendants to comply with the express terms of the Protective Order and return certain documents inadvertently transmitted to the Niro firm by an outside vendor. In support of its Motion, Fish & Richardson states as follows:

1. As discussed in Fish & Richardson's Reply In Support Of Its Motion To Compel Compliance With The Court's May 2, 2008 Order (Dkt. 205), and during the parties' June 23, 2008 hearing before the Court, Mr. Harris received Fish & Richardson's privileged and confidential internal communications through inadvertent transmission to Mr. Harris's counsel by an outside vendor retained to review Mr. Harris's e-mail.

2. The Stipulated Protective Order entered in this case states that if one party asserts that certain documents are privileged or otherwise protected and were produced inadvertently,

the receiving party must automatically return those documents. Paragraph 11 of the Stipulated Protective Order provides that if "privileged or otherwise protected" materials are produced inadvertently, the producing party "shall notify the receiving party who, in turn, **will** take all reasonable steps to promptly *return the privileged or protected material,* and any copies, and to *eliminate the information from any litigation support system.*" (Dkt. 65, ¶ 11, emphasis added.) For example, earlier in this litigation, when Mr. Harris argued that he had inadvertently produced certain documents (before later withdrawing his assertion of privilege over those documents), Fish & Richardson took immediate steps to destroy all copies of those documents it had received, and to eliminate all related information from its litigation support system.

3.      The documents now at issue, which were inadvertently transmitted to Mr. Harris's counsel by an outside vendor, contain Fish & Richardson's privileged and confidential work product. (A Privilege Log and the underlying e-mails noted therein are attached as Ex. A.) The e-mails discuss Fish & Richardson's litigation for other clients, and Fish & Richardson's work product. (*Id*.) Even if these communications were not privileged and work product as to Mr. Harris, they are privileged as to anyone not at Fish & Richardson. The Niro firm, which represents other parties adverse to Fish & Richardson, should not be permitted access to them. In all events, under the Protective Order, they must be destroyed or returned immediately, even if the privilege claim is disputed.

4.      Therefore, on Thursday, June 19, 2008, pursuant to the Stipulated Protective Order Fish & Richardson requested the immediate return of those documents. (Ex. B, 06/19/08 T. Truax Ltr.)

5.      The following Monday, June 23, the parties appeared before the Court on a number of pending discovery issues. The Court agreed that Fish & Richardson should work with

the vendor to fix any errors in the protocol used to collect materials from Mr. Harris's work laptop and work e-mail account. Once that is resolved, the vendor is to transmit to Mr. Harris's counsel the proper set of documents (*i.e*., only communications between Mr. Harris and the Niro firm, none of the e-mails at issue in this Motion).

6. Nevertheless, Mr. Harris, ICR and the third-party defendants still refuse to return the inadvertently transmitted documents. Indeed, the day after the parties' appearance before the Court, Mr. Harris, MCE and IPT served 44 requests to admit upon Fish & Richardson, many of which demand admissions relating to the content of certain of the inadvertently produced documents. (Ex. C.) For example, Request to Admit No. 37 asks Fish & Richardson to admit: "The Chicago Mafia is a criminal enterprise." (*Id*.) That request refers to a privileged, internal Fish & Richardson e-mail. It relates in no way to this case.

7. Therefore, on June 25, 2008, Fish & Richardson repeated its request that Mr. Harris, ICR, and the third-party defendants fulfill their obligations under the Protective Order, and immediately return the inadvertently produced documents, and destroy all related information from their litigation support systems. (Ex. D, 06/25/08 D. Bradford e-mail. Attachments to that e-mail are Ex. A.) Mr. Harris's counsel did not respond. Fish & Richardson states that the parties are at an impasse.

8. The inadvertently produced documents are Fish & Richardson's confidential, internal e-mails, and contain privileged information relating to Fish & Richardson's representation of its clients. The documents have no relation to this case. Under the plain terms of the protective order, Mr. Harris, ICR and the third-party defendants must return the documents now that Fish & Richardson has asserted "inadvertent" production. The parties are free to challenge Fish & Richardson's assertion of privilege, but they may only do so after complying

with the Protective Order and returning or destroying all of the inadvertently produced documents.

9. Mr. Harris's counsel should return the inadvertently produced documents immediately, eliminate any reference to the documents in its litigation support system, and all other copies attached as exhibits to any motions filed my Mr. Harris's counsel should be destroyed. The Court should also strike all requests to admit or other discovery requests related to the inadvertently produced documents.

WHEREFORE, Fish & Richardson respectfully requests that the Court enter an order compelling Mr. Harris, ICR and the third-party defendants to return documents inadvertently transmitted to Mr. Harris's counsel, and strike all requests to admit and other discovery requests related to those documents.

June 26, 2008                              Respectfully submitted,

                                           FISH & RICHARDSON P.C.

                                           By:    s/ David J. Bradford
                                                  One of its Attorneys

                                                  David J. Bradford
                                                  Terrence J. Truax
                                                  Eric A. Sacks
                                                  Daniel J. Weiss
                                                  JENNER & BLOCK LLP
                                                  330 N. Wabash Avenue
                                                  Chicago, IL 60611
                                                  Telephone: 312 222-9350
                                                  Facsimile: 312 527-0484

## **CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was filed with the Court by means of the Court's CM/ECF system, which will send notification of such filing to the following counsel at their e-mail address on file with the Court:

  Raymond P. Niro
  Paul K. Vickrey
  Richard B. Megley, Jr.
  Laura A. Kenneally
  David J. Sheikh
  Niro, Scavone, Haller & Niro
  181 W. Madison, Suite 4600
  Chicago, Illinois 60602

  L. Steven Platt
  Arnold and Kadjan
  19 West Jackson Blvd., Suite 300
  Chicago, IL 60604
  (312) 236-0415


June 26, 2008

                s/David J. Bradford

                JENNER & BLOCK LLP
                330 North Wabash Avenue
                Chicago, Illinois 60611
                Telephone No: 312 222-9350
                Facsimile No: 312 527-0484